No. _____

# In the United States Court of Appeals for the Eleventh Circuit

In Re: **HARVEY BIRDMAN and DIANE BIRDMAN,**
**Petitioners,**

**versus**

**THE COMMISSIONER OF INTERNAL REVENUE,**
**Respondent.**

On Petition for a Writ of Mandamus to the United States Tax Court
Case Nos. 28897-10, 5816-10, & 5817-10
Hon. Patrick J. Urda, Tax Court Judge, Presiding
_____

**PETITION FOR A WRIT OF MANDAMUS**
_____

Joseph A. DiRuzzo, III
Daniel M. Lader
MARGULIS GELFAND DIRUZZO & LAMBSON
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)

*Counsel for the Petitioners*

## DISCLOSURE STATEMENT

The undersigned counsel for Appellants, pursuant to Local Rule 26.1-1 certifies that, to the best of Appellants' knowledge, the following is a complete list of interested persons:

**Judges Below:**

Hon. James S. Halpern

Hon. Julian I. Jacobs

Hon. Michael B. Thornton

Hon. Patrick J. Urda

Hon. Juan F. Vasquez

**Parties:**

Herbert Hirsch

Bonita Hirsch

Commissioner of Internal Revenue

**Attorneys for the Government:**

Michael Von Krogh Foster, II

Rebecca Dance Harris

William W. Kiessling

Monica A. Kolovrat

Brian A. Pfeifer

Derek P. Richman

**Attorneys for the Petitioners:**

Jennifer Correa Riera

Joseph A. DiRuzzo, III

Mitchell S. Fuerst (deceased)

Andrew S. Ittleman

Daniel M. Lader

Christopher J. Rajotte

***

There are no publicly traded companies that own 10% or more or any interest of any party to the instant litigation.

STATEMENT REGARDING ORAL ARGUMENT

Because of the complexity and significance of the right to a jury trial under the Seventh Amendment and recent Supreme Court precedent, Petitioners respectfully request oral argument, which they believe would assist this Court in the resolution of the issues presented in this case.

## TABLE OF CONTENTS

DISCLOSURE STATEMENT.................................................................................i

STATEMENT REGARDING ORAL ARGUMENT.................................................ii

TABLE OF CONTENTS......................................................................................iii

TABLE OF AUTHORITIES..................................................................................v

INTRODUCTION................................................................................................1

STATEMENT OF SUBJECT MATTER & JURISDICTION ..................................4

STATEMENT OF REQUESTED RELIEF ...........................................................4

STATEMENT OF THE ISSUES ..........................................................................4

STATEMENT OF RELATED CASES & PROCEEDINGS ....................................4

STATEMENT OF THE CASE ..............................................................................4

    I.     FACTUAL BACKGROUND ........................................................4

    II.    PROCEDURAL HISTORY .........................................................6

SUMMARY OF THE ARGUMENT .....................................................................7

STANDARD OF REVIEW..................................................................................8

REASONS WHY THE WRIT SHOULD ISSUE....................................................9

    I.    SUPREME COURT PRECEDENT AUTHORIZES MANDAMUS FOR DENIAL OF JURY TRIAL DEMANDS ........................................................................9

    II.   THE TAX COURT CLEARLY ERRED BY DENYING THE PETITIONERS THEIR SEVENTH AMENDMENT RIGHT TO A JURY TRIAL ...............................12

       A.    The Right to a Jury Trial.........................................................12

          1. Constitutional Provision: the Seventh Amendment ................................12

          2. Trial by Jury is Fundamental .................................13

          3. Suits at Common Law .................................15

          4. *Jarkesy* II .................................16

       B.    The Tax Court Erred in Denying the Petitioners a Jury Trial .................17

          1. Threshold Considerations .................................17

2. Suits at Common Law ................................................................ 18

   i.  Penalties in General ........................................................ 18

   ii. Fraud Penalties in Particular ...................................... 19

3. Congress Cannot Assign Civil Fraud Penalties to the Tax Court for Adjudication Without a Jury Trial ........................................... 23

4. Tax Penalty Cases Were Actions at Law at the Founding ...................... 24

5. The Cases Relied Upon by The Tax Court Are Inapposite and Have Been Vitiated by *Jarkesy* ........................................................ 27

CONCLUSION ................................................................................ 29

CERTIFICATE OF COMPLIANCE RE: WORD COUNT ................................... 30

CERTIFICATE OF SERVICE ............................................................... 30

APPENDIX ................................................................................... 32

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Woods*, 6 U.S. 336 (1805) ............................................................25

*Alleyne v. United States*, 570 U.S. 99 (2013) ................................................2

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ...............................................2

*Barnesly v. Powel*, 27 Eng. Rep. 930 (Ch. 1749)..........................................20

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) ...........................9, 11

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004) ...........................10

*Coleman v. Commissioner*, 791 F.2d 68 (7th Cir. 1986) ...............................27

*Curtis v. Loether*, 415 U.S. 189 (1974) ........................................................15

*D.C. v. Heller*, 554 U.S. 570 (2008) .............................................................26

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)................................8, 10, 11

*Dimick v. Schiedt*, 293 U.S. 474 (1935) .......................................................11

*Dow v. Norris*, 4 N.H. 16 (N.H. Superior Ct. 1827)....................................25

*Eldredge v. Gourley*, 505 F.2d 769 (3d Cir. 1974).........................................9

*Erlinger v. United States*, 602 U.S. 821 (2024)..............................................2

*FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071 (11th Cir. 2016)...........8

*Funk v. Commissioner*, 687 F.2d 264 (8th Cir.1982).....................................27

*Gabelli v. S.E.C.*, 568 U.S. 442 (2013) ........................................................18

*Gartside v. Isherwood*, 28 Eng. Rep. 1297 (Ch. 1783) ................................19

*Giles v. California*, 554 U.S. 353 (2008).......................................................13

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) ................. 19, 20, 23, 24

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) .......12

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343 (11th Cir. 2019).......8

*Helvering v. Mitchell*, 303 U.S. 391 (1938) ..................................................22

*Hemphill v. New York*, 595 U.S. 140 (2022) ........................................................... 12, 13

*Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975) ............................................. 9

*Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518 (11th Cir. 1991) ..................... 19

*Huff v. Comm'r of IRS*, 743 F.3d 790 (11th Cir. 2014) ...................................... 5

*In re Clay*, 35 F.3d 190, 191 (5th Cir. 1994) ......................................................... 8

*In re Graham*, 973 F.2d 1089 (3d Cir. 1992) ........................................................ 22

*In re Jensen*, 946 F.2d 369 (5th Cir. 1991) ........................................................ 8, 9

*In re Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007) ............................ 9

*In re Pan-Am. Life Ins. Co.*, 188 F.2d 833 (5th Cir. 1951) ............................... 9

*In re Simons*, 247 U.S. 231 (1918) ....................................................... 10, 11, 12

*In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982) ......................................................... 9

*In re Zweibon*, 565 F.2d 742 (D.C. Cir. 1977) ................................................... 9

*Jacob v. United States*, 13 F. Cas. 267 (C.C.E.D. Va. 1821) ............................. 25

*Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446 (5th Cir. 2022), *aff'd and remanded*, 603 U.S. 109 (2024) .................................................................... passim

*Martin v. Commissioner*, 756 F.2d 38 (6th Cir. 1985) ..................................... 27

*Mathes v. Commissioner*, 576 F.2d 70 (5th Cir. 1978) ..................................... 27

*Matthews v. Offley*, 16 F. Cas. 1128 (C.C.D. Mass. 1837) ............................. 25

*Mitchell v. Harmony*, 54 U.S.115 (1851) ............................................................ 13

*Mohamed v. Comm'r*, T.C. Memo. 2013-255, 2013 WL 5988943 (2013) .............. 21

*Mondor v. United States Dist. Court for the Cent. Dist. of Cal.*, 910 F.2d 585 (9th Cir. 1990) ................................................................................... 9

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) ........... 12

*Olshausen v. Commissioner*, 273 F.2d 23 (9th Cir. 1959) ............................... 27

*Parsons v. Bedford*, 28 U.S. 433 (1830) ......................................................... 14, 18

*Reid v. Covert*, 354 U.S. 1 (1957) .................................................................... 14

*Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024)............................... passim

*Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020) ................. 26

*Stephens v. Commissioner*, 565 F. App'x 795 (11th Cir. 2014) ....................... 28

*Stern v. Marshall*, 564 U.S. 462 (2011)............................................................. 23

*Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522 (11th Cir. 1996).......................... 15

*Stoltzfus v. United States*, 398 F.2d 1002 (3d Cir. 1968) ................................. 21

*Swanson v. Commissioner*, 65 T.C. 1180 (1976)............................................... 27

*The Sarah*, 21 U.S. 391 (1823) .......................................................................... 25

*Tull v. United States*, 481 U.S. 412 (1987) ................................. 15, 16, 18, 24

*United States v. Haymond*, 588 U.S. 634 (2019) ............................................... 2

*United States v. Mann*, 26 F. Cas. 1153 (C.C.D.N.H. 1812)....................... 25

*United States v. Rahimi*, 602 U.S. 680 (2024)................................................. 26

*Waldrop v. S. Co. Servs.*, 24 F.3d 152 (11th Cir. 1994)................................. 18

*Worthy v. City of Phenix City , Alabama*, 930 F.3d 1206 (11th Cir. 2019)................... 22

**Statutes**

26 U.S.C. § 6212 ................................................................................................. 5

26 U.S.C. § 6212(a) ........................................................................................... 17

26 U.S.C. § 6214 ............................................................................................... 17

26 U.S.C. § 6214(a) ............................................................................................. 4

26 U.S.C. § 6651(f)........................................................................................ 4, 21

26 U.S.C. § 6663 ................................................................................................. 4

26 U.S.C. § 6663(a), (b), & (c)........................................................................ 20

26 U.S.C. § 7441 ............................................................................................... 23

26 U.S.C. § 7442 ................................................................................................. 4

26 U.S.C. § 7454(a) ................................................................22, 28

26 U.S.C. § 932 ...................................................................... 4

26 U.S.C. § 934(b) .................................................................. 5

26 U.S.C. §§ 7441-7475 ........................................................ 17

28 U.S.C. § 157(e) .................................................................. 23

28 U.S.C. § 1651 .................................................................... 4

28 U.S.C. § 636(c) .................................................................. 23

29 V.I.C. § 701 ...................................................................... 5

Whiskey Tax of March 3, 1791, 1 Stat. 199 (1791)................. 25

## Other Authorities

9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV.  (4th ed. 2024) ............................. 10

Alison Reppy, *The Action of Debt – at Common Law, Under Modern Codes, Practice Acts and Rules of Civil Procedure,* 4 N.Y.L. SCH. L. REV. 1 (1958)................................... 25

Nathan A. Forrester, *Mandamus as a Remedy for the Denial of Jury Trial*, 58 U. CHI. L. REV. 769 (1991) ................................................................... 10

Patrick Devlin, *Jury Trial of Complex Cases: English Practice at the Time of the Seventh Amendment*, 80 COLUM. L. REV. 43 (1980) ............................................. 20

The Declaration of Independence ¶ 20 (1776) ........................ 14

Wm. Blackstone, COMMENTARIES ON THE LAW OF ENGLAND, v. III (1768)............. 19

## Rules

Fed. R. Civ. P. 73(a)................................................................ 23

Tax Ct. R. 142(b) ...................................................................22, 28

## Constitutional Provisions

U.S. Const. amend. VII............................................................ 13

## INTRODUCTION

In June 2024, the Supreme Court held in no uncertain terms: "[a] defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 140 (2024). In reaching this decision, it was of no moment that the SEC exclusively used in-house hearings to seek civil penalties imposed by the Executive Branch—and that this method of adjudicating such disputes was business as usual in securities litigation. The bottom line remained: when the civil penalty sounds in "fraud," the Seventh Amendment requires a jury to determine whether the Government has proven the fraud allegations. *Id.*

Concurring with the six-justice majority, Justice Gorsuch further emphasized "that other constitutional provisions reinforce the correctness of the Court's course," and that taken with Article III and the Due Process Clause of the Fifth Amendment, the Constitution "limit[s] how the government may go about depriving an individual of life, liberty, *or property*." *Id.* at 141 (Gorsuch, *J.*, concurring, emphasis added). The premise is as simple as it is structurally critical: when the Government seeks to *penalize* somebody by taking their property *for fraud*, a jury must make that decision.

Indeed, this follows a strong line of recent Supreme Court precedent recognizing the right to a jury trial when the Government seeks to take punitive action

against a person in criminal cases—when, before these recent holdings, courts routinely imposed punishment without a jury. *See, e.g., United States v. Haymond*, 588 U.S. 634, 637 (2019) (rejecting increased punishment mandated by Congress based solely on a judge's finding of the commission of an offense by a person on supervised release because "[o]nly a jury, acting on proof beyond a reasonable doubt, may take a person's liberty. That promise stands as one of the Constitution's most vital protections against arbitrary government"); *Apprendi v. New Jersey*, 530 U.S. 466, 500 (2000) (Thomas, J., concurring) ("in order for a jury trial of a crime to be proper, all elements of the crime must be proved *to the jury* (and, under *Winship*, proved beyond a reasonable doubt)") (emphasis added); *Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[a]ny fact that, by law increases the penalty for a crime is an 'element' that must be submitted *to the jury* and found beyond a reasonable doubt") (emphasis added); *Erlinger v. United States*, 602 U.S. 821, 831 (2024) ("the 'ancient rule' that the government must prove *to a jury* every one of its charges") (emphasis added).

To be clear, Petitioners do not contend a jury trial is necessary in all Tax Court proceedings; rather, consistent with *Jarkesy*, the bright line Petitioners seek in this case is the right to a jury's determination as to whether the Government has proven "fraud" when the Government seeks to impose monetary penalties under the Internal Revenue Code for "fraud." This matters profoundly, because the penalties at issue in

this case seek to deprive Petitioners of a substantial amount of money for their alleged fraud. Consistent with what transpired at the common law at the Founding, when the nature of the action is whether a person committed fraud, the right to a trial by jury is implicated.

In this case, the sole question before this Court is whether a person against whom the Government seeks a civil monetary penalty for "fraud" is entitled to a jury trial on that issue. That this case originated in the Tax Court and that it involves statutory penalties under the Internal Revenue Code is irrelevant. As the Supreme Court emphasized less than one year ago, "what matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled." *Jarkesy*, 603 U.S. at 135. To that end, just as in *Jarkesy*, "[t]his is a common law suit in all but name" and Petitioners have the right to the determination of fraud penalties decided by a jury. *Id*. at 136. Just as in the SEC context, the question before this Court is *not* whether the IRS "is free to pursue all of its charges against [Petitioners;]" the IRS can—but as the SEC is constitutionally required to do when it alleges fraud, the IRS must do so "[i]n a court, before a judge, and with a jury." *Id*. at 167. The IRS should embrace that burden if it is confident in its legal position—but, in any event, it is what the Constitution requires.

## STATEMENT OF SUBJECT MATTER & JURISDICTION

The Tax Court had jurisdiction under 26 U.S.C. §§ 6214(a) and 7442. This Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651.

## STATEMENT OF REQUESTED RELIEF

The Petitioners request that this Court issue a writ of mandamus requiring the Tax Court to provide the Petitioners with a jury trial on the Government's fraud claims.

## STATEMENT OF THE ISSUES

Whether the Seventh Amendment entitles the Petitioners to a jury trial in the Tax Court based on the Government's (i.e., the Internal Revenue Service's) claim that the Petitioners both fraudulently failed to file with the IRS and defrauded the IRS. *See* 26 U.S.C. § 6651(f) (fraudulent failure to file); 26 U.S.C. § 6663 (fraud).

## STATEMENT OF RELATED CASES & PROCEEDINGS

Concurrently with the filing of the instant petition, a nearly identical petition is being filed by the undersigned for Herbert and Bonita Hirsch.

## STATEMENT OF THE CASE

### I.    FACTUAL BACKGROUND

In 2003, Harvey Birdman moved to the United States Virgin Islands ("USVI") and filed his (and his wife, Diane Birdman's) income tax returns with the USVI Bureau of Internal Revenue ("BIR"), as required under 26 U.S.C. § 932.  *See generally*

4

*Huff v. Comm'r of IRS*, 743 F.3d 790, 793 (11th Cir. 2014) (bona fide Virgin Islands residents satisfy their federal and USVI tax obligations by filing a return with the USVI BIR and paying taxes on their worldwide income to the USVI). Petitioners availed themselves of tax credits authorized under federal and local level law. *See* 26 U.S.C. § 934(b) (authorizing reductions in tax liability on USVI sourced income); 29 V.I.C. § 701 (granting benefits to USVI taxpayers).

In 2006, Harvey Birdman relocated from the USVI to Florida and, as a result, the Petitioners filed their income tax return for the 2006 tax year with the IRS.

The IRS subsequently audited the Petitioners' 2003-2006 tax years and (1) made an administrative determination that they were not bona fide USVI residents for the 2003-2005 tax years and hence had fraudulently failed to file their income tax returns with the IRS; and (2) made an administrative determination that their 2006 income tax return filed with the IRS was fraudulent. Consequently, the IRS subsequently issued the Petitioners separate statutory notices of deficiency, *see* 26 U.S.C. § 6212, for the 2003-2006 tax years. Apndx-99-211. The deficiency notices asserted fraudulent failure to file penalties for the 2003-2005 tax years under 26 U.S.C. § 6651(f), *see* Apndx-171, and a fraud penalty for the 2006 tax year under 26 U.S.C. § 6663, *see* Apndx-100.

5

The Petitioners contested the statutory notices of deficiency by timely filing their petitions for redetermination with the Tax Court, which were docketed at case nos. 28897-10, 5816-10, and 5817-10.

## II.  PROCEDURAL HISTORY

On May 18, 2022, the Fifth Circuit issued its decision in *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446 (5th Cir. 2022) ("*Jarkesy I*"), *aff'd and remanded*, 603 U.S. 109 (2024) holding that the Seventh Amendment required the Government's fraud allegations to be tried before a jury.

The Petitioners then filed their notice of demand for a jury trial, predicated in large part on the Fifth Circuit's *Jarkesy* decision.  Apndx-19 (at docket no. 110); Apndx-52 (at docket no. 101); Apndx-84 (at docket no. 101).  After briefing on the matter, the Tax Court issued its order denying the Petitioners' jury demand.  Apndx-212.  The trial court reasoned that "Tax Court proceedings occupy wholly different ground than the enforcement action in *Jarkesy*, and that decision provides no support to revisit our consistent refrain (joined by the Courts of Appeals) that there is no right to a jury trial in the Tax Court."  Apdnx-213.

On June 27, 2024, the Supreme Court issued its decision *in Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024) ("*Jarksey II*") holding that monetary penalties that

6

sounded in fraud were legal in nature, thus requiring a jury trial under the Seventh Amendment.

In response to the Supreme Court's *Jarkesy* decision, the Petitioners moved for reconsideration. Apndx-28 (at docket no. 168); Apndx-60 (at docket no. 164); Apndx-92 (at docket no. 164). After additional briefing by the parties, the Tax Court denied the reconsideration motion without elaboration. Apndx-214.

## SUMMARY OF THE ARGUMENT

It is now black letter law that Governmental actions to recover civil penalties under statutory provisions that sound in fraud require a jury trial under the Seventh Amendment. *See Jarkesy II*, 603 U.S. at 140 ("A defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator. Rather than recognize this right, the dissent would permit Congress to concentrate the roles of prosecutor, judge, and jury in the hands of the Executive Branch. That is the very opposite of the separation of powers that the Constitution demands.").

Indeed, this premise is hardly controversial because, at the Founding, courts of law adjudicated common law fraud claims. Additionally, before, during, and shortly after the Founding, civil penalties were brought via an action in debt, which was (and still is) a common law action brought before courts of law. The remedy the Government seeks below, *i.e.*, the imposition of civil fraud penalties, is dispositive

7

because civil penalties are a form of monetary relief, which were distinctly legal claims at the Founding requiring a jury trial.

At bottom, the statutory fraud claims the Government brought in the cases below are legal in nature and the Tax Court erred in not providing the Petitioners with a jury trial upon their proper demand.

## STANDARD OF REVIEW

On direct appeal, this Court considers the right to a jury trial *de novo*. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352 (11th Cir. 2019). Likewise, this Court reviews the striking of a jury demand *de novo*. *See FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1080 (11th Cir. 2016) (reviewing *de novo* the grant of a motion to strike a jury demand).

Additionally, in mandamus proceedings such as this, courts of appeals apply a *de novo* review when assessing whether "a writ of mandamus is an appropriate remedy to protect the valued right of trial by jury and to avoid costly, multiple trials." *In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 480 (1962)). *See also In re Clay*, 35 F.3d 190, 191, 198 (5th Cir. 1994) (applying *de novo* review and granting mandamus respecting novel jury trial question).

## REASONS WHY THE WRIT SHOULD ISSUE

### I.    SUPREME COURT PRECEDENT AUTHORIZES MANDAMUS FOR DENIAL OF JURY TRIAL DEMANDS

The Supreme Court has been clear: "the right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959). *See also Eldredge v. Gourley*, 505 F.2d 769, 770 (3d Cir. 1974) (per curiam) ("a writ of mandamus is an appropriate means of protecting the right to jury trial."); *Mondor v. United States Dist. Court for the Cent. Dist. of Cal.*, 910 F.2d 585, 586 (9th Cir. 1990) ("the wrongful denial of a jury trial is an appropriate basis for [mandamus] relief."); *In re Vorpahl*, 695 F.2d 318, 319 (8th Cir. 1982) ("[t]he remedy of mandamus in determining the right to a jury trial is firmly settled."); *In re Zweibon*, 565 F.2d 742, 746 (D.C. Cir. 1977) (per curiam) ("denial of a jury trial may be reviewed on a petition for a writ in the nature of mandamus."); *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975) (per curiam) ("[o]ur power to preserve the important right to trial by jury by mandamus is clear.") (citation omitted); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007) (granting mandamus); *In re Jensen*, 946 F.2d at 371; *In re Pan-Am. Life Ins. Co.*, 188 F.2d 833, 834 (5th Cir. 1951)

("in a case where a jury is denied to persons who are entitled to it as a matter of right, mandamus lies to compel the judge to grant it").[1]

Indeed, for more than a century, the Supreme Court has recognized that an order denying a jury trial represents a structural error "that should be dealt with now, before the [party] is put to the difficulties and the courts to the inconvenience" of a trial that will inevitably need to be repeated. *In re Simons*, 247 U.S. 231, 239-40 (1918) (Holmes, *J.*). To that end, "Supreme Court and other decisions make it clear that mandamus may be used *routinely* to require a jury trial if it has been denied improperly." 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. §2322 (4th ed. 2024) (emphasis added). *See also* Nathan A. Forrester, *Mandamus as a Remedy for the Denial of Jury Trial*, 58 U. CHI. L. REV. 769 (1991) ("most federal courts of appeals now routinely use mandamus to compel the lower court to conduct a jury trial.").

In *Dairy Queen*, for example, the Supreme Court reversed the Third Circuit's denial of mandamus relief with respect to a district court's order striking a jury-trial demand. 369 U.S. at 470. In determining that the "district judge erred in refusing to grant petitioner's demand for a trial by jury" and that "[t]he Court of Appeals should

---

[1] This displaces the typical rule that courts only issue writs of mandamus when petitioners show that they (1) have a "clear and indisputable" right, (2) that satisfies the court "that the writ is appropriate under the circumstances," and (3) they have "no other adequate means to attain [ ] relief." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

have corrected the error of the district judge by granting the petition for mandamus," *id.* at 479-80, the Supreme Court "emphasize[d] the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury," *id.* at 472.

*Dairy Queen* was issued just a few years after *Beacon Theaters*, where the Supreme Court reversed the Ninth Circuit's refusal to grant mandamus relief to a petitioner who was improperly denied the right to a jury trial. 359 U.S. at 511. The Supreme Court rejected the argument that "mandamus is not available under the All Writs Act" to correct this error, *id.* at 511 & n. 20, in large part due to the Seventh Amendment's "importance" and "place in our history and jurisprudence." *Id.* at 501. Instead, the Supreme Court emphasized that "'any seeming curtailment of the right to such a jury trial should be scrutinized with the utmost care.'" *Id.* (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). The Supreme Court thus described "the right to grant mandamus to require a jury trial where it has been improperly denied" as "settled." *Id.* at 511 & n. 20.

*Dairy Queen* cited *Simons* for this "settled" proposition. In *Simons*, the Supreme Court itself issued a writ of mandamus to a district court to rectify an erroneous denial of a right to a jury trial. 247 U.S. at 231. The Supreme Court explained that the wrongful denial of a right to a jury trial "*should be dealt with now,*" before a trial occurs,

11

and "mandamus may be adopted to require the District Court to" satisfy that right. *Id.* at 239-40 (emphasis added). Thus, the Supreme Court has continued to "make clear that a stay order that deprives a party of the right to trial by jury is reversible by mandamus[.]" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 288 n. 13 (1988) (cleaned up).

Accordingly, under this well-established body of precedent, mandamus is the "appropriate" vehicle for vindicating the jury-trial right abridged by the Tax Court here.[2]

## II.    THE TAX COURT CLEARLY ERRED BY DENYING THE PETITIONERS THEIR SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

### A.    The Right to a Jury Trial

#### 1.    Constitutional Provision: the Seventh Amendment

Modern Supreme Court constitutional inquiry begins with a textual analysis focused on the normal and ordinary meaning of the Constitution's language. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 20 (2022) (textual analysis under the Second Amendment). In this context, courts must assess the initial textual analysis as "confirmed by the historical background of the" constitutional provision. *Id.* (citation omitted). *See also Hemphill v. New York*, 595 U.S. 140, 150–51 (2022) (noting

---

[2] Thus, contrary to 11th Cir. R. 21-1(a) the "no other adequate remedy available" showing is not requires because Supreme Court precent provides that mandamus is the appropriate procedural vehicle.

that, "[b]ecause t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts, the requirement was most naturally read to admit only those exceptions established at the time of the founding.") (cleaned up). And the Supreme Court has refused "to approve an exception to [a constitutional provision] unheard of at the time of the founding or for 200 years thereafter[.]" *Id.* at 151 (quoting *Giles v. California*, 554 U.S. 353, 377 (2008)).

The Seventh Amendment provides in full: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

### 2.    Trial by Jury is Fundamental

Trial by jury is "the most transcendent privilege which any subject can enjoy or wish for, that he cannot be affected, either in his property, his liberty, or his person, but by the unanimous consent of twelve of his neighbors and equals." *Mitchell v. Harmony*, 54 U.S.115, 142–43 (1851). Indeed, "commentators recognized the right as the glory of the English law, and it was prized by the American colonists. When the English began evading American juries by siphoning adjudications to juryless

13

admiralty, vice admiralty, and chancery courts, Americans condemned Parliament for subverting the rights and liberties of the colonists." *Jarkesy II*, 603 U.S. at 121. And "King George III's attempts to strip colonists of their right to trial by jury was one of the chief grievances aired against him and was a catalyst for declaring independence." *Jarkesy I*, 34 F.4th at 451 n. 2 (citing The Declaration of Independence ¶ 20 (1776)).

Thus, "[c]ivil juries in particular have long served as a critical check on government power. So precious were civil juries at the time of the Founding that the Constitution likely would not have been ratified absent assurance that the institution would be protected expressly by amendment." *Jarkesy I*, 34 F.4th at 451. *See also Parsons v. Bedford*, 28 U.S. 433, 446 (1830) ("[o]ne of the strongest objections originally taken against the constitution of the United States, was the want of an express provision securing the right of trial by jury in civil cases.").

"Trial by jury therefore is a 'fundamental' component of our legal system 'and remains one of our most vital barriers to governmental arbitrariness.'" *Jarkesy I*, 34 F.4th at 451 (quoting *Reid v. Covert*, 354 U.S. 1, 9–10 (1957)). Because of the importance of the civil jury in this Country's history, "any seeming curtailment of the right has always been and should be scrutinized with the utmost care," *Jarkesy II*, 603 U.S. at 121 (cleaned up), and "watched with great jealousy[,]" *id.* at 122 (citing *Parson, supra*).

14

### 3.    Suits at Common Law

The Seventh Amendment preserves the right to a jury trial "in suits at common law" and, in particular, where a "statute creates legal rights and remedies, enforceable in an action for damages." *Curtis v. Loether*, 415 U.S. 189, 195 (1974).  "The Supreme Court has interpreted '[s]uits at common law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption."  *Jarkesy I*, 34 F.4th at 452 (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)).

Thus, the Seventh Amendment "embraces all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." *Jarkesy II*, 603 U.S. at 122 (cleaned up).  *See also Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1525 (11th Cir. 1996) (cleaned up) ("Although at the time of its adoption the Seventh Amendment only preserved the right of jury trial for common law actions existing in 1791, courts have interpreted the amendment to extend to all suits where legal rights are involved whether at common law or arising under federal legislation.").

Accordingly, "whether that claim is statutory is immaterial to this analysis." *Jarkesy II*, 603 U.S. at 122 (citing *Tull*, 481 U.S. at 414-15).  What is material is "to consider the cause of action and the remedy it provides."  *Jarkesy II*, 603 U.S. at 122–23.

15

### 4.  *Jarkesy* II

In *Jarkesy*, the SEC brought an enforcement action "seeking civil penalties for alleged securities fraud." *Jarkesy II*, 603 U.S. at 115.  The Supreme Court addressed "a straightforward question: whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." *Id*. at 120.

"The threshold issue [was] whether [that] action implicate[d] the Seventh Amendment." *Id*.  The Supreme Court concluded it did because "[t]he SEC's antifraud provisions replicate common law fraud, and it is well established that common law claims must be heard by a jury." *Id*.  Reiterating the holding in *Tull*, the Supreme Court made it clear that "actions by the Government to recover civil penalties under statutory provisions, historically had been viewed as a type of action in debt requiring trial by jury." *Id*. at 122 (cleaned up).

The Supreme Court found that "the remedy is all but dispositive" because the SEC sought "civil penalties, a form of monetary relief. While monetary relief can be legal or equitable, money damages are the prototypical common law remedy." *Id*. at 123 (citation omitted).  That is true because "only courts of law issued monetary penalties to punish culpable individuals.'" *Id*. (quoting *Tull*, 481 U.S. at 422).

16

The High Court additionally observed that "[t]he close relationship between the causes of action in this case and common law fraud confirms" the conclusion that the statutory claim was legal in nature.  *Id.* at 125.  To that end, when "Congress deliberately used 'fraud' and other common law terms of art in the Securities Act, Congress incorporated prohibitions from common law fraud into federal securities law." *Id.* (cleaned up).  And "when Congress transplants a common-law term, the old soil comes with it." *Id.* (cleaned up).

**B.     The Tax Court Erred in Denying the Petitioners a Jury Trial**

**1.     Threshold Considerations**

Tellingly, none of the operative Internal Revenue Code sections speak to the abrogation of the Seventh Amendment's jury trial right.  *See* 26 U.S.C. § 6212(a) (filing of Tax Court petition); § 6214 (determinations by the Tax Court); §§ 7441-7475 (Subchapter C – the Tax Court).  Thus, this Court should read the statutes with a view to honor, rather than abrogate, the Petitioners' Seventh Amendment rights.

### 2.    Suits at Common Law

#### i.    Penalties[3] in General

The rights that the Government (via the IRS) sought to vindicate below, arose "at common law" under the Seventh Amendment.  It is well-settled law that the Seventh Amendment right to a jury trial has long been understood to extend only to "suits in *which legal rights were to be ascertained and determined*, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons*, 28 U.S. at 447 (emphasis added).  And the general rule is that monetary relief is legal.  *See Jarkesy II*, 603 U.S. at 123.  In all events, should there be any doubt, "whether a remedy is legal in character is liberally interpreted[.]"  *Waldrop v. S. Co. Servs.*, 24 F.3d 152, 157 (11th Cir. 1994) (citation omitted).

"And even more pointedly, the Supreme Court has held that actions seeking civil penalties are akin to special types of actions in debt from early in our nation's history which were distinctly legal claims."  *Jarkesy I,* 34 F.4th at 454 (citing *Tull*, 481 U.S. at 418–19).  Thus, "[a] civil penalty was a type of remedy at common law that could only be enforced in courts of law."  *Tull*, 481 U.S. at 422; *see also Hill v. Winn-*

---

[3] There can be no dispute "this case involves penalties, which go beyond compensation, are intended to punish, and label [the taxpayers] wrongdoers."  *Gabelli v. S.E.C.*, 568 U.S. 442, 451–52 (2013).

*Dixie Stores, Inc.*, 934 F.2d 1518, 1524 (11th Cir. 1991) (an action in debt to recover civil penalties entitled litigant to jury trial).

Because civil penalties are legal in nature, such satisfies the second, and more important, part of the test as to whether one is entitled to a jury trial. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 (1989). *See also Jarkesy II*, 603 U.S. at 123 (the remedy is the more important consideration). In other words, "the remedy is all but dispositive[,]" because "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Jarkesy II*, 603 U.S. at 123 (cleaned up).

### ii.    Fraud Penalties in Particular

"Fraud prosecutions were regularly brought in English courts at common law." *Jarkesy I,* 34 F.4th at 453 (citation omitted). Indeed, fraud cases for damages and penalties were commonplace in the Court of King's Bench and the courts of common pleas, going back to the Seventeenth century; as Blackstone reported, "[s]uits alleging falsity or fraud", "which savour of a criminal nature, although the action is brought for a civil remedy," to "make the defendant liable in strictness to pay a fine to the king," are prosecuted by common law courts. Wm. Blackstone, COMMENTARIES ON THE LAW OF ENGLAND, v. III, at 42 (1768); *see also Gartside v. Isherwood*, 28 Eng. Rep. 1297, 1300 (Ch. 1783) (jury required for fraud case in connection with financial

transactions); *Barnesly v. Powel*, 27 Eng. Rep. 930 (Ch. 1749) (forgery and fraud are jury questions); Patrick Devlin, *Jury Trial of Complex Cases: English Practice at the Time of the Seventh Amendment*, 80 COLUM. L. REV. 43, 107 (1980).

The Supreme Court confirmed this when it stated that its

> decisions establish beyond peradventure that *in cases of fraud* or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received.

*Granfinanciera*, 492 U.S. at 47–48 (cleaned up, emphasis added).

To that end, "fraud actions are not new actions unknown to the common law. Jury trials in [taxation] fraud suits would not 'dismantle the statutory scheme' addressing [tax] fraud or 'impede swift resolution' of the [IRS's] fraud prosecutions." *Jarkesy I*, 34 F.4th at 455. "Common-law courts have *heard fraud actions for centuries, even actions brought by the government* for fines." *Id.* (emphasis added). "Naturally, then, the [taxation] statutes at play in this case created causes of action that reflect common-law fraud actions." *Id.*

The Internal Revenue Code sections under which the IRS brought the instant fraud actions use "fraud" to describe the prohibited conduct. *See* 26 U.S.C. § 6663(a) ("is due to fraud", "attributable to fraud"), (b) ("attributable to fraud"), & (c) ("due to

the fraud"); 26 U.S.C. § 6651(f) ("return is fraudulent").  Tax fraud concerns whether

a taxpayer did something wrong *and knew it*:

> Section 6663(a) imposes a fraud penalty for a knowing misrepresentation of the truth in order to evade tax. The penalty is imposed only if a taxpayer files a return and only if, on that return, the taxpayer fraudulently (knowingly and with the intent to evade tax) shows less than (misrepresents) the amount of the tax due.

*Mohamed v. Comm'r*, T.C. Memo. 2013-255, 2013 WL 5988943, at *8 (2013).

> And for fraudulent failure to file liability under Section 6651(f),

> [t]he offense involves a knowing *concealment* of a material fact in order to evade tax. The penalty is imposed only if the taxpayer fails to file his return when due (thus *concealing* a material fact (that he has income subject to tax)) and only if he does so *knowing* that he is concealing that material fact. The taxpayer must *deliberately* fail to file his return on the date due, knowing that, by doing so, he is concealing the fact that he has income subject to tax.

*Id.* (emphasis in original, citation omitted).  Indeed, like common law fraud, tax fraud

requires "some *convincing affirmative indication of the required specific intent*." *Stoltzfus v.*

*United States*, 398 F.2d 1002, 1005 (3d Cir. 1968) (cleaned up, emphasis added).

So, when Congress transplanted this common law term, "the old soil [came]

with it." *Jarkesy II*, 603 U.S. at 125 (citation omitted).  Consequently, "Congress's

decision to draw upon common law fraud created an enduring link between [tax]

fraud and its common law 'ancestor.'"  *Id.* (citation omitted).

21

Moreover, "common law actions for fraud ... have historically employed the heavier clear and convincing burden of proof." *In re Graham*, 973 F.2d 1089, 1099 (3d Cir. 1992) (cleaned up). Congress recognized as much when it codified the standard at 26 U.S.C. § 7454(a). *See also* Tax Ct. R. 142(b) (clear and convincing evidence standard).

And there can be no dispute, the fraud penalties at issue here are designed to both deter and punish. *See Helvering v. Mitchell*, 303 U.S. 391, 399 (1938) ("To ensure full and honest disclosure, to discourage fraudulent attempts to evade the tax, Congress imposes sanctions."). This was understood at the Founding because "the payment of fixed or variable sums of money is a sanction which has been recognized as enforceable by civil proceedings since the original revenue law of 1789." *Worthy v. City of Phenix City , Alabama*, 930 F.3d 1206, 1218 (11th Cir. 2019) (cleaned up*)*.

The Supreme Court's *Jarkesy II* decision controls the outcome in this case because "only courts of law issued monetary penalties to punish culpable individuals[.]" 603 U.S. at 123 (cleaned up). And just as the fraud penalties at issue in *Jarkesy* were legal claims calling for a jury trial under the Seventh Amendment, "[t]he same is true here." *See id.*

### 3. Congress Cannot Assign Civil Fraud Penalties to the Tax Court for Adjudication Without a Jury Trial

"Congress' assignment [of fraud litigation in the Tax Court cannot] be justified on the ground that jury trials of fraudulent [] actions would go far to dismantle the statutory scheme, or that [taxation] proceedings have been placed in an administrative forum with which the jury would be incompatible." *Granfinanciera*, 492 U.S. at 61 (cleaned up). Just as Article I bankruptcy courts can provide jury trials (in non-core cases, *see* 28 U.S.C. § 157(e)), as can Article I federal magistrate judges (*see* Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636(c)), so too can the Article I Tax Court. *See* 26 U.S.C. § 7441 (establishing the Tax Court under Article I).

Let there be no confusion, "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency *or a specialized court* of equity[.]" *Jarkesy I*, 34 F.4th at 457 (citing *Granfinanciera*, 492 U.S. at 61) (emphasis added). To be sure,

> we deal here not with an agency *but with a court*.... This is not a situation in which Congress devised an expert and inexpensive method for dealing with a class of questions of fact which are particularly suited to examination and determination by an administrative agency specially assigned to that task.

*Stern v. Marshall*, 564 U.S. 462, 493–94 (2011) (cleaned up, emphasis added). These observations require finding that the Seventh Amendment right applies in this case.

23

Moreover, "legal claims are not magically converted into equitable issues by their presentation to a court of equity, *nor can Congress conjure away the Seventh Amendment by mandating that traditional legal claims be brought there* or taken to an administrative tribunal." *Granfinanciera*, 492 U.S. at 52 (cleaned up, emphasis added). Indeed, the Supreme Court in *Jarkesy II* rejected the SEC's argument that the Seventh Amendment was vitiated simply "because Congress created new statutory obligations, imposed civil penalties for their violation, and then committed to an administrative agency the function of deciding whether a violation had in fact occurred." 603 U.S at 135 (cleaned up).

*Importantly*, "what matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled." *Id*. Thus, the fact that Congress assigned fraud litigation to take place in the Tax Court where the taxpayer is the petitioner/plaintiff is of no moment. All that matters is that the case below addresses fraud allegations.

That should resolve the matter.

### 4.    Tax Penalty Cases Were Actions at Law at the Founding

At the Founding, "English courts had held that a civil penalty suit was a particular species of an action in debt that was within the jurisdiction of the courts of law." *Tull*, 481 U.S. at 418 (collecting cases). "The action of debt is one of the oldest and perhaps broadest of all personal common law actions." Alison Reppy, *The Action*

*of Debt – at Common Law, Under Modern Codes, Practice Acts and Rules of Civil Procedure*, 4 N.Y.L. SCH. L. REV. 1, 1 (1958) (cleaned up). Thus, "where a penalty is given by a statute, and no remedy for its recovery is expressly given, debt lies." *Jacob v. United States*, 13 F. Cas. 267, 268 (C.C.E.D. Va. 1821) (Marshall, *J.*). *See also Adams v. Woods*, 6 U.S. 336, 341 (1805) (Marshall, *C.J.*) ("Almost every fine or forfeiture under a penal statute, may be recovered by an action of debt as well as by information[4]"); *Dow v. Norris*, 4 N.H. 16, 20 (N.H. Superior Ct. 1827) ("it seems to be well settled that an action of debt, or an information brought to recover a penalty is a civil proceeding."); *United States v. Mann*, 26 F. Cas. 1153, 1154 (C.C.D.N.H. 1812) (Story, *J.*) ("an information of debt in the exchequer for a penalty, is as much a civil proceeding, as an action of debt."); *Matthews v. Offley*, 16 F. Cas. 1128, 1130 (C.C.D. Mass. 1837) (Story, *J.*) ("the usual remedy in cases of a pecuniary penalty is an action or information of debt by the government itself.").

Consistent with that understanding, Congress passed the Whiskey Tax Act in 1791, which allowed for penalties "recoverable with costs of suit, by action of debt." Whiskey Tax of March 3, 1791, ch. 15, § 44, 1 Stat. 199, 209 (1791).[5] The First

---

[4] *See The Sarah*, 21 U.S. 391, 397 n. c (1823) ("These informations are not to be confounded with criminal informations at common law, or with an information of debt, which is the king's action of debt.").

[5] The full text of Section 44 of the Whiskey Tax Act states:

Congress passing of the Whiskey Tax Act "provides contemporaneous and weighty evidence of the Constitution's meaning, and has long been the settled and well understood construction of the Constitution." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 214 (2020) (cleaned up). *See also D.C. v. Heller*, 554 U.S. 570, 635 (2008) (founding-era laws are far more probative of what constitutional provisions meant, as "[c]onstitutional rights are enshrined with the scope they were understood to have when the people adopted them."). *Cf. United States v. Rahimi*, 602 U.S. 680, 692 (2024) (noting that laws at the Founding addressing particular problems (e.g. civil penalties), will be a strong indicator that contemporary laws similar in scope for similar reasons are constitutional).

---

SEC. 44. *And be it further enacted,* That the one half of all penalties and forfeitures incurred by virtue of this act, except as above provided, shall be for the benefit of the person or persons who shall make a seizure, or who shall first discover the matter or thing whereby the same shall have been incurred; and the other half to the use of the United States. And such penalty and forfeiture shall be recoverable with costs of suit, by action of debt, in the name of the person or persons intitled thereto, or by information, in the name of the United States of America; and it shall be the duty of the attorney of the district wherein any such penalty or forfeiture may have been incurred, upon application to him, to institute or bring such information accordingly: *Provided always,* That no officer of inspection other than chief officer, or officers of a survey, shall be intitled to the benefit of any forfeiture unless notice of the seizure by him made, shall be by him given within forty-eight hours next after such seizure, to the said chief officer or officers; but in such case the United States shall have the entire benefit of such forfeiture.

Thus, the well-settled understanding at the time of the Founding was that allegations of liability for civil tax penalties were actions at common law subject to the Seventh Amendment's strictures.

### 5.    The Cases Relied Upon by The Tax Court Are Inapposite and Have Been Vitiated by *Jarkesy*

The Tax Court relied upon various decisions for the finding that, "[s]ince there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States." Apndx-221 (quoting *Mathes v. Commissioner*, 576 F.2d 70, 71 (5th Cir. 1978)). The Tax Court's reliance was misplaced for a few reasons.

*First*, all of the precedential cases[6] relied upon by the Tax Court predated recent Supreme Court decisions on the Seventh Amendment including *Jarkesy II*, *Granfinanciera*, and *Tull.* Thus, those court decisions necessarily lacked the Seventh Amendment analysis under the current state of the law.

*Second*, the *Mathes* court's statement that, because "there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States," 576 F.2d at 71,

---

[6] *See Mathes, supra; Swanson v. Commissioner*, 65 T.C. 1180 (1976); *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir. 1986); *Martin v. Commissioner*, 756 F.2d 38 (6th Cir. 1985); *Funk v. Commissioner*, 687 F.2d 264 (8th Cir.1982); *Olshausen v. Commissioner*, 273 F.2d 23 (9th Cir. 1959).

cannot be squared with the Supreme Court's declaration in *Jarkesy II* that "what matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled[,]" 603 U.S. at 135. This case, like *Jarkesy*, involves fraud allegations seeking civil monetary penalties brought by the Government, which are legal in nature requiring a jury trial under the Seventh Amendment. *See Jarkesy* II, 603 U.S. at 126-127. Indeed, despite that the taxpayer must petition to commence the action, the Government bears the burden to establish penalties and, like under the common law, must prove fraud by clear and convincing evidence. 26 U.S.C. § 7454(a); Tax Ct. R. 142(b).

*Third,* neither *Mathes, Swanson, Coleman, Martin, Funk*, nor *Olshausen* addressed fraud claims by the IRS. Thus, they are factually inapposite as the Petitioners here only seek a jury trial on the Government's fraud claims.

*Fourth*, the sole case from this Court that was cited by the Tax Court, *i.e. Stephens v. Commissioner*, 565 F. App'x 795 (11th Cir. 2014), was not a fraud case and stands for the unremarkable proposition that "there is no Seventh Amendment right to a jury trial in Tax Court proceedings where a taxpayer is challenging a deficiency amount." *Id.* at 797. True enough, but the Petitioners here do not seek a jury trial on the deficiency amount; in stark and significant contrast, they seek to exercise their Constitutional right to a jury trial on the Government's fraud allegations. *Cf. Jarkesy*

*II, supra.* Thus, *Stephens* does not control the outcome of this case (nor could it, given recent Supreme Court decisions).

***

At bottom, the cases on which the Tax Court relies do not squarely address the assertion of fraud penalties by the Government and how that implicates the right to a jury trial under the Seventh Amendment. However, *Jarkesy II* does, and that precedent requires a jury trial upon proper demand.

## CONCLUSION

Under Supreme Court Seventh Amendment precedent, the Petitioners are entitled to a jury trial. The Petitioners have timely demanded a jury trial, which they are entitled to; the Tax Court plainly erred in ruling to the contrary.

Accordingly, the Court should issue the writ, vacate the order below, and instruct the Tax Court to provide the Petitioners with a jury trial on the Government's fraud claims.

Respectfully Submitted,                                    February 10, 2025

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III
Fla. Bar. No. 0619175
MARGULIS GELFAND DIRUZZO & LAMBSON
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)/954.827.0340 (f)
jd@margulisgelfand.com

29

/s/ Daniel M. Lader
Daniel M. Lader
Fla. Bar No. 1004963
MARGULIS GELFAND DIRUZZO & LAMBSON
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)/954.827.0340 (f)
dan@margulisgelfand.com

*Counsel for the Appellants*

## CERTIFICATE OF COMPLIANCE RE: WORD COUNT

Pursuant to Fed. R. App. P. 21(d)(1) counsel certifies that this brief is in compliance with the 7,800 type-volume limitation. The instant brief is 6,892 words in length. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Goudy Old Style font in 14 point.

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III

## CERTIFICATE OF SERVICE

I certify that on February 10, 2025, a copy of the foregoing was uploaded via the Court's electronic filing system, which will provide a NEF to counsel of record, and that 4 paper copies of the petition will be submitted via USPS. I certify that a paper copy of the petition will be served via USPS to the following:

Office of the U.S. Attorney General
950 Penn. Ave., NW
Washington, DC 20530

Internal Revenue Service
1111 Const. Ave. NW
Washington, DC 20224

I certify that, pursuant to Fed. R. App. P. 21(a)(1) a copy of the petition will be served on:

Hon. Patrick J. Urda
U.S. Tax Court
400 Second Street, NW
Washington, DC 20217

I certify that an electronic copy of the petition will be served to the following counsel for the IRS Commissioner:

Derek.P.Richman@irscounsel.treas.gov
Derek P. Richman
51 SW 1st Ave
1114 Federal Office Building
Miami, FL 33130

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III

## APPENDIX

Docket Sheet (case no. 28897-10)................................................................... Apndx-001

Docket Sheet (case no. 5816-11)..................................................................... Apndx-034

Docket Sheet (case no. 5817-11)..................................................................... Apndx-066

Notice of Deficiency (Harvey and Diane Birdman tax year 2006)................ Apdnx-098

Notice of Deficiency (Diane Birdman tax years 2003-2005)......................... Apdnx-121

Notice of Deficiency (Harvey Birdman years 2003-2005)............................. Apdnx-159

Order denying jury trial (dated 10/11/2022)................................................. Apdnx-212

Order denying reconsideration (dated 12/20/2024)................................... Apdnx-214

**United States Tax Court**

Washington, DC 20217

Harvey Birdman & Diane Birdman, Petitioners v.
Commissioner of Internal Revenue, Respondent

⋮    Docket No. 28897-10

### **Printable Docket Record**

| Name | Contact | Counsel |
|---|---|---|
| Harvey Birdman | 3755 N.E. 214th Street<br>Aventura, FL 33180-4016<br>No Phone | Joseph A. DiRuzzo III (DJ1080)<br>jd@margulisgelfand.com<br>954-615-1676<br><br>Daniel M. Lader (LD0531)<br>dan@margulisgelfand.com<br>954-615-1676 |
| Diane Birdman | 3755 N.E. 214th Street<br>Aventura, FL 33180-4016<br>No Phone | Joseph A. DiRuzzo III (DJ1080)<br>jd@margulisgelfand.com<br>954-615-1676<br><br>Daniel M. Lader (LD0531)<br>dan@margulisgelfand.com<br>954-615-1676 |

| Respondent Counsel | Respondent Counsel Contact |
|---|---|
| Michael K. Foster II | michael.v.fosterii@irscounsel.treas.gov<br>305-982-5333 |
| Derek P. Richman | derek.p.richman@irscounsel.treas.gov<br>305-982-5302 |
| Daniel C. Munce | daniel.c.munce@irscounsel.treas.gov<br>305-982-5304 |
| Monica A. Kolovrat | monica.a.kolovrat@irscounsel.treas.gov<br>305-982-5039 |

Apdnx-001

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 1 | 12/27/10 | P | **PETITION Filed:Fee Paid** | See Filings and Proceedings | | 01/06/11 | R |
| 2 | 12/27/10 | RQT | **REQUEST for Place of Trial at Miami, FL** | See Filings and Proceedings | | 01/06/11 | R |
| 3 | 02/28/11 | A | **ANSWER** | See Filings and Proceedings | | 03/03/11 | P |
| 4 | 03/18/11 | EA | **ENTRY OF APPEARANCE by Joseph A. Di Ruzzo, III.** | See Filings and Proceedings | | 03/21/11 | R |
| 5 | 04/19/11 | REPL | **REPLY by petr. (Per CJ)** | See Filings and Proceedings | | 04/28/11 | R |
| 6 | 06/07/11 | NCA | **NOTICE of Change of Address for petr's counsel.** | See Filings and Proceedings | | 06/10/11 | R |
| 7 | 08/25/11 | NTD | **NOTICE of Trial on 1/30/2012 at Miami, FL.** | | | 08/25/11 | B |
| 8 | 08/25/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 08/25/11 | B |
| 9 | 09/13/11 | MISC | **MOTION by petr. to continue trial generally.** | See Filings and Proceedings | GR 09/14/2011 | 09/14/11 | B |
| 10 | 11/18/11 | NTD | **NOTICE of Trial on 4/10/2012 at Miami, FL.** | | | 11/18/11 | B |
| 11 | 11/18/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/18/11 | B |
| 12 | 12/12/11 | EA | **ENTRY OF APPEARANCE by Jennifer Correa Riera.** | See Filings and Proceedings | | 12/13/11 | R |

Apdnx-002

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 13 | 01/03/12 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 01/09/2012 | 01/10/12 | B |
| 14 | 05/29/12 | NTD | **NOTICE of Trial on 10/29/2012 at Miami, FL.** | | | 05/29/12 | B |
| 15 | 05/29/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 05/29/12 | B |
| 16 | 06/21/12 | MISC | **JOINT MOTION to continue trial generally.** | See Filings and Proceedings | GR 06/25/2012 | 06/25/12 | B |
| 17 | 09/24/12 | NTD | **NOTICE of Trial on 2/25/2013 at Miami, FL.** | | | 09/24/12 | B |
| 18 | 09/24/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 09/24/12 | B |
| 19 | 11/01/12 | MISC | **JOINT MOTION for continuance of trial generally.** | See Filings and Proceedings | GR 11/05/2012 | 11/05/12 | B |
| 20 | 11/19/12 | NTD | **NOTICE of Trial on 4/22/2013 at Miami, FL.** | | | 11/19/12 | B |
| 21 | 11/19/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/19/12 | B |
| 22 | 01/17/13 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 01/17/2013 | 01/17/13 | B |
| 23 | 06/12/13 | MISC | **MOTION by petr. for leave to file amendment to petition. (C/S 6-6-13)** | See Filings and Proceedings | GR 06/12/2013 | 06/12/13 | B |
| 24 | 06/12/13 | MISCL | **Amendment to petition (LODGED) (C/S 6-6-13)** | See Filings and Proceedings | | | |

Apdnx-003

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 25 | 06/12/13 | ADMT | **AMENDMENT TO PETITION** | See Filings and Proceedings | | 06/12/13 | R |
| 26 | 06/17/13 | NTD | **NOTICE of Trial on 11/18/2013 at Miami, FL.** | | | 06/17/13 | B |
| 27 | 06/17/13 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 06/17/13 | B |
| 28 | 08/05/13 | A | **ANSWER TO AMENDMENT TO PETITION** | See Filings and Proceedings | | 08/07/13 | P |
| 29 | 09/19/13 | MISC | **MOTION by resp. to consolidate 28897-10, 5816-11 & 5817-11** | See Filings and Proceedings | GR 09/20/2013 | 09/20/13 | B |
| 30 | 09/20/13 | MISC | **MOTION by petr. to continue** | See Filings and Proceedings | ORD 10/21/2013 | 09/25/13 | R |
| 31 | 09/30/13 | OAJ | **ORDER that case is assigned to Judge Jacobs . The motion to continue is granted and these cases are stricken from the 11/18/13 trial Miami, FL. and continued.** | | | 10/21/13 | B |
| 32 | 09/16/15 | M115 | **MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION by Petrs. Harvey Birdman & Diane Birdman (C/S 09/16/15) (EXHIBITS) (NO OBJECTION)** | See Filings and Proceedings | ORD 09/18/2015 | 09/16/15 | R |
| 33 | 09/16/15 | MISCL | **SECOND AMENDMENT TO PETITION by Petrs. Harvey Birdman & Diane** | See Filings and Proceedings | | 09/16/15 | R |

Apdnx-004

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | Birdman (ELODGED) (C/S 09/16/15) | | | | |
| 34 | 09/18/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE AMENDMENT TO AMENDED PETITION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN FILED 09/16/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION FILED BY PETITIONER.** | | | 09/18/15 | B |
| 35 | 09/18/15 | NODC | **NOTICE OF DOCKET CHANGE OF AMENDMENT TO AMENDED PETITION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN LODGED 09/16/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT SECOND AMENDMENT TO PETITION LODGED BY PETITIONER.** | | | 09/18/15 | B |
| 36 | 09/18/15 | O | **ORDER THAT PETRS'. MOTION FOR LEAVE TO FILE SECOND** | | | 09/21/15 | B |

Apdnx-005

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | **AMENDMENT TO PETITION IS GRANTED AND THE SECOND AMENDMENT TO PETITION IS FILED AS OF THE DATE OF THIS ORDER.** | | | | |
| 37 | 09/18/15 | MISC | **SECOND AMENDMENT TO PETITION by Petrs. Harvey Birdman & Diane Birdman** | See Filings and Proceedings | | 09/21/15 | R |
| 38 | 10/09/15 | AATS | **ANSWER TO SECOND AMENDMENT TO PETITION by Resp.** | See Filings and Proceedings | | 10/09/15 | P |
| 39 | 10/30/15 | REPL | **REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION by Petrs. Harvey Birdman & Diane Birdman** | See Filings and Proceedings | | 10/30/15 | R |
| 40 | 11/02/15 | NODC | **NOTICE OF DOCKET CHANGE OF REPLY TO ANSWER TO SECOND AMENDED PETITION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN FILED 10/30/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION FILED BY PETITIONERS.** | | | 11/02/15 | B |

Apdnx-006

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 41 | 11/02/15 | M007 | **MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS) (WITHDRAWN)** | See Filings and Proceedings | ORD 03/27/2017 | 11/02/15 | R |
| 42 | 11/06/15 | M121 | **MOTION FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman (EXHIBITS) (REDACTED)** | See Filings and Proceedings | ORD 02/06/2017 | 11/06/15 | R |
| 43 | 11/06/15 | M115 | **MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | DNM 11/10/2015 | 11/06/15 | R |
| 44 | 11/09/15 | O | **ORDER RESP. BY 11/30/15 FILE A RESPONSE TO MOTION FOR ENTRY OF DECISION.** | | | 11/10/15 | B |
| 45 | 11/10/15 | MISC | **DENIED MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 11/10/15 | B |
| 46 | 11/10/15 | O | **ORDER THAT RESP. BY 12/1/15 FILE A** | | | 11/10/15 | B |

Apdnx-007

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
|  |  |  | **RESPONSE TO PETRS'. MOTION FOR JUDGMENT ON THE PLEADINGS.** |  |  |  |  |
| 47 | 11/23/15 | RSP | **RESPONSE TO MOTION FOR ENTRY OF DECISION by Resp. (EXHIBIT)** | See Filings and Proceedings |  | 11/23/15 | P |
| 48 | 11/30/15 | OBJN | **NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS by Resp. (EXHIBIT)** | See Filings and Proceedings |  | 11/30/15 | P |
| 49 | 12/03/15 | M115 | **MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |
| 50 | 12/03/15 | M115 | **MOTION FOR LEAVE TO FILE REPLIES TO RESPONDENT'S OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |
| 51 | 12/07/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE** |  |  | 12/07/15 | B |

Apdnx-008

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 12/03/2015. THE DOCKET ENTRY TEXT WAS CHANGED TO MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION FILED BY PETITIONERS.** | | | | |
| 52 | 12/23/15 | REPL | **REPLY TO RESPONSE TO MOTION FOR ENTRY OF DECISION** by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | See Filings and Proceedings | | 12/23/15 | R |
| 53 | 12/23/15 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman** | See Filings and Proceedings | | 12/23/15 | R |
| 54 | 02/08/16 | M018 | **MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane** | See Filings and Proceedings | DNM 05/01/2017 | 02/08/16 | R |

Apdnx-009

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Birdman; & Harvey Birdman (OBJECTION) | | | | |
| 55 | 03/16/16 | EA | ENTRY OF APPEARANCE by Counsel Christopher J. Rajotte for Petrs. Harvey Birdman & Diane Birdman | See Filings and Proceedings | | 03/16/16 | B |
| 56 | 04/08/16 | STAT | STATEMENT OF WAIVER by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | See Filings and Proceedings | | 04/08/16 | R |
| 57 | 05/31/16 | NDC | NOTICE OF DEATH OF COUNSEL MITCHELL S. FUERST, ESQ. by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | See Filings and Proceedings | | 05/31/16 | R |
| 58 | 06/13/16 | O | ORDER PETR. COUNSEL MITCHELL FUERST IS WITHDRAWN AS COUNSEL OF RECORD. | | | 06/14/16 | B |
| 59 | 02/06/17 | O | ORDER PETRS. MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED. | | | 02/08/17 | B |
| 60 | 02/14/17 | O | ORDER SET 3/29/17 DC MOTIONS FOR HEARING ON PETRS. MOTION FOR ENTRY OF DECISION. | | | 02/15/17 | B |

Apdnx-010

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 61 | 03/24/17 | M111 | **MOTION TO WITHDRAW MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | ORD 03/27/2017 | 03/24/17 | R |
| 62 | 03/27/17 | O | **ORDER PETITIONERS' MOTION TO WITHDRAW IS GRANTED IN THAT PETITIONERS' MOTION FOR ENTRY OF DECISION FILED 11/2/15 IS DEEMED WITHDRAWN. THE HEARING IS STRICKEN FROM THE 3/29/17 MOTIONS SESSION.** | | | 03/27/17 | B |
| 63 | 04/09/17 | NCAP | **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER by Counsel Joseph A. DiRuzzo, III** | See Filings and Proceedings | | 04/09/17 | R |
| 64 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 65 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE** | See Filings and | | 05/02/17 | B |

Apdnx-011

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | **REPLIES TO RESPONDENT'S OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | Proceedings | | | |
| 66 | 05/01/17 | MISC | **DENIED MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 67 | 06/05/17 | M023 | **MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBIT)** | See Filings and Proceedings | ORD 06/07/2017 | 06/05/17 | R |
| 68 | 06/07/17 | OSC | **ORDER RESP. BY 7-7-17 FILE A RESPONSE SHOWING WHY THE MATTER SHALL NOT BE DEEMED ADMITTED. PETRS. MOTION TO SHOW CAUSE IS GRANTED. (DISCHARGED)** | | ORD 07/06/2017 | 06/07/17 | B |
| 69 | 06/29/17 | OBJN | **NOTICE OF OBJECTION TO** | See Filings and | | 06/29/17 | P |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Resp. (EXHIBITS)** | Proceedings | | | |
| 70 | 06/30/17 | NODC | **NOTICE OF DOCKET CHANGE OF RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) BY RESP. FILED 06/29/2017. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) FILED BY RESPONDENT.** | | | 06/30/17 | B |
| 71 | 07/06/17 | O | **ORDER THE COURT'S ORDER TO SHOW CAUSE, DATED 6/7/17, IS DISCHARGED.** | | | 07/07/17 | B |

Apdnx-013

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 72 | 07/08/17 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | | 07/08/17 | R |
| 73 | 08/25/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | DNM 09/26/2017 | 08/25/17 | R |
| 74 | 08/26/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | DNM 09/25/2017 | 08/26/17 | R |
| 75 | 08/29/17 | O | **ORDER RESP. BY 9-29-17 FILE A RESPONSE TO PETRS. MOTION TO TAKE JUDICIAL NOTICE FILED 8-25-17 AND 8-26-17.** | | | 08/29/17 | B |
| 76 | 09/08/17 | M000 | **MOTION TO FILE IN PAPER FORM HIS RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS by Resp. (C/S 09/05/17)** | See Filings and Proceedings | ORD 09/13/2017 | 09/11/17 | P |

Apdnx-014

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 77 | 09/08/17 | MISCL | **RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp. (LODGED)** | See Filings and Proceedings | | 09/11/17 | P |
| 78 | 09/13/17 | O | **ORDER THAT RESP'S. MOTION FILED 9-8-17 IS GRANTED. RESP'S. RESPONSE TO FIRST REQUEST FOR ADMISSIONS LODGED 9-8-17 IS FILED AS OF THE DATE OF THIS ORDER.** | | | 09/13/17 | B |
| 79 | 09/13/17 | RSP | **RESPONSE TO RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp.** | See Filings and Proceedings | | 09/13/17 | P |
| 80 | 09/20/17 | OBJE | **OBJECTION TO MOTION TO TAKE JUDICIAL NOTICE by Resp.** | See Filings and Proceedings | | 09/20/17 | P |
| 81 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 09/26/17 | R |
| 82 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 09/26/17 | B |

Apdnx-015

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 83 | 10/04/17 | M112 | **MOTION TO WITHDRAW AS COUNSEL by Jennifer Correa Riera, Andrew S. Ittleman & Christopher J. Rajotte for Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | GRM 10/11/2017 | 10/04/17 | R |
| 84 | 10/11/17 | MISC | **GRANTED MOTION TO WITHDRAW AS COUNSEL FOR ANDREW S. ITTLEMAN, JENNIFER CORREA AND CHRISTOPHER J. RAJOTTE** | See Filings and Proceedings | | 10/12/17 | B |
| 85 | 05/23/18 | M081 | **Motion to Impose Sanctions** | See Filings and Proceedings | ORD 1-11-24 | 05/23/18 | R |
| 86 | 06/30/18 | M034 | **MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | ORD 04/26/2019 | 06/30/18 | R |
| 87 | 06/30/18 | EXH | **EXHIBIT(S) by Counsel Joseph A. DiRuzzo, III (EXHIBITS)** | See Filings and Proceedings | | 06/30/18 | R |
| 88 | 07/06/18 | M000 | **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY THIRD-PARTY WITNESS VIRGIN ISLANDS BUREAU OF** | See Filings and Proceedings | | 07/06/18 | R |

Apdnx-016

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **INTERNAL REVENUE** by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 07/06/18) (EXHIBITS) | | | | |
| 89 | 07/10/18 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 07/06/2018. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT AS A MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY PETITIONERS.** | | | 07/10/18 | B |
| 90 | 08/03/18 | NCA | **NOTICE OF CHANGE OF ADDRESS by Counsel Joseph A. DiRuzzo, III for Petrs. Harvey Birdman & Diane Birdman** | See Filings and Proceedings | | 08/03/18 | R |
| 91 | 09/20/18 | M063 | **Motion to Compel Discovery** | See Filings and Proceedings | ORD 1-11-24 | 09/20/18 | R |
| 92 | 09/26/18 | STIP | **FIRST STIPULATION OF FACTS by Resp. & Petrs. Harvey Birdman &** | See Filings and Proceedings | | | |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 09/26/18) (EXHIBITS)** | | | | |
| 93 | 02/07/19 | EA | **ENTRY OF APPEARANCE by Counsel Daniel M. Lader for Petrs. Harvey Birdman & Diane Birdman** | See Filings and Proceedings | | 02/07/19 | B |
| 94 | 02/07/19 | SPMT | **FIRST SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | ORD 04/26/2019 | 02/07/19 | R |
| 95 | 04/26/19 | O | **ORDER THAT PETITIONERS' MOTION FOR SUMMARY JUDGMENT, AS SUPPLEMENTED, IS DENIED.** | | | 04/26/19 | B |
| 96 | 01/31/20 | OAJ | **ORDER THAT CASE IS ASSIGNED TO JUDGE URDA .** | | | 01/31/20 | B |
| 97 | 02/19/20 | O | **ORDER PARTIES SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN ONE WEEK FOLLOWING THE ISSUANCE BY THE COURT OF APPEALS FOR THE 8TH CIRCUIT. PARTIES** | | | 02/19/20 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| | | | **SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN 30 DAYS AFTER THE EXPIRATION OF THE PERIOD DURING WHICH A PETITION FOR CERTIORARI MAY BE FILED WITH THE SUPREME COURT OF THE UNITED STATES.** | | | | |
| 98 | 03/31/22 | O | **Order that parties by 4-19-22 file a joint status report.** | | | 03/31/22 | B |
| 99 | 04/11/22 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & Diane Birdman | | 04/11/22 | B |
| 100 | 05/27/22 | M000 | **Motion for jury trial** | Petrs. Harvey Birdman & Diane Birdman | ORD 10-11-22 | 05/27/22 | B |
| 101 | 06/02/22 | SOC | **Substitution of Counsel for Respondent (No Objection)** (No Objection) | Resp. | | 06/02/22 | B |
| 102 | 06/07/22 | O | **Order that resp. by 7-5-22 file a response to the memorandum.** | | | 06/07/22 | B |
| 103 | 06/30/22 | M105 | **Motion to Strike (Objection)** (Objection) | Petrs. Harvey Birdman & | ORD 6-16-23 | 06/30/22 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 104 | 07/03/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | Order 7/7/2022 | 07/03/22 | B |
| 105 | 07/03/22 | EA | **Entry of Appearance for Respondent** | Resp. | | 07/03/22 | B |
| 106 | 07/07/22 | O | **Order that, on or before August 4, 2022, the Commissioner shall file a response to the motion to strike.** | | | 07/07/22 | B |
| 107 | 07/07/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file a response to petitioners' memorandum is extended until September 6, 2022.** | | | 07/07/22 | B |
| 108 | 07/11/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 7-14-22 | 07/11/22 | B |
| 109 | 07/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file a response to petitioner's motion to strike is extended until September 6, 2022.** | | | 07/14/22 | B |
| 110 | 07/15/22 | EA | **Entry of Appearance for Respondent** | Resp. | | 07/15/22 | B |
| 111 | 07/28/22 | NOTW | **Notice of Withdrawal as Counsel** | Resp. | | 07/28/22 | B |

Apdnx-020

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 112 | 08/18/22 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD 10-11-22 | 08/18/22 | B |
| 113 | 08/30/22 | O | **Order that resp. by 9-13-22 file a response to petitioners' motion for oral argument.** | | | 08/30/22 | B |
| 114 | 09/01/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 9/7/22 | 09/01/22 | B |
| 115 | 09/05/22 | RSP | **Response to Memorandum** (STRICKEN) | Resp. | ORD 10-3-22 | 09/05/22 | B |
| 116 | 09/05/22 | RSP | **Response to Memorandum** | Resp. | | 09/05/22 | B |
| 117 | 09/05/22 | RSP | **Response to Motion for Oral Argument** | Resp. | | 09/05/22 | B |
| 118 | 09/07/22 | O | **Motion for Extension of Time GRANTED** | | | 09/07/22 | B |
| 119 | 10/03/22 | O | **Order that petitioners' memorandum is recharacterized as petitioners' motion for jury trial. Resp. response to memorandum (Doc. 115), filed September 5, 2022, in Docket No. 28897-10, is hereby stricken from the Court's record as it appears that this was filed for the wrong case. Resp. response to memorandum (Doc. 116), filed September 5, 2022, is hereby recharacterized as** | | | 10/03/22 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | the Commissioner's response to motion for jury trial. | | | | |
| 120 | 10/06/22 | RSP | **Response to Motion to Strike** | Resp. | | 10/06/22 | B |
| 121 | 10/11/22 | O | **Order that petitioners' motion for jury trial, filed May 27, 2022, is denied. Petitioners motion for oral argument, filed August 18, 2022, is denied.** | | | 10/11/22 | B |
| 122 | 10/12/22 | O | **Order that petitioners by 11-2-22 file a reply to resp. response to the motion to strike.** | | | 10/12/22 | B |
| 123 | 10/18/22 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | Order 12/12/2022 | 10/18/22 | B |
| 124 | 10/18/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Petrs. Harvey Birdman & Diane Birdman | | 10/18/22 | B |
| 125 | 10/19/22 | O | **Order that petitioners' motion for extension of time is granted, and the time in which petitioners shall file their reply to the Commissioner's response to the motion to strike is now extended until December 2, 2022.** | | | 10/19/22 | B |
| 126 | 10/21/22 | O | **Order that resp. by 11-10-22 file a response to** | | | 10/21/22 | B |

Apdnx-022

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | petitioners' motion for reconsideration. | | | | |
| 127 | 11/08/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 11-14-22 | 11/08/22 | B |
| 128 | 11/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, in that the time in which the Commissioner shall file a response to petitioners' motion for reconsideration is now extended until November 15, 2022.** | | | 11/14/22 | B |
| 129 | 11/15/22 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 11/15/22 | B |
| 130 | 11/15/22 | M115 | **Motion for Leave to File Reply to Response to Motion for Reconsideration of Order (No Objection)** (No Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD 11/18/22 | 11/15/22 | B |
| 131 | 11/18/22 | O | **Order petitioners' Motion for Leave to File Reply to Response to Motion for Reconsideration of Order is granted in that petitioners by November 28, 2022 shall file a Reply to Response to Motion for Reconsideration of Order.** | | | 11/18/22 | B |
| 132 | 11/22/22 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petrs. Harvey Birdman & Diane Birdman | | 11/22/22 | B |

Apdnx-023

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 133 | 12/01/22 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 12/01/22 | B |
| 134 | 12/12/22 | O | **Order that the Birdmans' motion for reconsideration of order is denied as stated herin.** | | | 12/12/22 | B |
| 135 | 06/16/23 | O | **Order that the petitioner's motion to strike, filed June 30, 2022, is denied.** | | | 06/16/23 | B |
| 136 | 06/16/23 | M005 | **Motion for Certification of an Interlocutory Order to Permit Immediate Appeal (Objection)** (Objection) | Petrs. Diane Birdman & Harvey Birdman | ORD 8-9-23 | 06/16/23 | B |
| 137 | 06/27/23 | O | **Order that resp. by 7-11-23 file a response to petitioners' motion for certification of an interlocutory order to permit immediate appeal.** | | | 06/27/23 | B |
| 138 | 06/29/23 | M105 | **Motion to Strike (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | | 06/29/23 | B |
| 139 | 06/30/23 | EXH | **Exhibit(s) 1 THROUGH 5 TO MOTION TO STRIKE** | Petrs. Harvey Birdman & Diane Birdman | | 06/30/23 | B |
| 140 | 06/30/23 | EXH | **Exhibit(s) 6 THROUGH 9 TO MOTION TO STRIKE** | Petrs. Harvey Birdman & | | 06/30/23 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 141 | 06/30/23 | EXH | **Exhibit(s) 10 THROUGH 13 to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 06/30/23 | B |
| 142 | 06/30/23 | EXH | **Exhibit(s) 14 THROUGH 17 to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 06/30/23 | B |
| 143 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 139** | | | 07/05/23 | B |
| 144 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 140** | | | 07/05/23 | B |
| 145 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 141** | | | 07/05/23 | B |
| 146 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 142** | | | 07/05/23 | B |
| 147 | 07/06/23 | O | **Order that resp. by 7-27-23 file a response to petitioners Motion to Strike.** | | | 07/06/23 | B |
| 148 | 07/11/23 | RSP | **Response to Motion for Certification of an Interlocutory Order to Permit Immediate Appeal** | Resp. | | 07/11/23 | B |
| 149 | 07/14/23 | M105 | **Motion to Strike (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD 9-20-23 | 07/14/23 | B |
| 150 | 07/25/23 | O | **Order that by 8-16-23 resp. file a response to** | | | 07/25/23 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | petitioner's Motion to Strike. | | | | |
| 151 | 07/26/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 08/02/23 | 07/26/23 | B |
| 152 | 08/02/23 | O | **Order respondent's Motion for Extension of Time is granted in that time is extended to September 25, 2023 for respondent to file a Response to petitioners' Motion to Strike, filed June 29, 2023.** | | | 08/02/23 | B |
| 153 | 08/09/23 | O | **Order that the Birdmans' motion for certification of an interlocutory order to permit immediate appeal, filed June 16, 2023, is denied.** | | | 08/09/23 | B |
| 154 | 08/16/23 | RSP | **Response to Motion to Strike** | Resp. | | 08/16/23 | B |
| 155 | 08/25/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 08/25/23 | B |
| 156 | 09/20/23 | O | **Order that the Birdmans' motion to strike, filed July 14, 2023, is denied. Parties by 9-29-23 file a joint status report.** | | | 09/20/23 | B |
| 157 | 09/25/23 | RSP | **Response to Motion to Strike** | Resp. | | 09/25/23 | B |
| 158 | 09/28/23 | RPT | **Status Report** | Resp. & Petrs. Harvey | | 09/28/23 | B |

Apdnx-026

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Birdman & Diane Birdman | | | |
| 159 | 10/13/23 | O | **Order set 6-30-25 Miami, FL for Special Trial Session. Parties by 11-13-23 file a joint status report.** | | | 10/13/23 | B |
| 160 | 10/30/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 10/30/23 | B |
| 161 | 11/13/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 11-14-23 | 11/13/23 | B |
| 162 | 11/14/23 | O | **Motion for Extension of Time GRANTED** | | | 11/14/23 | B |
| 163 | 11/27/23 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & Diane Birdman | | 11/27/23 | B |
| 164 | 11/30/23 | O | **Order that the parties are directed to adhere to the following pretrial schedule stated herein.** | | | 11/30/23 | B |
| 165 | 11/30/23 | O | **Order that the Petitioners motion to strike, filed June 29, 2023, is denied.** | | | 11/30/23 | B |
| 166 | 01/11/24 | O | **Order that petitioners' motion to impose sanctions filed May 23, 2018 is hereby denied without prejudice. Petitioners motion to** | | | 01/11/24 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **compel compliance with subpoena duces tecum by third-party witness Virgin Islands Bureau of Internal Revenue filed July 6, 2018, is hereby denied without prejudice. Petitioners motion to compel discovery filed September 20, 2018, is hereby denied without prejudice.** | | | | |
| 167 | 06/04/24 | EA | **Entry of Appearance for Respondent** | Resp. | | 06/04/24 | B |
| 168 | 07/09/24 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/09/24 | B |
| 169 | 07/10/24 | RPT | **Status Report (Attachment(s))** (Attachment(s)) | Petrs. Diane Birdman & Harvey Birdman | | 07/10/24 | B |
| 170 | 07/11/24 | O | **Order that resp. by 8-1-24 file a response to petitioners' motion for reconsideration of Order.** | | | 07/11/24 | B |
| 171 | 07/11/24 | O | **Order that petitioners' notice of telephone number filed July 10, 2024, is hereby recharacterized as a status report.** | | | 07/11/24 | B |
| 172 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 173 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |
| 174 | 07/17/24 | M024 | **Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/17/24 | B |
| 175 | 07/17/24 | DCL | **Declaration of Harvey Birdman in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 176 | 07/17/24 | DCL | **Declaration of Herbert Hirsch in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 177 | 07/17/24 | DCL | **Declaration of Louis Birdman in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 178 | 07/18/24 | M024 | **Motion for Partial Summary Judgment** | Petr. Harvey Birdman | ORD - 12/20/2024 | 07/18/24 | B |
| 179 | 07/23/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 7-25-24 | 07/23/24 | B |
| 180 | 07/24/24 | O | **Order that resp. by 8-8-24 file a response to the motion for partial summary judgment. Petrs. by 8-29-24 file a reply to Resp. response.** | | | 07/24/24 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 181 | 07/25/24 | O | **Motion for Extension of Time GRANTED** | | | 07/25/24 | B |
| 182 | 07/29/24 | O | **Order that petitioners' motion to strike filed July 18, 2024, shall be recharacterized as a motion for partial summary judgment. Resp. by 8-12-24 file a response to the motion for partial summary judgment. Petrs. by 9-3-24 file a reply to resp. response.** | | | 07/29/24 | B |
| 183 | 07/29/24 | O | **Order that petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record and petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record.** | | | 07/29/24 | B |
| 184 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 185 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 186 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |

Apdnx-030

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 187 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 188 | 08/08/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 08/08/24 | B |
| 189 | 08/08/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 8-13-24 | 08/08/24 | B |
| 190 | 08/13/24 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file his response to the motion for partial summary judgment referenced above is extended until September 11, 2024. Petrs. by 10-2-24 file a reply to Resp. response to Motion for partial summary judgment.** | | | 08/13/24 | B |
| 191 | 08/21/24 | M018 | **Motion for Oral Argument Regarding Motion for Reconsideration (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 08/21/24 | B |
| 192 | 08/22/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 08/22/24 | B |
| 193 | 09/04/24 | M115 | **Motion for Leave to File First Supplement to** | Petrs. Harvey | | 09/04/24 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | **Report** | Birdman & Diane Birdman | | | |
| 194 | 09/04/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/04/24 | B |
| 195 | 09/11/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 09/11/24 | B |
| 196 | 09/16/24 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 09/16/24 | B |
| 197 | 09/30/24 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 09/30/24 | B |
| 198 | 09/30/24 | M115 | **Motion for Leave to File First Supplement to Report** | Petrs. Harvey Birdman & Diane Birdman | | 09/30/24 | B |
| 199 | 09/30/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/30/24 | B |
| 200 | 10/02/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 10/02/24 | B |
| 201 | 11/05/24 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petrs. Harvey Birdman & | | 11/05/24 | B |

Apdnx-032

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 202 | 12/20/24 | O | **Motion for Reconsideration of Order DENIED** | | | 12/20/24 | B |
| 203 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 204 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 205 | 12/20/24 | O | **Motion for Oral Argument Regarding Motion for Reconsideration DENIED** | | | 12/20/24 | B |
| 206 | 12/20/24 | O | **Motion for Oral Argument DENIED** | | | 12/20/24 | B |

Apdnx-033

United States Tax Court
Washington, DC 20217

Diane Birdman, Petitioner v. Commissioner of Internal
Revenue, Respondent

Docket No. 5816-11

## Printable Docket Record

| Name | Contact | Counsel |
|------|---------|---------|
| Diane Birdman | 425 N. Federal Hwy.<br>Hallandale, FL 33009-3448<br>No Phone | Joseph A. DiRuzzo III (DJ1080)<br>jd@margulisgelfand.com<br>954-615-1676<br><br>Daniel M. Lader (LD0531)<br>dan@margulisgelfand.com<br>954-615-1676 |

| Respondent Counsel | Respondent Counsel Contact |
|--------------------|---------------------------|
| Michael K. Foster II | michael.v.fosterii@irscounsel.treas.gov<br>305-982-5333 |
| Derek P. Richman | derek.p.richman@irscounsel.treas.gov<br>305-982-5302 |
| Daniel C. Munce | daniel.c.munce@irscounsel.treas.gov<br>305-982-5304 |
| Monica A. Kolovrat | monica.a.kolovrat@irscounsel.treas.gov<br>305-982-5039 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 1 | 03/10/11 | P | **PETITION Filed:Fee Paid** | See Filings and Proceedings | | 03/15/11 | R |
| 2 | 03/10/11 | RQT | **REQUEST for Place of Trial at Miami, FL** | See Filings and Proceedings | | 03/15/11 | R |

Apdnx-034

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 3 | 04/26/11 | A | **ANSWER by resp. w/Ex.** | See Filings and Proceedings | | 04/27/11 | P |
| 4 | 06/07/11 | NCA | **NOTICE of Change of Address for petr. counsel Joseph A. DiRuzzo, III.** | See Filings and Proceedings | | 06/10/11 | R |
| 5 | 08/25/11 | NTD | **NOTICE of Trial on 1/30/2012 at Miami, FL.** | | | 08/25/11 | B |
| 6 | 08/25/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 08/25/11 | B |
| 7 | 09/12/11 | MISC | **MOTION by petr. for continuance. (Continued Generally)** | See Filings and Proceedings | GR 09/13/2011 | 09/14/11 | B |
| 8 | 11/18/11 | NTD | **NOTICE of Trial on 4/10/2012 at Miami, FL.** | | | 11/18/11 | B |
| 9 | 11/18/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/18/11 | B |
| 10 | 12/12/11 | EA | **ENTRY OF APPEARANCE by Jennifer Correa Riera.** | See Filings and Proceedings | | 12/13/11 | R |
| 11 | 01/03/12 | MISC | **JOINT MOTION to continue trial. (Continued Generally)** | See Filings and Proceedings | ORD 01/09/2012 | | |
| 12 | 01/09/12 | O | **ORDER joint motion to continue is Granted in that case is continued generally from the 4-10-12 Miami, FL session.** | | | 01/10/12 | B |
| 13 | 05/29/12 | NTD | **NOTICE of Trial on 10/29/2012 at Miami, FL.** | | | 05/29/12 | B |
| 14 | 05/29/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to** | | | 05/29/12 | B |

Apdnx-035

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Notice of Trial | | | | |
| 15 | 06/21/12 | MISC | **JOINT MOTION to continue trial generally.** | See Filings and Proceedings | GR 06/25/2012 | 06/25/12 | B |
| 16 | 09/24/12 | NTD | **NOTICE of Trial on 2/25/2013 at Miami, FL.** | | | 09/24/12 | B |
| 17 | 09/24/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 09/24/12 | B |
| 18 | 11/01/12 | MISC | **JOINT MOTION to continue trial generally.** | See Filings and Proceedings | GR 11/05/2012 | 11/05/12 | B |
| 19 | 11/19/12 | NTD | **NOTICE of Trial on 4/22/2013 at Miami, FL.** | | | 11/19/12 | B |
| 20 | 11/19/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/19/12 | B |
| 21 | 01/17/13 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 01/24/2013 | 01/24/13 | B |
| 22 | 06/12/13 | MISC | **MOTION by petr. for leave to file amendment to petition. (C/S 6-6-13)** | See Filings and Proceedings | GR 06/12/2013 | 06/12/13 | B |
| 23 | 06/12/13 | MISCL | **Amendment to Petition (LODGED) (C/S 6-6-13)** | See Filings and Proceedings | | | |
| 24 | 06/12/13 | ADMT | **AMENDMENT TO PETITION** | See Filings and Proceedings | | 06/12/13 | R |
| 25 | 06/17/13 | NTD | **NOTICE of Trial on 11/18/2013 at Miami, FL.** | | | 06/17/13 | B |
| 26 | 06/17/13 | SPTO | **STANDING PRE-TRIAL ORDER attached to** | | | 06/17/13 | B |

Apdnx-036

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **Notice of Trial** | | | | |
| 27 | 08/05/13 | A | **ANSWER TO AMENDMENT TO PETITION** | See Filings and Proceedings | | 08/07/13 | P |
| 28 | 09/19/13 | MISC | **MOTION by resp. to consolidate 28897-10, 5816-11 & 5817-11** | See Filings and Proceedings | GR 09/20/2013 | 09/20/13 | B |
| 29 | 09/20/13 | MISC | **MOTION by petr. to continue** | See Filings and Proceedings | ORD 10/21/2013 | 09/25/13 | R |
| 30 | 09/30/13 | OAJ | **ORDER that case is assigned to Judge Jacobs . The motion to continue is granted and these cases are stricken from the 11/18/13 trial Miami, FL. and continued.** | | | 10/21/13 | B |
| 31 | 09/16/15 | M115 | **MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION by Petr. Diane Birdman (C/S 09/16/15) (EXHIBITS) (NO OBJECTION)** | See Filings and Proceedings | ORD 09/18/2015 | 09/16/15 | R |
| 32 | 09/16/15 | MISCL | **SECOND AMENDMENT TO PETITION by Petr. Diane Birdman (ELODGED) (C/S 09/16/15)** | See Filings and Proceedings | | 09/16/15 | R |
| 33 | 09/18/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE AMENDMENT TO AMENDED PETITION BY PETR. DIANE BIRDMAN FILED 09/16/2015. THE WRONG DOCUMENT** | | | 09/18/15 | B |

Apdnx-037

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION FILED BY PETITIONER. | | | | |
| 34 | 09/18/15 | NODC | NOTICE OF DOCKET CHANGE OF AMENDMENT TO AMENDED PETITION BY PETR. DIANE BIRDMAN LODGED 09/16/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT SECOND AMENDMENT TO PETITION LODGED BY PETITIONER. | | | 09/18/15 | B |
| 35 | 09/18/15 | O | ORDER THAT PETR'S. MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION IS GRANTED AND THE SECOND AMENDMENT TO PETITION IS FILED AS OF THE DATE OF THIS ORDER. | | | 09/21/15 | B |
| 36 | 09/18/15 | MISC | SECOND AMENDMENT TO PETITION by Petr. Diane Birdman | See Filings and Proceedings | | 09/21/15 | R |
| 37 | 10/09/15 | AATS | ANSWER TO SECOND AMENDMENT TO | See Filings and | | 10/09/15 | P |

Apdnx-038

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| | | | PETITION by Resp. | Proceedings | | | |
| 38 | 10/30/15 | REPL | **REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION by Petr. Diane Birdman** | See Filings and Proceedings | | 10/30/15 | R |
| 39 | 11/02/15 | NODC | **NOTICE OF DOCKET CHANGE OF REPLY TO ANSWER TO SECOND AMENDED PETITION BY PETR. DIANE BIRDMAN FILED 10/30/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION FILED BY PETITIONER.** | | | 11/02/15 | B |
| 40 | 11/02/15 | M007 | **MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS) (WITHDRAWN)** | See Filings and Proceedings | ORD 03/27/2017 | 11/02/15 | R |
| 41 | 11/06/15 | M121 | **MOTION FOR JUDGMENT ON THE PLEADINGS by Petr. Diane Birdman (EXHIBITS) (REDACTED)** | See Filings and Proceedings | ORD 02/06/2017 | 11/06/15 | R |
| 42 | 11/06/15 | M115 | **MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE** | See Filings and Proceedings | DNM 11/10/2015 | 11/06/15 | R |

Apdnx-039

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | | | | |
| 43 | 11/06/15 | SPMT | **FIRST SUPPLEMENT TO MOTION FOR JUDGMENT ON THE PLEADINGS by Petr. Diane Birdman** | See Filings and Proceedings | ORD 02/06/2017 | 11/06/15 | R |
| 44 | 11/09/15 | O | **ORDER RESP. BY 11/30/15 FILE A RESPONSE TO MOTION FOR ENTRY OF DECISION.** | | | 11/10/15 | B |
| 45 | 11/10/15 | MISC | **DENIED MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 11/10/15 | B |
| 46 | 11/10/15 | O | **ORDER THAT PETR'S. ACTUAL MOTION TITLED AS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IS RETITLED AS SUPPLEMENT TO MOTION FOR JUDGMENT ON THE PLEADINGS. RESP. BY 12/1/15 FILE A RESPONSE TO PETR'S. MOTION FOR JUDGMENT ON THE** | | | 11/10/15 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | PLEADINGS, AS SUPPLEMENTED. | | | | |
| 47 | 11/23/15 | RSP | RESPONSE TO MOTION FOR ENTRY OF DECISION by Resp. (EXHIBIT) | See Filings and Proceedings | | 11/23/15 | P |
| 48 | 11/30/15 | OBJN | NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED by Resp. (EXHIBIT) | See Filings and Proceedings | | 11/30/15 | P |
| 49 | 12/01/15 | NODC | NOTICE OF DOCKET CHANGE OF NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY RESP. FILED 11/30/2015. THE DOCKET ENTRY TEXT WAS CHANGED TO NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED FILED BY RESPONDENT. | | | 12/01/15 | B |
| 50 | 12/03/15 | M115 | MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |

Apdnx-041

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | Birdman; & Harvey Birdman (OBJECTION) | | | | |
| 51 | 12/03/15 | M115 | **MOTION FOR LEAVE TO FILE REPLIES TO RESPONDENT'S OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |
| 52 | 12/07/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 12/03/2015. THE DOCKET ENTRY TEXT WAS CHANGED TO MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION FILED BY PETITIONERS.** | | | 12/07/15 | B |

Apdnx-042

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 53 | 12/23/15 | REPL | **REPLY TO RESPONSE TO MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 12/23/15 | R |
| 54 | 12/23/15 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED by Petr. Diane Birdman** | See Filings and Proceedings | | 12/23/15 | R |
| 55 | 02/08/16 | M018 | **MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 02/08/16 | R |
| 56 | 03/16/16 | EA | **ENTRY OF APPEARANCE by Counsel Christopher J. Rajotte for Petr. Diane Birdman** | See Filings and Proceedings | | 03/16/16 | B |
| 57 | 04/08/16 | STAT | **STATEMENT OF WAIVER by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 04/08/16 | R |
| 58 | 05/31/16 | NDC | **NOTICE OF DEATH OF COUNSEL MITCHELL S. FUERST, ESQ. by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/31/16 | R |

Apdnx-043

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 59 | 06/13/16 | O | **ORDER PETR. COUNSEL MITCHELL FUERST IS WITHDRAWN AS COUNSEL OF RECORD.** | | | 06/14/16 | B |
| 60 | 02/06/17 | O | **ORDER PETR. MOTION FOR JUDGMENT ON THE PLEADINGS, AS SUPPLEMENT IS DENIED.** | | | 02/08/17 | B |
| 61 | 02/14/17 | O | **ORDER SET 3/29/17 DC MOTIONS FOR HEARING ON PETRS. MOTION FOR ENTRY OF DECISION.** | | | 02/15/17 | B |
| 62 | 03/24/17 | M111 | **MOTION TO WITHDRAW MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | ORD 03/27/2017 | 03/24/17 | R |
| 63 | 03/27/17 | O | **ORDER PETITIONERS' MOTION TO WITHDRAW IS GRANTED IN THAT PETITIONERS' MOTION FOR ENTRY OF DECISION FILED 11/2/15 IS DEEMED WITHDRAWN. THE HEARING IS STRICKEN FROM THE 3/29/17 MOTIONS SESSION.** | | | 03/27/17 | B |

Apdnx-044

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 64 | 04/09/17 | NCAP | **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER by Counsel Joseph A. DiRuzzo, III** | See Filings and Proceedings | | 04/09/17 | R |
| 65 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 66 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE REPLIES TO RESPONDENT'S OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 67 | 05/01/17 | MISC | **DENIED MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 68 | 06/05/17 | M023 | **MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS** | See Filings and Proceedings | ORD 06/07/2017 | 06/05/17 | R |

Apdnx-045

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBIT) | | | | |
| 69 | 06/07/17 | OSC | ORDER RESP. BY 7-7-17 FILE A RESPONSE SHOWING WHY THE MATTER SHALL NOT BE DEEMED ADMITTED. PETRS. MOTION TO SHOW CAUSE IS GRANTED. (DISCHARGED) | | ORD 07/06/2017 | 06/07/17 | B |
| 70 | 06/29/17 | OBJN | NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Resp. (EXHIBITS) | See Filings and Proceedings | | 06/29/17 | P |
| 71 | 06/30/17 | NODC | NOTICE OF DOCKET CHANGE OF RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) BY RESP. FILED 06/29/2017. THE WRONG DOCUMENT TITLE WAS SELECTED | | | 06/30/17 | B |

Apdnx-046

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **AND THE RECORD HAS BEEN CORRECTED TO REFLECT NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) FILED BY RESPONDENT.** | | | | |
| 72 | 07/06/17 | O | **ORDER THE COURT'S ORDER TO SHOW CAUSE, DATED 6/7/17, IS DISCHARGED.** | | | 07/07/17 | B |
| 73 | 07/08/17 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | | 07/08/17 | R |
| 74 | 08/25/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | DNM 09/26/2017 | 08/25/17 | R |
| 75 | 08/26/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by** | See Filings and | DNM 09/25/2017 | 08/26/17 | R |

Apdnx-047

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | **Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | Proceedings | | | |
| 76 | 08/29/17 | O | **ORDER RESP. BY 9-29-17 FILE A RESPONSE TO PETRS. MOTION TO TAKE JUDICIAL NOTICE FILED 8-25-17 AND 8-26-17.** | | | 08/29/17 | B |
| 77 | 09/08/17 | M000 | **MOTION TO FILE IN PAPER FORM HIS RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS by Resp. (C/S 09/05/17)** | See Filings and Proceedings | ORD 09/13/2017 | 09/11/17 | P |
| 78 | 09/08/17 | MISCL | **RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp. (LODGED)** | See Filings and Proceedings | | 09/11/17 | P |
| 79 | 09/13/17 | O | **ORDER THAT RESP'S. MOTION FILED 9-8-17 IS GRANTED. RESP'S. RESPONSE TO FIRST REQUEST FOR ADMISSIONS LODGED 9-8-17 IS FILED AS OF THE DATE OF THIS ORDER.** | | | 09/13/17 | B |
| 80 | 09/13/17 | RSP | **RESPONSE TO RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp.** | See Filings and Proceedings | | 09/13/17 | P |

Apdnx-048

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 81 | 09/20/17 | OBJE | **OBJECTION TO MOTION TO TAKE JUDICIAL NOTICE by Resp.** | See Filings and Proceedings | | 09/20/17 | P |
| 82 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 09/26/17 | R |
| 83 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 09/26/17 | B |
| 84 | 10/04/17 | M112 | **MOTION TO WITHDRAW AS COUNSEL by Jennifer Correa Riera, Andrew S. Ittleman & Christopher J. Rajotte for Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | GRM 10/11/2017 | 10/04/17 | R |
| 85 | 10/11/17 | MISC | **GRANTED MOTION TO WITHDRAW AS COUNSEL FOR ANDREW S. ITTLEMAN, JENNIFER CORREA AND CHRISTOPHER J. RAJOTTE** | See Filings and Proceedings | | 10/12/17 | B |
| 86 | 05/23/18 | M081 | **Motion to Impose Sanctions** | See Filings and | ORD 1-11-24 | 05/23/18 | R |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Proceedings | | | | |
| 87 | 06/30/18 | M034 | **MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | ORD 04/26/2019 | 06/30/18 | R |
| 88 | 06/30/18 | EXH | **EXHIBIT(S) by Counsel Joseph A. DiRuzzo, III (EXHIBITS)** | See Filings and Proceedings | | 06/30/18 | R |
| 89 | 07/06/18 | M000 | **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY THIRD-PARTY WITNESS VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 07/06/18) (EXHIBITS)** | See Filings and Proceedings | | 07/06/18 | R |
| 90 | 07/10/18 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 07/06/2018. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO** | | | 07/10/18 | B |

Apdnx-050

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
|  |  |  | REFLECT AS A MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY PETITIONERS. |  |  |  |  |
| 91 | 08/03/18 | NCA | NOTICE OF CHANGE OF ADDRESS by Counsel Joseph A. DiRuzzo, III for Petr. Diane Birdman | See Filings and Proceedings |  | 08/03/18 | R |
| 92 | 09/20/18 | M063 | Motion to Compel Discovery | See Filings and Proceedings | ORD 1-11-24 | 09/20/18 | R |
| 93 | 09/26/18 | STIP | FIRST STIPULATION OF FACTS by Resp. & Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 09/26/18) (EXHIBITS) | See Filings and Proceedings |  |  |  |
| 94 | 02/07/19 | EA | ENTRY OF APPEARANCE by Counsel Daniel M. Lader for Petr. Diane Birdman | See Filings and Proceedings |  | 02/07/19 | B |
| 95 | 02/07/19 | SPMT | FIRST SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | See Filings and Proceedings | ORD 04/26/2019 | 02/07/19 | R |
| 96 | 04/26/19 | O | ORDER THAT PETITIONERS' MOTION FOR SUMMARY JUDGMENT, AS |  |  | 04/26/19 | B |

Apdnx-051

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | SUPPLEMENTED, IS DENIED. | | | | |
| 97 | 01/31/20 | OAJ | **ORDER THAT CASE IS ASSIGNED TO JUDGE URDA .** | | | 01/31/20 | B |
| 98 | 02/19/20 | O | **ORDER PARTIES SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN ONE WEEK FOLLOWING THE ISSUANCE BY THE COURT OF APPEALS FOR THE 8TH CIRCUIT. PARTIES SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN 30 DAYS AFTER THE EXPIRATION OF THE PERIOD DURING WHICH A PETITION FOR CERTIORARI MAY BE FILED WITH THE SUPREME COURT OF THE UNITED STATES.** | | | 02/19/20 | B |
| 99 | 03/31/22 | O | **Order that parties by 4-19-22 file a joint status report.** | | | 03/31/22 | B |
| 100 | 04/11/22 | RPT | **Status Report** | Resp. & Petr. Diane Birdman | | 04/11/22 | B |
| 101 | 05/31/22 | M000 | **Motion for jury trial** | Petr. Diane | | 05/31/22 | B |

Apdnx-052

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Birdman | | | |
| 102 | 06/02/22 | SOC | **Substitution of Counsel for Respondent (No Objection)** (No Objection) | Resp. | | 06/02/22 | B |
| 103 | 06/07/22 | O | **Order that resp. by 7-5-22 file a response to the memorandum.** | | | 06/07/22 | B |
| 104 | 06/30/22 | M105 | **Motion to Strike (Objection)** (Objection) | Petr. Diane Birdman | ORD 6-16-23 | 06/30/22 | B |
| 105 | 07/03/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | Order 7/7/2022 | 07/03/22 | B |
| 106 | 07/03/22 | EA | **Entry of Appearance for Respondent** | Resp. | | 07/03/22 | B |
| 107 | 07/07/22 | O | **Order that, on or before August 4, 2022, the Commissioner shall file a response to the motion to strike.** | | | 07/07/22 | B |
| 108 | 07/07/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file a response to petitioners' memorandum is extended until September 6, 2022.** | | | 07/07/22 | B |
| 109 | 07/11/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 07/11/22 | B |
| 110 | 07/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner** | | | 07/14/22 | B |

Apdnx-053

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
|     |      |       | **shall file a response to petitioner's motion to strike is extended until September 6, 2022.** |  |  |  |  |
| 111 | 07/15/22 | EA | **Entry of Appearance for Respondent** | Resp. |  | 07/15/22 | B |
| 112 | 07/28/22 | NOTW | **Notice of Withdrawal as Counsel** | Resp. |  | 07/28/22 | B |
| 113 | 08/18/22 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petr. Diane Birdman |  | 08/18/22 | B |
| 114 | 08/30/22 | O | **Order that resp. by 9-13-22 file a response to petitioners' motion for oral argument.** |  |  | 08/30/22 | B |
| 115 | 09/01/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 9/7/22 | 09/01/22 | B |
| 116 | 09/05/22 | RSP | **Response to Memorandum** | Resp. |  | 09/05/22 | B |
| 117 | 09/05/22 | RSP | **Response to Motion for Oral Argument** | Resp. |  | 09/05/22 | B |
| 118 | 09/07/22 | O | **Motion for Extension of Time GRANTED** |  |  | 09/07/22 | B |
| 119 | 10/03/22 | O | **Order that petitioners' memorandum is recharacterized as petitioners' motion for jury trial. Resp. response to memorandum (Doc. 115), filed September 5, 2022, in Docket No. 28897-10, is hereby stricken from the Court's record as it appears that this was filed for the** |  |  | 10/03/22 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
|  |  |  | **wrong case. Resp. response to memorandum (Doc. 116), filed September 5, 2022, is hereby recharacterized as the Commissioner's response to motion for jury trial.** |  |  |  |  |
| 120 | 10/06/22 | RSP | **Response to Motion to Strike** | Resp. |  | 10/06/22 | B |
| 121 | 10/11/22 | O | **Order that petitioners' motion for jury trial, filed May 27, 2022, is denied. Petitioners motion for oral argument, filed August 18, 2022, is denied.** |  |  | 10/11/22 | B |
| 122 | 10/12/22 | O | **Order that petitioners by 11-2-22 file a reply to resp. response to the motion to strike.** |  |  | 10/12/22 | B |
| 123 | 10/18/22 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petr. Diane Birdman | Order 12/12/2022 | 10/18/22 | B |
| 124 | 10/18/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Petr. Diane Birdman |  | 10/18/22 | B |
| 125 | 10/19/22 | O | **Order that petitioners' motion for extension of time is granted, and the time in which petitioners shall file their reply to the Commissioner's response to the motion to strike is now extended until December 2, 2022.** |  |  | 10/19/22 | B |
| 126 | 10/21/22 | O | **Order that resp. by 11-10-22 file a response to** |  |  | 10/21/22 | B |

Apdnx-055

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | petitioners' motion for reconsideration. | | | | |
| 127 | 11/08/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 11/08/22 | B |
| 128 | 11/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, in that the time in which the Commissioner shall file a response to petitioners' motion for reconsideration is now extended until November 15, 2022.** | | | 11/14/22 | B |
| 129 | 11/15/22 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 11/15/22 | B |
| 130 | 11/15/22 | M115 | **Motion for Leave to File Reply to Response to Motion for Reconsideration of Order (No Objection)** (No Objection) | Petr. Diane Birdman | ORD 11/18/22 | 11/15/22 | B |
| 131 | 11/18/22 | O | **Order petitioners' Motion for Leave to File Reply to Response to Motion for Reconsideration of Order is granted in that petitioners by November 28, 2022 shall file a Reply to Response to Motion for Reconsideration of Order.** | | | 11/18/22 | B |
| 132 | 11/22/22 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petr. Diane Birdman | | 11/22/22 | B |
| 133 | 12/01/22 | REPL | **Reply to Response to** | Petr. Diane | | 12/01/22 | B |

Apdnx-056

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Motion to Strike | Birdman | | | |
| 134 | 12/12/22 | O | Order that the Birdmans' motion for reconsideration of order is denied as stated herin. | | | 12/12/22 | B |
| 135 | 06/16/23 | O | Order that the petitioner's motion to strike, filed June 30, 2022, is denied. | | | 06/16/23 | B |
| 136 | 06/23/23 | M005 | Motion for Certification of an Interlocutory Order to Permit Immediate Appeal (Objection) (Objection) | Petr. Diane Birdman | | 06/23/23 | B |
| 137 | 06/27/23 | O | Order that resp. by 7-11-23 file a response to petitioners' motion for certification of an interlocutory order to permit immediate appeal. | | | 06/27/23 | B |
| 138 | 06/29/23 | M105 | Motion to Strike (Objection) (Objection) | Petr. Diane Birdman | | 06/29/23 | B |
| 139 | 06/30/23 | EXH | Exhibit(s) 1 THROUGH 13 to Motion to Strike | Petr. Diane Birdman | | 06/30/23 | B |
| 140 | 06/30/23 | EXH | Exhibit(s) 14 THROUGH 17 to Motion to Strike | Petr. Diane Birdman | | 06/30/23 | B |
| 141 | 07/05/23 | NODC | Notice of Docket Change for Docket Entry No. 139 | | | 07/05/23 | B |
| 142 | 07/05/23 | NODC | Notice of Docket Change for Docket Entry No. 140 | | | 07/05/23 | B |
| 143 | 07/06/23 | O | Order that resp. by 7-27-23 file a response to petitioners Motion to Strike. | | | 07/06/23 | B |

Apdnx-057

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 144 | 07/11/23 | RSP | **Response to Motion for Certification of an Interlocutory Order to Permit Immediate Appeal** | Resp. | | 07/11/23 | B |
| 145 | 07/14/23 | M105 | **Motion to Strike (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD 9-20-23 | 07/14/23 | B |
| 146 | 07/25/23 | O | **Order that by 8-16-23 resp. file a response to petitioner's Motion to Strike.** | | | 07/25/23 | B |
| 147 | 07/26/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 08/02/23 | 07/26/23 | B |
| 148 | 08/02/23 | O | **Order respondent's Motion for Extension of Time is granted in that time is extended to September 25, 2023 for respondent to file a Response to petitioners' Motion to Strike, filed June 29, 2023.** | | | 08/02/23 | B |
| 149 | 08/09/23 | O | **Order that the Birdmans' motion for certification of an interlocutory order to permit immediate appeal, filed June 16, 2023, is denied.** | | | 08/09/23 | B |
| 150 | 08/16/23 | RSP | **Response to Motion to Strike** | Resp. | | 08/16/23 | B |
| 151 | 08/25/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & | | 08/25/23 | B |

Apdnx-058

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 152 | 09/20/23 | O | **Order that the Birdmans' motion to strike, filed July 14, 2023, is denied. Parties by 9-29-23 file a joint status report.** | | | 09/20/23 | B |
| 153 | 09/25/23 | RSP | **Response to Motion to Strike** | Resp. | | 09/25/23 | B |
| 154 | 09/28/23 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & Diane Birdman | | 09/28/23 | B |
| 155 | 10/13/23 | O | **Order set 6-30-25 Miami, FL for Special Trial Session. Parties by 11-13-23 file a joint status report.** | | | 10/13/23 | B |
| 156 | 10/30/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 10/30/23 | B |
| 157 | 11/13/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 11/13/23 | B |
| 158 | 11/14/23 | O | **Motion for Extension of Time GRANTED** | | | 11/14/23 | B |
| 159 | 11/27/23 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & Diane Birdman | | 11/27/23 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 160 | 11/30/23 | O | **Order that the parties are directed to adhere to the following pretrial schedule stated herein.** | | | 11/30/23 | B |
| 161 | 11/30/23 | O | **Order that the Petitioners motion to strike, filed June 29, 2023, is denied.** | | | 11/30/23 | B |
| 162 | 01/11/24 | O | **Order that petitioners' motion to impose sanctions filed May 23, 2018 is hereby denied without prejudice. Petitioners motion to compel compliance with subpoena duces tecum by third-party witness Virgin Islands Bureau of Internal Revenue filed July 6, 2018, is hereby denied without prejudice. Petitioners motion to compel discovery filed September 20, 2018, is hereby denied without prejudice.** | | | 01/11/24 | B |
| 163 | 06/04/24 | EA | **Entry of Appearance for Respondent** | Resp. | | 06/04/24 | B |
| 164 | 07/09/24 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/09/24 | B |
| 165 | 07/10/24 | RPT | **Status Report (Attachment(s))** (Attachment(s)) | Petrs. Diane Birdman & Harvey Birdman | | 07/10/24 | B |
| 166 | 07/11/24 | O | **Order that resp. by 8-1-24 file a response to** | | | 07/11/24 | B |

Apdnx-060

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | petitioners' motion for reconsideration of Order. | | | | |
| 167 | 07/11/24 | O | **Order that petitioners' notice of telephone number filed July 10, 2024, is hereby recharacterized as a status report.** | | | 07/11/24 | B |
| 168 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |
| 169 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |
| 170 | 07/17/24 | M024 | **Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/17/24 | B |
| 171 | 07/17/24 | DCL | **Declaration of Harvey Birdman in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 172 | 07/17/24 | DCL | **Declaration of Herbert Hirsch in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 173 | 07/17/24 | DCL | **Declaration of Louis Birdman in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & | | 07/17/24 | B |

Apdnx-061

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 174 | 07/18/24 | M024 | **Motion for Partial Summary Judgment** | Petr. Harvey Birdman | ORD - 12/20/2024 | 07/18/24 | B |
| 175 | 07/23/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 7-25-24 | 07/23/24 | B |
| 176 | 07/24/24 | O | **Order that resp. by 8-8-24 file a response to the motion for partial summary judgment. Petrs. by 8-29-24 file a reply to Resp. response.** | | | 07/24/24 | B |
| 177 | 07/25/24 | O | **Motion for Extension of Time GRANTED** | | | 07/25/24 | B |
| 178 | 07/29/24 | O | **Order that petitioners' motion to strike filed July 18, 2024, shall be recharacterized as a motion for partial summary judgment. Resp. by 8-12-24 file a response to the motion for partial summary judgment. Petrs. by 9-3-24 file a reply to resp. response.** | | | 07/29/24 | B |
| 179 | 07/29/24 | O | **Order that petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record and petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record.** | | | 07/29/24 | B |

Apdnx-062

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 180 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 181 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 182 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 183 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 184 | 08/08/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 08/08/24 | B |
| 185 | 08/08/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 08/08/24 | B |
| 186 | 08/13/24 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file his response to the motion for partial summary judgment referenced above is extended until September 11, 2024. Petrs. by 10-2-24 file a reply to Resp.** | | | 08/13/24 | B |

Apdnx-063

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| | | | **response to Motion for partial summary judgment.** | | | | |
| 187 | 08/21/24 | M018 | **Motion for Oral Argument Regarding Motion for Reconsideration (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 08/21/24 | B |
| 188 | 08/22/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 08/22/24 | B |
| 189 | 09/04/24 | M115 | **Motion for Leave to File First Supplement to Report** | Petrs. Harvey Birdman & Diane Birdman | | 09/04/24 | B |
| 190 | 09/04/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/04/24 | B |
| 191 | 09/11/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 09/11/24 | B |
| 192 | 09/16/24 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 09/16/24 | B |
| 193 | 09/30/24 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 09/30/24 | B |
| 194 | 09/30/24 | M115 | **Motion for Leave to File First Supplement to Report** | Petrs. Harvey Birdman & | | 09/30/24 | B |

Apdnx-064

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 195 | 09/30/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/30/24 | B |
| 196 | 10/02/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 10/02/24 | B |
| 197 | 11/05/24 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petrs. Harvey Birdman & Diane Birdman | | 11/05/24 | B |
| 198 | 12/20/24 | O | **Motion for Reconsideration of Order DENIED** | | | 12/20/24 | B |
| 199 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 200 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 201 | 12/20/24 | O | **Motion for Oral Argument Regarding Motion for Reconsideration DENIED** | | | 12/20/24 | B |
| 202 | 12/20/24 | O | **Motion for Oral Argument DENIED** | | | 12/20/24 | B |

Apdnx-065

**United States Tax Court**

Washington, DC 20217

Harvey Birdman, Petitioner v. Commissioner of Internal Revenue, Respondent

Docket No. 5817-11

**Printable Docket Record**

| Name | Contact | Counsel |
|------|---------|---------|
| Harvey Birdman | 425 N. Federal Hwy. Hallandale, FL 33009-3448 No Phone | Joseph A. DiRuzzo III (DJ1080) jd@margulisgelfand.com 954-615-1676 Daniel M. Lader (LD0531) dan@margulisgelfand.com 954-615-1676 |

| Respondent Counsel | Respondent Counsel Contact |
|--------------------|----------------------------|
| Michael K. Foster II | michael.v.fosterii@irscounsel.treas.gov 305-982-5333 |
| Derek P. Richman | derek.p.richman@irscounsel.treas.gov 305-982-5302 |
| Daniel C. Munce | daniel.c.munce@irscounsel.treas.gov 305-982-5304 |
| Monica A. Kolovrat | monica.a.kolovrat@irscounsel.treas.gov 305-982-5039 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 1 | 03/10/11 | P | **PETITION Filed:Fee Paid** | See Filings and Proceedings | | 03/15/11 | R |
| 2 | 03/10/11 | RQT | **REQUEST for Place of Trial at Miami, FL** | See Filings and Proceedings | | 03/15/11 | R |

Apdnx-066

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 3 | 04/26/11 | A | **ANSWER** | See Filings and Proceedings | | 04/27/11 | P |
| 4 | 06/07/11 | NCA | **NOTICE of Change of Address for petr's counsel.** | See Filings and Proceedings | | 06/10/11 | R |
| 5 | 06/10/11 | REPL | **REPLY** | See Filings and Proceedings | | 06/10/11 | R |
| 6 | 08/25/11 | NTD | **NOTICE of Trial on 1/30/2012 at Miami, FL.** | | | 08/25/11 | B |
| 7 | 08/25/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 08/25/11 | B |
| 8 | 09/12/11 | MISC | **MOTION by petr. to continue trial generally.** | See Filings and Proceedings | GR 09/14/2011 | 09/14/11 | B |
| 9 | 11/18/11 | NTD | **NOTICE of Trial on 4/10/2012 at Miami, FL.** | | | 11/18/11 | B |
| 10 | 11/18/11 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/18/11 | B |
| 11 | 12/12/11 | EA | **ENTRY OF APPEARANCE by Jennifer Correa Riera.** | See Filings and Proceedings | | 12/13/11 | R |
| 12 | 01/03/12 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 01/09/2012 | 01/10/12 | B |
| 13 | 05/29/12 | NTD | **NOTICE of Trial on 10/29/2012 at Miami, FL.** | | | 05/29/12 | B |
| 14 | 05/29/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 05/29/12 | B |

Apdnx-067

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 15 | 06/21/12 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 06/25/2012 | 06/25/12 | B |
| 16 | 09/24/12 | NTD | **NOTICE of Trial on 2/25/2013 at Miami, FL.** | | | 09/24/12 | B |
| 17 | 09/24/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 09/24/12 | B |
| 18 | 11/01/12 | MISC | **JOINT MOTION for continuance of trial generally.** | See Filings and Proceedings | GR 11/05/2012 | 11/05/12 | B |
| 19 | 11/19/12 | NTD | **NOTICE of Trial on 4/22/2013 at Miami, FL.** | | | 11/19/12 | B |
| 20 | 11/19/12 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 11/19/12 | B |
| 21 | 01/17/13 | MISC | **JOINT MOTION to continue generally.** | See Filings and Proceedings | GR 01/17/2013 | 01/17/13 | B |
| 22 | 06/12/13 | MISC | **MOTION by petr. for leave to file amendment to petition. (C/S 6-6-13)** | See Filings and Proceedings | GR 06/12/2013 | 06/12/13 | B |
| 23 | 06/12/13 | MISCL | **Amendment to Petition (LODGED) (C/S 6-6-13)** | See Filings and Proceedings | | | |
| 24 | 06/12/13 | ADMT | **AMENDMENT TO PETITION** | See Filings and Proceedings | | 06/12/13 | R |
| 25 | 06/17/13 | NTD | **NOTICE of Trial on 11/18/2013 at Miami, FL.** | | | 06/17/13 | B |
| 26 | 06/17/13 | SPTO | **STANDING PRE-TRIAL ORDER attached to Notice of Trial** | | | 06/17/13 | B |

Apdnx-068

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 27 | 08/05/13 | A | **ANSWER TO AMENDMENT TO PETITION** | See Filings and Proceedings | | 08/07/13 | P |
| 28 | 09/19/13 | MISC | **MOTION by resp. to consolidate 28897-10, 5816-11 & 5817-11** | See Filings and Proceedings | GR 09/20/2013 | 09/20/13 | B |
| 29 | 09/20/13 | MISC | **MOTION by petr. to continue** | See Filings and Proceedings | ORD 10/21/2013 | 09/25/13 | R |
| 30 | 09/30/13 | OAJ | **ORDER that case is assigned to Judge Jacobs . The motion to continue is granted and these cases are stricken from the 11/18/13 trial Miami, FL. and continued.** | | | 10/21/13 | B |
| 31 | 09/16/15 | M115 | **MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION by Petr. Harvey Birdman (C/S 09/16/15) (EXHIBITS) (NO OBJECTION)** | See Filings and Proceedings | ORD 09/18/2015 | 09/16/15 | R |
| 32 | 09/16/15 | MISCL | **SECOND AMENDMENT TO PETITION by Petr. Harvey Birdman (ELODGED) (C/S 09/16/15)** | See Filings and Proceedings | | 09/16/15 | R |
| 33 | 09/18/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE AMENDMENT TO AMENDED PETITION BY PETR. HARVEY BIRDMAN FILED 09/16/2015. THE WRONG DOCUMENT TITLE WAS SELECTED** | | | 09/18/15 | B |

Apdnx-069

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | AND THE RECORD HAS BEEN CORRECTED TO REFLECT MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION FILED BY PETITIONER. | | | | |
| 34 | 09/18/15 | NODC | NOTICE OF DOCKET CHANGE OF AMENDMENT TO AMENDED PETITION BY PETR. HARVEY BIRDMAN LODGED 09/16/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT SECOND AMENDMENT TO PETITION LODGED BY PETITIONER. | | | 09/18/15 | B |
| 35 | 09/18/15 | O | ORDER THAT PETR'S. MOTION FOR LEAVE TO FILE SECOND AMENDMENT TO PETITION IS GRANTED AND THE SECOND AMENDMENT TO PETITION IS FILED AS OF THE DATE OF THIS ORDER. | | | 09/21/15 | B |
| 36 | 09/18/15 | MISC | SECOND AMENDMENT TO PETITION by Petr. Harvey Birdman | See Filings and Proceedings | | 09/21/15 | R |
| 37 | 10/09/15 | AATS | ANSWER TO SECOND AMENDMENT TO PETITION by Resp. | See Filings and Proceedings | | 10/09/15 | P |

Apdnx-070

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 38 | 10/30/15 | REPL | **REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION by Petr. Harvey Birdman** | See Filings and Proceedings | | 10/30/15 | R |
| 39 | 11/02/15 | NODC | **NOTICE OF DOCKET CHANGE OF REPLY TO ANSWER TO SECOND AMENDED PETITION BY PETR. HARVEY BIRDMAN FILED 10/30/2015. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT REPLY TO ANSWER TO SECOND AMENDMENT TO PETITION FILED BY PETITIONER.** | | | 11/02/15 | B |
| 40 | 11/02/15 | M007 | **MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS) (WITHDRAWN)** | See Filings and Proceedings | ORD 03/27/2017 | 11/02/15 | R |
| 41 | 11/06/15 | M121 | **MOTION FOR JUDGMENT ON THE PLEADINGS by Petr. Harvey Birdman (EXHIBITS) (REDACTED)** | See Filings and Proceedings | ORD 02/06/2017 | 11/06/15 | R |
| 42 | 11/06/15 | M115 | **MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs.** | See Filings and Proceedings | DNM 11/10/2015 | 11/06/15 | R |

Apdnx-071

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | | | | |
| 43 | 11/06/15 | SPMT | **FIRST SUPPLEMENT TO MOTION FOR JUDGMENT ON THE PLEADINGS by Petr. Harvey Birdman** | See Filings and Proceedings | ORD 02/06/2017 | 11/06/15 | R |
| 44 | 11/09/15 | O | **ORDER RESP. BY 11/30/15 FILE A RESPONSE TO MOTION FOR ENTRY OF DECISION.** | | | 11/10/15 | B |
| 45 | 11/10/15 | MISC | **DENIED MOTION FOR LEAVE TO FILE UNREDACTED MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 11/10/15 | B |
| 46 | 11/10/15 | O | **ORDER THAT PETR'S. DOCUMENT FILED 11/6/15 AT 6:46 P.M., IS HEREBY RETITLED AS SUPPLEMENT TO MOTION FOR JUDGMENT ON THE PLEADINGS. RESP. BY 12/1/15 FILE A RESPONSE TO PETR'S. MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED.** | | | 11/10/15 | B |
| 47 | 11/23/15 | RSP | **RESPONSE TO MOTION FOR ENTRY** | See Filings and | | 11/23/15 | P |

Apdnx-072

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | OF DECISION by Resp. (EXHIBIT) | Proceedings | | | |
| 48 | 11/30/15 | OBJN | **NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED by Resp. (EXHIBIT)** | See Filings and Proceedings | | 11/30/15 | P |
| 49 | 12/01/15 | NODC | **NOTICE OF DOCKET CHANGE OF NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY RESP. FILED 11/30/2015. THE DOCKET ENTRY TEXT WAS CHANGED TO NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED FILED BY RESPONDENT.** | | | 12/01/15 | B |
| 50 | 12/03/15 | M115 | **MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |
| 51 | 12/03/15 | M115 | **MOTION FOR LEAVE TO FILE REPLIES TO RESPONDENT'S** | See Filings and Proceedings | DNM 05/01/2017 | 12/03/15 | R |

Apdnx-073

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | | | | |
| 52 | 12/07/15 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION FOR LEAVE TO FILE MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 12/03/2015. THE DOCKET ENTRY TEXT WAS CHANGED TO MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION FILED BY PETITIONERS.** | | | 12/07/15 | B |
| 53 | 12/23/15 | REPL | **REPLY TO RESPONSE TO MOTION FOR ENTRY OF DECISION** by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | See Filings and Proceedings | | 12/23/15 | R |

Apdnx-074

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 54 | 12/23/15 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR JUDGMENT ON THE PLEADINGS AS SUPPLEMENTED by Petr. Harvey Birdman** | See Filings and Proceedings | | 12/23/15 | R |
| 55 | 02/08/16 | M018 | **MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | DNM 05/01/2017 | 02/08/16 | R |
| 56 | 03/16/16 | EA | **ENTRY OF APPEARANCE by Counsel Christopher J. Rajotte for Petr. Harvey Birdman** | See Filings and Proceedings | | 03/16/16 | B |
| 57 | 04/08/16 | STAT | **STATEMENT OF WAIVER by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 04/08/16 | R |
| 58 | 05/31/16 | NDC | **NOTICE OF DEATH OF COUNSEL MITCHELL S. FUERST, ESQ. by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/31/16 | R |
| 59 | 06/13/16 | O | **ORDER PETR. COUNSEL MITCHELL FUERST IS WITHDRAWN AS COUNSEL OF RECORD.** | | | 06/14/16 | B |

Apdnx-075

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 60 | 02/06/17 | O | **ORDER PETR. MOTION FOR JUDGMENT ON THE PLEADINGS, AS SUPPLEMENT IS DENIED.** | | | 02/08/17 | B |
| 61 | 02/14/17 | O | **ORDER SET 3/29/17 DC MOTIONS FOR HEARING ON PETRS. MOTION FOR ENTRY OF DECISION.** | | | 02/15/17 | B |
| 62 | 03/24/17 | M111 | **MOTION TO WITHDRAW MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | ORD 03/27/2017 | 03/24/17 | R |
| 63 | 03/27/17 | O | **ORDER PETITIONERS' MOTION TO WITHDRAW IS GRANTED IN THAT PETITIONERS' MOTION FOR ENTRY OF DECISION FILED 11/2/15 IS DEEMED WITHDRAWN. THE HEARING IS STRICKEN FROM THE 3/29/17 MOTIONS SESSION.** | | | 03/27/17 | B |
| 64 | 04/09/17 | NCAP | **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER by Counsel Joseph A. DiRuzzo, III** | See Filings and Proceedings | | 04/09/17 | R |

Apdnx-076

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 65 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF DECISION by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 66 | 05/01/17 | MISC | **DENIED MOTION FOR LEAVE TO FILE REPLIES TO RESPONDENT'S OBJECTIONS TO PETITIONERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 67 | 05/01/17 | MISC | **DENIED MOTION FOR ORAL ARGUMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 05/02/17 | B |
| 68 | 06/05/17 | M023 | **MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane** | See Filings and Proceedings | ORD 06/07/2017 | 06/05/17 | R |

Apdnx-077

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | Birdman; & Harvey Birdman (EXHIBIT) | | | | |
| 69 | 06/07/17 | OSC | **ORDER RESP. BY 7-7-17 FILE A RESPONSE SHOWING WHY THE MATTER SHALL NOT BE DEEMED ADMITTED. PETRS. MOTION TO SHOW CAUSE IS GRANTED. (DISCHARGED)** | | ORD 07/06/2017 | 06/07/17 | B |
| 70 | 06/29/17 | OBJN | **NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Resp. (EXHIBITS)** | See Filings and Proceedings | | 06/29/17 | P |
| 71 | 06/30/17 | NODC | **NOTICE OF DOCKET CHANGE OF RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) BY RESP. FILED 06/29/2017. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT NOTICE OF OBJECTION TO** | | | 06/30/17 | B |

Apdnx-078

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
|  |  |  | **MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) FILED BY RESPONDENT.** |  |  |  |  |
| 72 | 07/06/17 | O | **ORDER THE COURT'S ORDER TO SHOW CAUSE, DATED 6/7/17, IS DISCHARGED.** |  |  | 07/07/17 | B |
| 73 | 07/08/17 | REPL | **REPLY TO NOTICE OF OBJECTION TO MOTION FOR ORDER TO SHOW CAUSE WHY PROPOSED FACTS AND EVIDENCE SHOULD NOT BE ACCEPTED AS ESTABLISHED PURSUANT TO RULE 91(F) by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings |  | 07/08/17 | R |
| 74 | 08/25/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | DNM 09/26/2017 | 08/25/17 | R |
| 75 | 08/26/17 | M109 | **MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (EXHIBITS)** | See Filings and Proceedings | DNM 09/25/2017 | 08/26/17 | R |

Apdnx-079

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 76 | 08/29/17 | O | **ORDER RESP. BY 9-29-17 FILE A RESPONSE TO PETRS. MOTION TO TAKE JUDICIAL NOTICE FILED 8-25-17 AND 8-26-17.** | | | 08/29/17 | B |
| 77 | 09/08/17 | M000 | **MOTION TO FILE IN PAPER FORM HIS RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS by Resp. (C/S 09/05/17)** | See Filings and Proceedings | ORD 09/13/2017 | 09/11/17 | P |
| 78 | 09/08/17 | MISCL | **RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp. (LODGED)** | See Filings and Proceedings | | 09/11/17 | P |
| 79 | 09/13/17 | O | **ORDER THAT RESP'S. MOTION FILED 9-8-17 IS GRANTED. RESP'S. RESPONSE TO FIRST REQUEST FOR ADMISSIONS LODGED 9-8-17 IS FILED AS OF THE DATE OF THIS ORDER.** | | | 09/13/17 | B |
| 80 | 09/13/17 | RSP | **RESPONSE TO RESPONSE TO PETITIONER'S FIRST REQUEST FOR ADMISSIONS. by Resp.** | See Filings and Proceedings | | 09/13/17 | P |
| 81 | 09/20/17 | OBJE | **OBJECTION TO MOTION TO TAKE JUDICIAL NOTICE by Resp.** | See Filings and Proceedings | | 09/20/17 | P |
| 82 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL** | See Filings and | | 09/26/17 | R |

Apdnx-080

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman | Proceedings | | | |
| 83 | 09/25/17 | MISC | **DENIED MOTION TO TAKE JUDICIAL NOTICE by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | | 09/26/17 | B |
| 84 | 10/04/17 | M112 | **MOTION TO WITHDRAW AS COUNSEL by Jennifer Correa Riera, Andrew S. Ittleman & Christopher J. Rajotte for Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (NO OBJECTION)** | See Filings and Proceedings | GRM 10/11/2017 | 10/04/17 | R |
| 85 | 10/11/17 | MISC | **GRANTED MOTION TO WITHDRAW AS COUNSEL FOR ANDREW S. ITTLEMAN, JENNIFER CORREA AND CHRISTOPHER J. RAJOTTE** | See Filings and Proceedings | | 10/12/17 | B |
| 86 | 05/23/18 | M081 | **MOTION TO IMPOSE SANCTIONS by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 05/23/18) (EXHIBITS)** | See Filings and Proceedings | | 05/23/18 | R |

Apdnx-081

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 87 | 06/30/18 | M034 | **MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (OBJECTION)** | See Filings and Proceedings | ORD 04/26/2019 | 06/30/18 | R |
| 88 | 06/30/18 | EXH | **EXHIBIT(S) by Counsel Joseph A. DiRuzzo, III (EXHIBITS)** | See Filings and Proceedings | | 06/30/18 | R |
| 89 | 07/06/18 | M000 | **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY THIRD-PARTY WITNESS VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE** by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 07/06/18) (EXHIBITS) | See Filings and Proceedings | | 07/06/18 | R |
| 90 | 07/10/18 | NODC | **NOTICE OF DOCKET CHANGE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PETRS. HARVEY BIRDMAN & DIANE BIRDMAN; DIANE BIRDMAN; & HARVEY BIRDMAN FILED 07/06/2018. THE WRONG DOCUMENT TITLE WAS SELECTED AND THE RECORD HAS BEEN CORRECTED TO REFLECT AS A MOTION TO COMPEL** | | | 07/10/18 | B |

Apdnx-082

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **COMPLIANCE WITH SUBPOENA DUCES TECUM BY PETITIONERS.** | | | | |
| 91 | 08/03/18 | NCA | **NOTICE OF CHANGE OF ADDRESS by Counsel Joseph A. DiRuzzo, III for Petr. Harvey Birdman** | See Filings and Proceedings | | 08/03/18 | R |
| 92 | 09/20/18 | M063 | **Motion to Compel Discovery** | See Filings and Proceedings | ORD 1-11-24 | 09/20/18 | R |
| 93 | 09/26/18 | STIP | **FIRST STIPULATION OF FACTS by Resp. & Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman (C/S 09/26/18) (EXHIBITS)** | See Filings and Proceedings | | | |
| 94 | 02/07/19 | EA | **ENTRY OF APPEARANCE by Counsel Daniel M. Lader for Petr. Harvey Birdman** | See Filings and Proceedings | | 02/07/19 | B |
| 95 | 02/07/19 | SPMT | **FIRST SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT by Petrs. Harvey Birdman & Diane Birdman; Diane Birdman; & Harvey Birdman** | See Filings and Proceedings | ORD 04/26/2019 | 02/07/19 | R |
| 96 | 04/26/19 | O | **ORDER THAT PETITIONERS' MOTION FOR SUMMARY JUDGMENT, AS SUPPLEMENTED, IS DENIED.** | | | 04/26/19 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 97 | 01/31/20 | OAJ | **ORDER THAT CASE IS ASSIGNED TO JUDGE URDA .** | | | 01/31/20 | B |
| 98 | 02/19/20 | O | **ORDER PARTIES SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN ONE WEEK FOLLOWING THE ISSUANCE BY THE COURT OF APPEALS FOR THE 8TH CIRCUIT. PARTIES SHALL CONTACT THE CHAMBERS FOR THE PURPOSE OF A TELEPHONE CONFERENCE CALL NO LATER THAN 30 DAYS AFTER THE EXPIRATION OF THE PERIOD DURING WHICH A PETITION FOR CERTIORARI MAY BE FILED WITH THE SUPREME COURT OF THE UNITED STATES.** | | | 02/19/20 | B |
| 99 | 03/31/22 | O | **Order that parties by 4-19-22 file a joint status report.** | | | 03/31/22 | B |
| 100 | 04/11/22 | RPT | **Status Report** | Resp. & Petr. Harvey Birdman | | 04/11/22 | B |
| 101 | 05/27/22 | M000 | **Motion for jury trial** | Petr. Harvey Birdman | | 05/27/22 | B |

Apdnx-084

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 102 | 06/02/22 | SOC | **Substitution of Counsel for Respondent (No Objection)** (No Objection) | Resp. | | 06/02/22 | B |
| 103 | 06/07/22 | O | **Order that resp. by 7-5-22 file a response to the memorandum.** | | | 06/07/22 | B |
| 104 | 06/30/22 | M105 | **Motion to Strike (Objection)** (Objection) | Petr. Harvey Birdman | ORD 6-16-23 | 06/30/22 | B |
| 105 | 07/03/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | Order 7/7/2022 | 07/03/22 | B |
| 106 | 07/03/22 | EA | **Entry of Appearance for Respondent** | Resp. | | 07/03/22 | B |
| 107 | 07/07/22 | O | **Order that, on or before August 4, 2022, the Commissioner shall file a response to the motion to strike.** | | | 07/07/22 | B |
| 108 | 07/07/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file a response to petitioners' memorandum is extended until September 6, 2022** | | | 07/07/22 | B |
| 109 | 07/11/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 07/11/22 | B |
| 110 | 07/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file a response to** | | | 07/14/22 | B |

Apdnx-085

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
|     |      |       | petitioner's motion to strike is extended until September 6, 2022. |  |  |  |  |
| 111 | 07/15/22 | EA | **Entry of Appearance for Respondent** | Resp. |  | 07/15/22 | B |
| 112 | 07/28/22 | NOTW | **Notice of Withdrawal as Counsel** | Resp. |  | 07/28/22 | B |
| 113 | 08/18/22 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petr. Harvey Birdman |  | 08/18/22 | B |
| 114 | 08/30/22 | O | **Order that resp. by 9-13-22 file a response to petitioners' motion for oral argument.** |  |  | 08/30/22 | B |
| 115 | 09/01/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 9/7/22 | 09/01/22 | B |
| 116 | 09/05/22 | RSP | **Response to Memorandum** | Resp. |  | 09/05/22 | B |
| 117 | 09/05/22 | RSP | **Response to Motion for Oral Argument** | Resp. |  | 09/05/22 | B |
| 118 | 09/07/22 | O | **Motion for Extension of Time GRANTED** |  |  | 09/07/22 | B |
| 119 | 10/03/22 | O | **Order that petitioners' memorandum is recharacterized as petitioners' motion for jury trial. Resp. response to memorandum (Doc. 115), filed September 5, 2022, in Docket No. 28897-10, is hereby stricken from the Court's record as it appears that this was filed for the wrong case. Resp.** |  |  | 10/03/22 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | response to memorandum (Doc. 116), filed September 5, 2022, is hereby recharacterized as the Commissioner's response to motion for jury trial. | | | | |
| 120 | 10/06/22 | RSP | **Response to Motion to Strike** | Resp. | | 10/06/22 | B |
| 121 | 10/11/22 | O | **Order that petitioners' motion for jury trial, filed May 27, 2022, is denied. Petitioners motion for oral argument, filed August 18, 2022, is denied.** | | | 10/11/22 | B |
| 122 | 10/12/22 | O | **Order that petitioners by 11-2-22 file a reply to resp. response to the motion to strike.** | | | 10/12/22 | B |
| 123 | 10/18/22 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petr. Harvey Birdman | Order 12/12/2022 | 10/18/22 | B |
| 124 | 10/18/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Petr. Harvey Birdman | | 10/18/22 | B |
| 125 | 10/19/22 | O | **Order that petitioners' motion for extension of time is granted, and the time in which petitioners shall file their reply to the Commissioner's response to the motion to strike is now extended until December 2, 2022.** | | | 10/19/22 | B |
| 126 | 10/21/22 | O | **Order that resp. by 11-10-22 file a response to** | | | 10/21/22 | B |

Apdnx-087

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | petitioners' motion for reconsideration. | | | | |
| 127 | 11/08/22 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 11/08/22 | B |
| 128 | 11/14/22 | O | **Order that the Commissioner's motion for extension of time is granted, in that the time in which the Commissioner shall file a response to petitioners' motion for reconsideration is now extended until November 15, 2022.** | | | 11/14/22 | B |
| 129 | 11/15/22 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 11/15/22 | B |
| 130 | 11/15/22 | M115 | **Motion for Leave to File Reply to Response to Motion for Reconsideration of Order (No Objection)** (No Objection) | Petr. Harvey Birdman | ORD 11/18/22 | 11/15/22 | B |
| 131 | 11/18/22 | O | **Order petitioners' Motion for Leave to File Reply to Response to Motion for Reconsideration of Order is granted in that petitioners by November 28, 2022 shall file a Reply to Response to Motion for Reconsideration of Order.** | | | 11/18/22 | B |
| 132 | 11/22/22 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petr. Harvey Birdman | | 11/22/22 | B |

Apdnx-088

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 133 | 12/01/22 | REPL | **Reply to Response to Motion to Strike** | Petr. Harvey Birdman | | 12/01/22 | B |
| 134 | 12/12/22 | O | **Order that the Birdmans' motion for reconsideration of order is denied as stated herin.** | | | 12/12/22 | B |
| 135 | 06/16/23 | O | **Order that the petitioner's motion to strike, filed June 30, 2022, is denied.** | | | 06/16/23 | B |
| 136 | 06/23/23 | M005 | **Motion for Certification of an Interlocutory Order to Permit Immediate Appeal (Objection)** (Objection) | Petr. Harvey Birdman | ORD 8-9-23 | 06/23/23 | B |
| 137 | 06/27/23 | O | **Order that resp. by 7-11-23 file a response to petitioners' motion for certification of an interlocutory order to permit immediate appeal.** | | | 06/27/23 | B |
| 138 | 06/29/23 | M105 | **Motion to Strike (Objection)** (Objection) | Petr. Harvey Birdman | | 06/29/23 | B |
| 139 | 06/30/23 | EXH | **Exhibit(s) 1 THROUGH 13 to Motion to Strike** | Petr. Harvey Birdman | | 06/30/23 | B |
| 140 | 06/30/23 | EXH | **Exhibit(s) 14 THROUGH 17 to Motion to Strike** | Petr. Harvey Birdman | | 06/30/23 | B |
| 141 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 139** | | | 07/05/23 | B |
| 142 | 07/05/23 | NODC | **Notice of Docket Change for Docket Entry No. 140** | | | 07/05/23 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 143 | 07/06/23 | O | **Order that resp. by 7-27-23 file a response to petitioners Motion to Strike.** | | | 07/06/23 | B |
| 144 | 07/11/23 | RSP | **Response to Motion for Certification of an Interlocutory Order to Permit Immediate Appeal** | Resp. | | 07/11/23 | B |
| 145 | 07/14/23 | M105 | **Motion to Strike (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD 9-20-23 | 07/14/23 | B |
| 146 | 07/25/23 | O | **Order that by 8-16-23 resp. file a response to petitioner's Motion to Strike.** | | | 07/25/23 | B |
| 147 | 07/26/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 08/02/23 | 07/26/23 | B |
| 148 | 08/02/23 | O | **Order respondent's Motion for Extension of Time is granted in that time is extended to September 25, 2023 for respondent to file a Response to petitioners' Motion to Strike, filed June 29, 2023.** | | | 08/02/23 | B |
| 149 | 08/09/23 | O | **Order that the Birdmans' motion for certification of an interlocutory order to permit immediate appeal, filed June 16, 2023, is denied.** | | | 08/09/23 | B |
| 150 | 08/16/23 | RSP | **Response to Motion to Strike** | Resp. | | 08/16/23 | B |

Apdnx-090

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 151 | 08/25/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 08/25/23 | B |
| 152 | 09/20/23 | O | **Order that the Birdmans' motion to strike, filed July 14, 2023, is denied. Parties by 9-29-23 file a joint status report.** | | | 09/20/23 | B |
| 153 | 09/25/23 | RSP | **Response to Motion to Strike** | Resp. | | 09/25/23 | B |
| 154 | 09/28/23 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & Diane Birdman | | 09/28/23 | B |
| 155 | 10/13/23 | O | **Order set 6-30-25 Miami, FL for Special Trial Session. Parties by 11-13-23 file a joint status report.** | | | 10/13/23 | B |
| 156 | 10/30/23 | REPL | **Reply to Response to Motion to Strike** | Petrs. Harvey Birdman & Diane Birdman | | 10/30/23 | B |
| 157 | 11/13/23 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 11/13/23 | B |
| 158 | 11/14/23 | O | **Motion for Extension of Time GRANTED** | | | 11/14/23 | B |
| 159 | 11/27/23 | RPT | **Status Report** | Resp. & Petrs. Harvey Birdman & | | 11/27/23 | B |

Apdnx-091

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 160 | 11/30/23 | O | **Order that the parties are directed to adhere to the following pretrial schedule stated herein.** | | | 11/30/23 | B |
| 161 | 11/30/23 | O | **Order that the Petitioners motion to strike, filed June 29, 2023, is denied.** | | | 11/30/23 | B |
| 162 | 01/11/24 | O | **Order that petitioners' motion to impose sanctions filed May 23, 2018 is hereby denied without prejudice. Petitioners motion to compel compliance with subpoena duces tecum by third-party witness Virgin Islands Bureau of Internal Revenue filed July 6, 2018, is hereby denied without prejudice. Petitioners motion to compel discovery filed September 20, 2018, is hereby denied without prejudice.** | | | 01/11/24 | B |
| 163 | 06/04/24 | EA | **Entry of Appearance for Respondent** | Resp. | | 06/04/24 | B |
| 164 | 07/09/24 | M029 | **Motion for Reconsideration of Order (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/09/24 | B |
| 165 | 07/10/24 | RPT | **Status Report (Attachment(s))** (Attachment(s)) | Petrs. Diane Birdman & Harvey Birdman | | 07/10/24 | B |

Apdnx-092

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 166 | 07/11/24 | O | **Order that resp. by 8-1-24 file a response to petitioners' motion for reconsideration of Order.** | | | 07/11/24 | B |
| 167 | 07/11/24 | O | **Order that petitioners' notice of telephone number filed July 10, 2024, is hereby recharacterized as a status report.** | | | 07/11/24 | B |
| 168 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |
| 169 | 07/17/24 | RTP | **Report** (STRICKEN) | Petrs. Harvey Birdman & Diane Birdman | ORD 7-29-24 | 07/17/24 | B |
| 170 | 07/17/24 | M024 | **Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 07/17/24 | B |
| 171 | 07/17/24 | DCL | **Declaration of Harvey Birdman in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 172 | 07/17/24 | DCL | **Declaration of Herbert Hirsch in Support of Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 07/17/24 | B |
| 173 | 07/17/24 | DCL | **Declaration of Louis Birdman in Support of** | Petrs. Harvey Birdman & | | 07/17/24 | B |

Apdnx-093

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | **Motion for Partial Summary Judgment** | Diane Birdman | | | |
| 174 | 07/18/24 | M024 | **Motion for Partial Summary Judgment** | Petr. Harvey Birdman | ORD - 12/20/2024 | 07/18/24 | B |
| 175 | 07/23/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | ORD 7-25-24 | 07/23/24 | B |
| 176 | 07/24/24 | O | **Order that resp. by 8-8-24 file a response to the motion for partial summary judgment. Petrs. by 8-29-24 file a reply to Resp. response.** | | | 07/24/24 | B |
| 177 | 07/25/24 | O | **Motion for Extension of Time GRANTED** | | | 07/25/24 | B |
| 178 | 07/29/24 | O | **Order that petitioners' motion to strike filed July 18, 2024, shall be recharacterized as a motion for partial summary judgment. Resp. by 8-12-24 file a response to the motion for partial summary judgment. Petrs. by 9-3-24 file a reply to resp. response.** | | | 07/29/24 | B |
| 179 | 07/29/24 | O | **Order that petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record and petitioners' report filed July 17, 2024, is hereby deemed stricken from the Court's record.** | | | 07/29/24 | B |

Apdnx-094

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 180 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 181 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 182 | 07/29/24 | M115 | **Motion for Leave to File Report** | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 183 | 07/29/24 | MISCL | **Report (Attachment(s)) (Lodged)** (Attachment(s)) (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 07/29/24 | B |
| 184 | 08/08/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 08/08/24 | B |
| 185 | 08/08/24 | M011 | **Motion for Extension of Time (No Objection)** (No Objection) | Resp. | | 08/08/24 | B |
| 186 | 08/13/24 | O | **Order that the Commissioner's motion for extension of time is granted, and the time in which the Commissioner shall file his response to the motion for partial summary judgment referenced above is extended until September 11, 2024. Petrs. by 10-2-24 file a reply to Resp.** | | | 08/13/24 | B |

Apdnx-095

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | response to Motion for partial summary judgment. | | | | |
| 187 | 08/21/24 | M018 | **Motion for Oral Argument Regarding Motion for Reconsideration (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 08/21/24 | B |
| 188 | 08/22/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 08/22/24 | B |
| 189 | 09/04/24 | M115 | **Motion for Leave to File First Supplement to Report** | Petrs. Harvey Birdman & Diane Birdman | | 09/04/24 | B |
| 190 | 09/04/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/04/24 | B |
| 191 | 09/11/24 | RSP | **Response to Motion for Partial Summary Judgment** | Resp. | | 09/11/24 | B |
| 192 | 09/16/24 | M018 | **Motion for Oral Argument (Objection)** (Objection) | Petrs. Harvey Birdman & Diane Birdman | ORD - 12/20/2024 | 09/16/24 | B |
| 193 | 09/30/24 | RSP | **Response to Motion for Reconsideration of Order** | Resp. | | 09/30/24 | B |
| 194 | 09/30/24 | M115 | **Motion for Leave to File First Supplement to Report** | Petrs. Harvey Birdman & | | 09/30/24 | B |

Apdnx-096

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| | | | | Diane Birdman | | | |
| 195 | 09/30/24 | MISCL | **First Supplement to Report (Lodged)** (Lodged) | Petrs. Harvey Birdman & Diane Birdman | | 09/30/24 | B |
| 196 | 10/02/24 | REPL | **Reply to Response to Motion for Partial Summary Judgment** | Petrs. Harvey Birdman & Diane Birdman | | 10/02/24 | B |
| 197 | 11/05/24 | REPL | **Reply to Response to Motion for Reconsideration of Order** | Petrs. Harvey Birdman & Diane Birdman | | 11/05/24 | B |
| 198 | 12/20/24 | O | **Motion for Reconsideration of Order DENIED** | | | 12/20/24 | B |
| 199 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 200 | 12/20/24 | O | **Motion for Partial Summary Judgment DENIED** | | | 12/20/24 | B |
| 201 | 12/20/24 | O | **Motion for Oral Argument Regarding Motion for Reconsideration DENIED** | | | 12/20/24 | B |
| 202 | 12/20/24 | O | **Motion for Oral Argument DENIED** | | | 12/20/24 | B |

Apdnx-097

**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

400 North 8th Street
Room 1002, Box 33
Richmond  VA  23219

Form Number:
1040

███████████ber:

Person to Contact:
Ronald L. Manley

Telephone Number:
(804) 916-8262

Employee Identification Number:
03-41569

**CERTIFIED MAIL**
Date: SEP 3 0 2010

HARVEY & DIANE BIRDMAN
3755 NE 214TH STREET
AVENTURA  FL  33180-4016

Last Day to File a Petition With the
United States Tax Court:
DEC 2 9 2010
CERTIFIED MAIL

| | |
|---|---|
| Tax Year Ended: | December 31, 2006 |
| Deficiency: | |
| Increase in tax: | $6,441,327.00 |
| Penalties or Additions to Tax | |
| IRC 6663 | 4,830,995.25 |

Dear  HARVEY BIRDMAN:

### NOTICE OF DEFICIENCY

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

United States Tax Court, 400 Second Street, NW, Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's internet site at www.ustaxcourt.gov.

Letter 531-T (01-2007)
Catalog Number 40222A

A1030532.006

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Douglas H. Shulman
Commissioner
By
Delus Tucker
Acting Technical Services Territory Manager, SBSE

Enclosures:
Explanation of tax changes
Waiver
Notice 1214

Letter 531 (Rev. 01-2007)
Catalog Number 40222A

Page: 3

Continuation Sheet

NAME:   HARVEY & DIANE BIRDMAN

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code. The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Civil Fraud Penalty  IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Apdnx-100

| Form **4089-B** (October 1999) | Department of the Treasury — Internal Revenue Service **Notice of Deficiency-Waiver** | Symbols SE:S:E:TS:SAA:18 |
|---|---|---|

| Name and address of taxpayer(s) |  ployer Identification Number |
|---|---|
| HARVEY and DIANE BIRDMAN 3755 NE 214TH STREET AVENTURA FL 33180-4016 | |

| Kind of tax

Income | ☑ Copy to authorized representative

MITCHELL S. FUERST 1001 BRICKELL BAY DRIVE SUITE 2002 MIAMI, FL 33131-4939 |
|---|---|

### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | December 31, 2006 |
|---|---|
| Deficiency: Increase in tax | $6,441,327.00 |
| Penalties | |
| IRC 6663 | 4,830,995.25 |

---

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (Increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature | ▶ | |
|---|---|---|
| | | *(Date signed)* |

| Spouse's Signature *(If A Joint Return Was Filed)* | ▶ | |
|---|---|---|
| | | *(Date signed)* |

| Taxpayer's Representative Sign Here | ▶ | |
|---|---|---|
| | | *(Date signed)* |

| Corporate Name | ▶ | |
|---|---|---|

| Corporate Officers Sign Here | ▶ | *(Signature)* | *(Title)* | *(Date signed)* |
|---|---|---|---|---|
| | ▶ | *(Signature)* | *(Title)* | *(Date signed)* |

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Apdnx-101

| Cat. No. 29000E | www.irs.gov | Form **4089-B** (10-1999) |
|---|---|---|

## Instructions for Form 4089 B

**Note:**

    If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

    If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

    If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

    For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

    For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

    For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

    A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

    ☐    The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

    ☐    The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

Cat. No. 29000E      www.irs.gov      Form **4089-B** (10-1999)

Page: 1

Continuation Sheet

NAME:   HARVEY and DIANE BIRDMAN    ██████████████

Civil Fraud Penalty  IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud.
There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is
attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return
(including any extensions).

Apdnx-103

Form **4549-A**
(Rev. May 2008)

Department of the Treasury-Internal Revenue Service

## Income Tax Discrepancy Adjustments

Page 1 of 2

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: |
|---|---|---|---|
| HARVEY & DIANE BIRDMAN<br>3755 NE 214TH STREET<br>AVENTURA  FL  33180-4016 | Person with whom . examination changes were discussed. | Name and Title: | 1040 |

| 1. Adjustments to Income | Period End<br>12/31/2006 | Period End | Period End |
|---|---|---|---|
| a. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 22,534,856.00 | | |
| b. Qualified dividends | (21,431,418.00) | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 1,103,438.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 23,154,168.00 | | |
| 4. **Corrected Taxable Income** | 24,257,606.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | Joint | | |
| 5. **Tax** | 7,059,007.00 | | |
| 6. **Additional Taxes / Alternative Minimum** | | | |
| 7. **Corrected Tax Liability** | 7,059,007.00 | | |
| 8. **Less** a. | | | |
| **Credits** b. | | | |
| c. | | | |
| d. | | | |
| 9. Balance *(Line 7 less total of Lines 8a thru 8d)* | 7,059,007.00 | | |
| 10. **Plus** a. | | | |
| **Other** b. | | | |
| **Taxes** c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 7,059,007.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 3,466,995.00 | | |
| 13. Adjustments to: a. Form 8689 (See Other Information) | 2,849,315.00 | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)*<br>*(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 6,441,327.00 | | |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| 16. **Balance Due or *(Overpayment)*** - *(Line 14 adjusted by Line 15)*<br>*(Excluding interest and penalties)* | 6,441,327.00 | | |

Apndix-104

Form **4549-A**
(Rev. May 2008)

Department of the Treasury-Internal Revenue Service

## Income Tax Discrepancy Adjustments

Page __2__ of __2__

| Name of Taxpayer | Taxpayer Identification Number | Return Form No.: |
|---|---|---|
| HARVEY & DIANE BIRDMAN | | 1040 |

| 17. Penalties/ Code Sections | Period End 12/31/2006 | Period End | Period End |
|---|---|---|---|
| a. Fraud-IRC 6663 | 4,830,995.25 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 4,830,995.25 | | |
| Underpayment attributable to negligence: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*. Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | | |
| **19. Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | 6,441,327.00 | | |
| b. Penalties *(Line 18)* - computed to 09/22/2010 | 4,830,995.25 | | |
| c. Interest *(IRC § 6601)* - computed to See Note Below | 0.00 | | |
| d. TMT Interest - computed to See Note Below *(on TMT underpayment)* | 0.00 | | |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | 11,272,322.25 | | |

**Other Information:**

Line 13a on Form 4549A is the result of an adjustment to sourcing of USVI income on the Form 8689, allocation of individual income tax to the Virgin Island. Please refer to Exhibit C for corrected Form 8689.

| Amount per original Form 8689 | $ 2,849,315.00 |
|---|---|
| Amount per exam | $       0.00 |
| | ------------------- |
| Adjustment to Form 8689 Credit | $ 2,849,315.00 |
| | ============= |

Note: Interest is not shown on this report. Interest on deficiencies will accrue from the due date of the return until paid.

This report supersedes all previous reports.

| Examiner's Signature: Name | Employee ID: | Office: | Date: |
|---|---|---|---|
| Ronald L. Manley | 03-41569 | Richmond, VA 23219 | 09/22/2010 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

Apdnx-105

| Name of Taxpayer: | ~~HARVEY & DIANE BIRDMAN~~ | | 09/22/2010 |
|---|---|---|---|
| Identification Number: | ████████ | Total | 11.20.00 |

## 2006 - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**    Short-Term Capital Gains and Losses—Assets Held One Year or Less

| | | |
|---|---|---|
| 1 | Short-term capital gain or loss | 49,038.00 |
| 2 | Short-term capital loss carryover | 0.00 |
| 3 | Net Short-term Gain or Loss (Add line 1 and 2) | 49,038.00 |

**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year

| | | |
|---|---|---|
| 4 | Long-term capital gain or loss | 7,021,584.00 |
| 5 | Long-term capital gain or loss carryover | 0.00 |
| 6 | Net long-term Gain or Loss (Add line 4 and 5) | 7,021,584.00 |

**Part III**    Summary

| | | |
|---|---|---|
| 7 | Sum of lines 3 and 6 - Net Capital Gain or Loss | 7,070,622.00 |
| 8 | Capital loss limitation | 0.00 |
| 9 | Capital Gain or Loss - As Corrected | 7,070,622.00 |
| 10 | Capital Gain or Loss - Per Return | 7,070,622.00 |
| 11 | Line 9 less line 10 - Adjustment to Income | 0.00 |

CORRECTED CARRYOVER

| | | |
|---|---|---|
| 12 | Short-term Carryover to Subsequent Year | 0.00 |
| 13 | Long-term Carryover to Subsequent Year | 0.00 |

28% RATE GAIN COMPUTATION

| | | |
|---|---|---|
| 1 | Tentative 28% rate gain (total of lines 1 thru 4 from worksheet) | 0.00 |
| 2 | Long-term capital loss carryover | 0.00 |
| 3 | Net short-term capital loss | 0.00 |
| 4 | Allowable 28% rate gain (sum of lines 1 thru 3) (if -0- or less, enter -0-) | 0.00 |

SECTION 1250 GAIN COMPUTATION

| | | | |
|---|---|---|---|
| 1 | Tentative Section 1250 gain (line 13 from worksheet) | | 0.00 |
| 2 | Tentative 28% rate gain | 0.00 | |
| 3 | Net short-term capital loss | 0.00 | |
| 4 | Long-term capital loss carryover | 0.00 | |
| 5 | Sum of lines 2 thru 4 (if less than -0-, enter as positive amount) (if -0- or greater, enter -0-) | | 0.00 |
| 6 | Allowable Section 1250 gain (line 1 less line 5) (if -0- or less, enter -0-) | | 0.00 |

Apdnx-106

Name of Taxpayer: ~~HARVEY & DIANE~~ BIRDMAN ·                               09/22/2010
Identification Number: ███████                    Total                        11.20.00

## 2006 - Qualified Dividends and Capital Gain Tax Worksheet

| | | | |
|---|---|---|---|
| 1. | Enter the amount from Form 1040, line 43 . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1.** | | 24,257,606.00 |
| 2. | Enter the amount from Form 1040, line 9b . . . . . . . . . **2.** | 447.00 | |
| 3. | Are you filing Schedule D? | | |
| | ☑ **Yes.** Enter the smaller of line 15 or 16 of | | |
| | Schedule D, but do not enter less than -0-  } **3.** | 7,021,584.00 | |
| | ☐ **No.** Enter the amount from Form 1040, line 13  } | | |
| 4. | Add lines 2 and 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4.** | 7,022,031.00 | |
| 5. | If you are claiming investment interest expense on Form 4952, enter the amount from line 4g of that form. Otherwise, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . **5.** | 0.00 | |
| 6. | Subtract line 5 from line 4. If zero or less, enter -0- . . . . . . . . . . . . . . . . . **6.** | | 7,022,031.00 |
| 7. | Subtract line 6 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . . **7.** | | 17,235,575.00 |
| 8. | Enter the smaller of: | | |
| | • The amount on line 1, or 61,300.00 | | |
| | • $30,650 if single or married filing separately,  } . . . . . . . . **8.** | 61,300.00 | |
| | $61,300 if married filing jointly or qualifying widow(er),  } | | |
| | $41,050 if head of household. | | |
| 9. | Is the amount on line 7 equal to or more than the amount on line 8? | | |
| | ☑ **Yes.** Skip lines 9 through 11; go to line 12 and check the "No" box. | | |
| | ☐ **No.** Enter the amount from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . **9.** | | |
| 10. | Subtract line 9 from line 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10.** | | |
| 11. | Multiply line 10 by 5% (.05) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11.** | | |
| 12. | Are the amounts on lines 6 and 10 the same? | | |
| | ☐ **Yes.** Skip lines 12 through 15; go to line 16. | | |
| | ☑ **No.** Enter the smaller of line 1 or line 6 . . . . . . . . . . . . . . . . . . . . . . . **12.** | 7,022,031.00 | |
| 13. | Enter the amount from line 10 (if line 10 is blank, enter -0-) . . . . . . . . . . . **13.** | 0.00 | |
| 14. | Subtract line 13 from line 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14.** | 7,022,031.00 | |
| 15. | Multiply line 14 by 15% (.15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15.** | | 1,053,305.00 |
| 16. | Figure the tax on the amount on line 7. Use the Tax Table or Tax Computation Worksheet, whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16.** | | 6,005,702.00 |
| 17. | Add lines 11, 15, and 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17.** | | 7,059,007.00 |
| 18. | Figure the tax on the amount on line 1. Use the Tax Table or Tax Computation Worksheet, whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18.** | | 8,463,413.00 |
| 19. | Tax on all taxable income. Enter the smaller of line 17 or line 18. Also include this amount on Form 1040, line 44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19.** | | 7,059,007.00 |

| Form **886-A** (REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | SCHEDULE NO. OR EXHIBIT | |
|---|---|---|---|
| NAME OF TAXPAYER Harvey & Diane Birdman | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2006 |

**If a petition to the United States Tax Court is filed against the deficiency proposed herein, the issues set forth in your claim for refund should be made part of the petition to be considered by the Tax Court in any redetermination of your tax liability.**

## 1.A. Sch E- Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve (2006)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200612 | ($8,347,623.00) | $14,187,233.00 | $22,534,856.00 |

It is determined that Schedule E – non-passive flow through ordinary income is understated by the amount of $22,534,856.00 for the taxable year ended December 31, 2006. Please refer to **Exhibit A** for the amounts and explanations of the proposed adjustments to Sunvest Resort Communities, LC Form 1065 and to **Exhibit B** for the computations of net Schedule E income.

Reconciliation to Examination Adjustment: **F. 4549-A, Line 1.a. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve**

| | |
|---|---|
| Sunvest Resort Communities, LC | |
| Flow through Loss Adjustment | $15,606,626.00 |
| Corrected Flow through Income | 6,928,230.00 |
| | -------------------- |
| Net Adjustment to Schedule E | $22,584,856.00 |
| | ============ |

Accordingly, this adjustment increases taxable income by the amount of $22,534,856.00 for the taxable year ended December 31, 2006.

## 1.B. Dividends (2006)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200612 | $21,431,418.00 | $0.00 | ($21,431,418.00) |

It is determined that qualified dividend income is overstated by the amount of $21,431,418.00 for the taxable year ended December 31, 2006. It is determined that the distributions from Barclays Associates, Inc. are part of a series of step/sham transactions devoid of economic substance and will not be recognized for US federal income tax purposes. These step/sham transactions were part of a larger tax avoidance scheme which involved an attempt to superficially recast US-source income as United States Virgin Islands-source income in order to inappropriately and invalidly claim a tax credit of 90% under the United States Virgin Islands Economic Development Program. See IRS Notice 2004-45.

Accordingly, this adjustment decreases taxable income by the amount of $21,431,418.00 for the taxable year ended December 31, 2006.

| Form **886-A** | **EXPLANATIONS OF ITEMS** | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| (REV JANUARY 1994) | | |

| NAME OF TAXPAYER Harvey & Diane Birdman | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2006 |
|---|---|---|

## 17.a. Civil Fraud Penalty (2006)

It has been determined that the underpayment of tax for the taxable year ended December 31, 2006 was attributable to fraud. Consequently, the 75% penalty is charged on the deficiencies attributable to fraud for the taxable year ended December 31, 2006 as provided by I.R.C. § 6663(a) as computed on **Exhibit D**.

In the alternative, if it is determinate that the underpayment of tax for the taxable year ended December 31, 2006 was not due to fraud, then it is determined that all or part of the underpayment of tax for the taxable year ended December 31, 2006 is attributable to (1) negligence or disregard of rules or regulations, or alternatively, (2) a substantial understatement of income tax, the 20% penalty is imposed as provided by I.R.C. § 6662(a).

# SUNVEST RESORT COMMUNITIES, LC
# HARVEY & DIANE BIRDMAN
## STATUTORY NOTICE EXPLANATION OF ITEMS
## 200612
## Exhibit A
## Increases (Decreases) to Ordinary Income
## Page 1 of 4

Name of Partnership:      Sunvest Resort Communities, LC
Partner:             Harvey Birdman
Taxable Year Ending:      December 31, 2006
Percentage of Ownership Interest:  50%

|  | Taxable Yr.<br>Ended 12/31/2006 |
|---|---|
| Ordinary income per return as filed | ($30,070,532.00) |
| Increases (Decreases) to income: | |
| 1.a. Consulting Fees -- Vio and Paradise Mgmt | $43,776,992.00 |
| 1.b. Consulting Fees | 150,000.00 |
| Ordinary income as corrected | $13,856,460.00 |
| | |
| Your distributive share of ordinary income | $6,928,230.00 |
| Less: Ordinary income reported on your return | ($15,606,626.00) |
| Increase (Decrease) in ordinary income | $22,534,856.00 |
| 5. Other Adjustments | |
|  o. Distributions – money (cash/securities) | |
|   (1) Adjustment | $21,823,880.00 |
|   (2) As reported | 64,616.00 |
|   (3) Corrected | 21,888,496.00 |

**SUNVEST RESORT COMMUNITIES, LC**
**HARVEY & DIANE BIRDMAN**
**STATUTORY NOTICE EXPLANATION OF ITEMS**
**200612**
**Exhibit A**
**Page 2 of 4**

## 1.a. Consulting Fees – Vio and Paradise Mgmt (2006)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200612 | $43,776,992.00 | $0.00 | $43,776,992.00 |

It is determined that the consulting fees paid to Vio Management, LLC and Paradise Management, LLC are overstated by the amount of $43,776,992.00 for the taxable year ended December 31, 2006. It is determined that all transactions between the Sunvest Resort Communities, LC and Vio Management,LLC or Paradise Management, LLC are part of a series of step\sham transactions devoid of economic substance and will not be recognized for US federal income tax purposes. These step\sham transactions were part of a larger tax avoidance scheme which involved superficially recasting US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the United States Virgin Island Economic Development Program. See IRS Notice 2004-45. A summary of the consulting fees is shown below and see page 4 of 4 for the "Schedule of Consulting Fees" for the details.

Alternatively, it is determined that consulting fees expense is overstated in the amount of $43,776,992.00 for the taxable year ended December 31, 2006 because the corporation failed to substantiate 1) that the expenditures are deductible pursuant to Internal Revenue Code Section 162 or any other section of the Internal Revenue Code or 2) that the expenditures were incurred for the purpose designated. It is determined that the payments made to Vio Management, LLC and Paradise Management, LLC have not been shown to be an ordinary and necessary expense of the partnership.

Summary of Consulting Fees:
Total to Vio Management, LLC       $21,888,496.00
Total to Paradise Management, LLC       21,888,496.00
-------------------
Total Consulting Fees       $43,776,992.00
===========

Accordingly, this adjustment increases the partnership's ordinary income (loss) from trade or business activities in the amount of $43,776,992.00 for the taxable year ended December 31, 2006.

## 1.b. Consulting Fees (2006)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200612 | $150,000.00 | $0.00 | $150,000.00 |

It is determined that the consulting fees paid to St. Cloud Development, Inc. are overstated by the amount of $150,000.00 for the taxable year ended December 31, 2006 because the corporation failed to substantiate 1) that the expenditures are deductible pursuant to Internal Revenue Code Section 162 or any other section of the Internal Revenue Code or 2) that the expenditures were incurred for the purpose designated. It is determined that the payments made to St. Cloud Development, Inc. have not been shown to be an ordinary and necessary expense of the corporation.

Accordingly, this adjustment increases the partnership's ordinary income (loss) from trade or business activities in the amount of $150,000.00 for the taxable year ended December 31, 2006.

**SUNVEST RESORT COMMUNITIES, LC**
**HARVEY & DIANE BIRDMAN**
**STATUTORY NOTICE EXPLANATION OF ITEMS**
**200612**
**Exhibit A**
**Page 3 of 4**

**5. Other Adjustments —** Except for item "o. Distributions – money (cash/securities)" the separately stated items are accepted as filed. There are no adjustments proposed.

## 5.o. Distributions – money (cash/securities) (2006)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200612 | $64,616.00 | $21,888,496.00 | $21,823,880.00 |

It is determined that distributions are understated by the amount of $21,823,880.00 for the taxable year ended December 31, 2006. The amounts paid to Vio Management, LLC and Paradise Management, LLC were either directed to the Partner's personal bank account or were for services in furtherance of the Partner's larger tax avoidance scheme which involved superficially recasting US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the United States Virgin Island Economic Development Program. See IRS Notice 2004-45.

Distributions:

| | |
|---|---|
| Consulting fees to Vio & Paradise Mgmt. | $43,776,992.00 |
| Partner Ownership Percentage | 50% |
| | ------------------- |
| Distribution per Examination | $21,888,496.00 |
| | =========== |

Accordingly, this adjustment increases partnership distributions by the amount of $21,823,880.00 for the taxable year ended December 31, 2006.

**SUNVEST RESORT COMMUNITIES, LC**
**HARVEY & DIANE BIRDMAN**
**STATUTORY NOTICE EXPLANATION OF ITEMS**
**200612**
**Exhibit A**
**Page 4 of 4**
**Schedule of Consulting Fees**

Account 100-0000-040-6440-879   Consulting Fees- Paradise Management, LLC

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 05/22/2006 | 2013 GJ | $ 2,246,080 | Consulting Fees |
| 6/6/2006 | 2014 GJ | $ 3,140,400 | Consulting Fees |
| 8-17-2006 | 2015 GJ | $ 1,481,950 | Consulting Fees |
| 10/23/2006 | 1876 CMTRX | $ 1,191,100 | Consulting Fees  PWG |
| 10/24/2006 | 2016 GJ | $ 1,206,000 | Consulting Fees |
| 10/27/2006 | 2017 GJ | $ 2,044,281 | Consulting Fees |
| 10-31-2006 | 2018 GJ | $ 1,831,740 | Consulting Fees |
| 11-15-2006 | 2019 GJ | $ 1,686,079 | Consulting Fees |
| 11/28/2006 | 2875 GJ | $ 1,756,926 | Reclass to Vio & Paradise |
| 11/30/2006 | 2122 CMTRX | $ 1,511,930 | Cons Fees: CPL, Ado,PWG |
| 12/1/2006 | 2035 CMTRX | $ 1,511,930 | CPL, ADO & PWG Consulting Fees |
| 12/1/2006 | 2192 CMTRX | ($ 1,511,930) | CPL, ADO & PWG Consulting Fees |
| 12/6/2006 | 2052 CMTRX | $ 1,224,950 | ADO & FPV Consulting Fees |
| 12/11/2006 | 2093 CMTRX | $ 943,950 | Cons Fees: FPV/CPL/ACD/OCL |
| 12/21/2006 | 2153 CMTRX | $ 1,623,110 | Cons Fees: CPL,DSL,ADO,SGD |
| | | | |
| | | | |
| Totals | | $ 21,888,496 | |
| | | | |

Account 100-0000-040-6440-880   Consulting Fees- Vio Management, LLC

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 05/22/2006 | 2013 GJ | $ 2,246,080 | Consulting Fees |
| 6/6/2006 | 2014 GJ | $ 3,140,400 | Consulting Fees |
| 8-17-2006 | 2015 GJ | $ 1,481,950 | Consulting Fees |
| 10/23/2006 | 1876 CMTRX | $ 1,191,100 | Consulting Fees  PWG |
| 10/24/2006 | 2016 GJ | $ 1,206,000 | Consulting Fees |
| 10/27/2006 | 2017 GJ | $ 2,044,281 | Consulting Fees |
| 10-31-2006 | 2018 GJ | $ 1,831,740 | Consulting Fees |
| 11-15-2006 | 2019 GJ | $ 1,686,079 | Consulting Fees |
| 11/28/2006 | 2875 GJ | $ 1,756,926 | Reclass to Vio & Paradise |
| 11/30/2006 | 2122 CMTRX | $ 1,511,930 | Cons Fees: CPL, Ado,PWG |
| 12/1/2006 | 2035 CMTRX | $ 1,511,930 | CPL, ADO & PWG Consulting Fees |
| 12/1/2006 | 2192 CMTRX | ($ 1,511,930) | CPL, ADO & PWG Consulting Fees |
| 12/6/2006 | 2052 CMTRX | $ 1,224,950 | ADO & FPV Consulting Fees |
| 12/11/2006 | 2093 CMTRX | $ 943,950 | Cons Fees: FPV/CPL/ACD/OCL |
| 12/21/2006 | 2153 CMTRX | $ 1,623,110 | Cons Fees: CPL,DSL,ADO,SGD |
| | | | |
| | | | |
| Totals | | $ 21,888,496 | |
| | | | |

HARVEY & DIANE BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2006
EXHIBIT B
Page 1 of 1
SCHEDULE E FLOW THROUGH INCOME (LOSS)

| | Passive Loss | Passive Income | Nonpassive Loss | Nonpassive Income | Totals |
|---|---|---|---|---|---|
| Amounts per Return (Sch E, Lines 29a and 29b) | ($0.00) | $10,035.00 | ($17,072,491.00) | $8,714,833.00 | ($8,347,623.00) |
| Exam Adjustments: SRC, LC | | | | | |
| Flow through loss adjustment | | | 15,606,626.00 | | 15,606,626.00 |
| Corrected flow through income | | | | 6,928,230.00 | 6,928,230.00 |
| | | | | | |
| Net Sch E Income (Loss) per Exam | ($0.00) | $10,035.00 | ($1,465,865.00) | $15,643,063.00 | $14,187,233.00 |

Reconciliation to Examination Adjustment: F. 4549-A, Line 1.a. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve

Sunvest Resort Communities, LC
Flow Through Loss Adjustment          $15,606,626.00
Corrected Flow Through Income           6,928,230.00
                                      --------------------
Net Adjustment to Schedule E          $22,534,856.00
                                      ====================

Form **8689**

Department of the Treasury
Internal Revenue Service

**Allocation of Individual Income Tax
to the U.S. Virgin Islands**

▶ Attach to Form 1040.

OMB No. 1545-0074

**2006**

Attachment
Sequence No. **85**

Name(s) shown on Form 1040

HARVEY & DIANE BIRDMAN    (EXHIBIT C)

| Part I | Income From the U.S. Virgin Islands | | | |
|---|---|---|---|---|
| 1 | Wages, salaries, tips, etc. | 1 | | |
| 2 | Taxable interest | 2 | | |
| 3 | Ordinary dividends | 3 | | |
| 4 | Taxable refunds, credits, or offsets of local U.S. Virgin Islands income taxes | 4 | | |
| 5 | Alimony received | 5 | | |
| 6 | Business income or (loss) | 6 | | |
| 7 | Capital gain or (loss) | 7 | | |
| 8 | Other gains or (losses) | 8 | | |
| 9 | IRA distributions (taxable amount) | 9 | | |
| 10 | Pensions and annuities (taxable amount) | 10 | | |
| 11 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | 11 | | |
| 12 | Farm income or (loss) | 12 | | |
| 13 | Unemployment compensation | 13 | | |
| 14 | Social security benefits (taxable amount) | 14 | | |
| 15 | Other income. List type and amount. ▶ | 15 | | |
| 16 | Add lines 1 through 15. This is your **total income** ▶ | 16 | 0 | 00 |

| Part II | Adjusted Gross Income From the U.S. Virgin Islands | | | |
|---|---|---|---|---|
| 17 | Archer MSA deduction | 17 | | |
| 18 | Certain business expenses of reservists, performing artists, and fee-basis government officials | 18 | | |
| 19 | Health savings account deduction | 19 | | |
| 20 | Moving expenses | 20 | | |
| 21 | One-half of self-employment tax | 21 | | |
| 22 | Self-employed SEP, SIMPLE, and qualified plans | 22 | | |
| 23 | Self-employed health insurance deduction | 23 | | |
| 24 | Penalty on early withdrawal of savings | 24 | | |
| 25 | IRA deduction | 25 | | |
| 26 | Student loan interest deduction | 26 | | |
| 27 | Jury duty pay you gave to your employer | 27 | | |
| 28 | Add lines 17 through 27 | 28 | | |
| 29 | Subtract line 28 from line 16. This is your **adjusted gross income** ▶ | 29 | 0 | 00 |

| Part III | Allocation of Tax to the U.S. Virgin Islands | | | |
|---|---|---|---|---|
| 30 | Enter amount from Form 1040, line 63 | 30 | | |
| 31 | Enter the total of the amounts from Form 1040, lines 58, 59, 62, 66a, and 68. Include any uncollected social security and Medicare or tier 1 RRTA tax, tax on golden parachute payments, or excise tax on insider stock compensation reported on line 63. Also include any amount from Form 5329, Parts III, IV, V, VI, VII, or VIII reported on line 60 . | 31 | | |
| 32 | Subtract line 31 from line 30 | 32 | | |
| 33 | Enter amount from Form 1040, line 38 | 33 | | |
| 34 | Divide line 29 above by line 33. Enter the result as a decimal (rounded to at least 3 places). Do not enter more than 1.000 | 34 | × . | |
| 35 | Multiply line 32 by line 34. This is your tax allocated to the U.S. Virgin Islands | 35 | 0 | 00 |

| Part IV | Payments of Income Tax to the U.S. Virgin Islands | | | |
|---|---|---|---|---|
| 36 | Income tax withheld by the U.S. Virgin Islands | 36 | | |
| 37 | 2006 estimated tax payments and amount applied from 2005 return . | 37 | | |
| 38 | Amount paid with Form 4868 (extension request) | 38 | | |
| 39 | Add lines 36 through 38. These are your **total payments** ▶ | 39 | | |
| 40 | Enter the smaller of line 35 or line 39. Also, include this amount in the total on Form 1040, line 72. On the dotted line next to line 72, enter "Form 8689" and show this amount | 40 | 0 | 00 |
| 41 | **Overpayment** to the U.S. Virgin Islands. If line 39 is more than line 35, subtract line 35 from line 39 | 41 | | |
| 42 | Amount of line 41 you want **refunded to you** ▶ | 42 | | |
| 43 | Amount of line 41 you want **applied to your 2007 estimated tax** . . ▶ | 43 | | |
| 44 | **Amount you owe** to the U.S. Virgin Islands. Subtract line 39 from line 35. Enter the amount that you are paying here and on Form 1040, line 72. Next to line 72, enter "Form 8689" and the amount paid ▶ | 44 | | |

For Paperwork Reduction Act Notice, see back of form.    Cat. No. 64603D    Form **8689** (2006)

Apdnx+115

Exhibit D

| Taxpayer: HARVEY & DIANE BIRDMAN | Page    of: |
| TIN: | Tax Period(s):    200612 |

## Civil Fraud Penalties under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 6 below is attributable to fraud.
Therefore, an addition to the tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. | Total Underpayment | 6,441,327.00 |
| 2. | Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. | Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. | Less: Underpayment attributable to Section 6662(a) penalty issues | 0.00 |
| 5. | Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 6. | Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, 4, and 5) | 6,441,327.00 |
| 7. | Applicable penalty rate | 75.00% |
| 8. | Section 6663(a) civil fraud penalty (Line 6 times line 7) | 4,830,995.25 |
| 9. | Less: Previously assessed/previously agreed Section 6663(a) civil fraud penalty | 0.00 |
| 10. | Total Section 6663(a) civil fraud penalty (Line 8 less line 9) | 4,830,995.25 |

| Name Of Taxpayer: | HARVEY & DIANE BIRDMAN | | 09/22/2010 |
|---|---|---|---|
| Identification Number: | | Exhibit D | 11.20.00 |

## CIVIL FRAUD PENALTY (CONTINUED)

### ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

| | |
|---|---|
| Other Taxes | (2,849,315.00) |
| Qualified Dividends | (21,431,418.00) |
| Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 22,534,856.00 |

TAX MOTIVATED ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

Apdnx-117

| Name of Taxpayer: | HARVEY & DIANE BIRDMAN | | 09/19/2010 |
|---|---|---|---|
| Identification Number: | ███████ | Total | 11.20.00 |

## HOW TO PAY YOUR TAXES

If you agree with our examination, pay now by sending a check or money order payable to United States Treasury and your signed agreement. The enclosed report does not reflect any balance currently due on your account.

Why it is to your advantage to pay now:

- Decreases future interest charges
- Prevents assessment of failure to pay penalty
- Reduces payment of nondeductible interest
- Eliminates further contact with us

If you agree with our examination and cannot pay now:

1) Can you pay the full amount within 120 days?   [ ] Yes    [ ] No
   - If yes, send in the signed agreement now and submit the balance due when you receive a bill. Checks should be made payable to United States Treasury.
   - If no, you may be eligible for a payment plan.

2) If you would like us to consider an installment agreement, submit your written request or check the box below and return this flyer with your signed agreement.

   [ ] I would like to pay $ _____ per month.

   (We encourage you to make your payments as large as possible to limit penalty and interest charges.)

   I would like my payment to be due on the _____ of the month.

   (Please indicate a date between the 1st and 28th of the month.)

   You will be charged a fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

   Please provide a telephone number where we can contact you regarding your request.

   Home: ( ) _____

   Work: ( ) _____

ALSO, if you agree with our examination, PLEASE SIGN PAGE 2 OF THE REPORT (Form 4549) and return pages 1 and 2 to us.

* Interest and applicable penalties will continue to accrue until your balance is paid in full.
* All checks or money orders for payment should be made payable to United States Treasury.

Apdnx-118



**IRS**

Department of the Treasury
**Internal Revenue Service**

Notice 1214 (Rev. 1-2007)
Catalog Number 26162Z

# Helpful Contacts for Your "Notice of Deficiency"

Do you have questions/concerns about this *"Notice of Deficiency?"* **First, contact the person whose name and telephone number appear at the top of your letter.** This person can directly access your tax information and help you get answers.

Do you want assistance by a Taxpayer Advocate? The Taxpayer Advocate Service is an independent organization within the IRS whose employees assist taxpayers who are experiencing economic harm, who are seeking help in resolving tax problems that have not been resolved through normal channels, or who believe that an IRS system or procedure is not working as it should. You can reach TAS by calling their toll-free case intake line at 1-877-777-4778 or TTY/TTD 1-800-829-4059. You can also contact your Local Taxpayer Advocate, whose address and phone number are listed here.

**ALABAMA**
Birmingham Office
Taxpayer Advocate
801 Tom Martin Dr., Room 151-PR
Birmingham, AL 35211
(205) 912-5631

**ALASKA**
Anchorage Office
Taxpayer Advocate
949 East 36th Ave., Stop A-405
Anchorage, AK 99508
(907) 271-6877

**ARIZONA**
Phoenix Office
Taxpayer Advocate
210 E. Earll Drive, Stop 1005-PHX
Phoenix, AZ 85012-2623
(602) 207-8240

**ARKANSAS**
Little Rock Office
Taxpayer Advocate
700 West Capitol St., Stop 1005-LIT
Little Rock, AR 72201
(501) 396-5978

**CALIFORNIA**
Laguna Niguel Office
Taxpayer Advocate
24000 Avila Road, Stop 2000
Laguna Niguel, CA 92677
(949) 389-4804

Los Angeles Office
Taxpayer Advocate
300 N. Los Angeles St.
Stop 6710LA
Los Angeles, CA 90012
(213) 576-3140

Oakland Office
Taxpayer Advocate
1301 Clay St., Suite 1540S
Oakland, CA 94612
(510) 637-2703

Sacramento Office
(LTA located in Oakland, CA)
4330 Watt Ave. Stop SA5043
Sacramento, CA 95821
(916) 974-5007

San Jose Office
(LTA located in Oakland)
55 S. Market St., Stop 0004
San Jose, CA 95113
(408) 817-6850

**COLORADO**
Denver Office
Taxpayer Advocate
600 17th St., Stop 1005 DEN
Denver, CO 80202-2490
(303) 446-1012

**CONNECTICUT**
Hartford Office
Taxpayer Advocate
135 High St., Stop 219
Hartford, CT 06103
(860) 756-4555

**DELAWARE**
Wilmington Office
Taxpayer Advocate
1352 Marrows Rd., Suite 203
Newark, DE 19711-5445
302-286-1643

**DISTRICT OF COLUMBIA**
Washington, DC Office
Taxpayer Advocate
500 N. Capitol St. NW, Suite 1301-A
Washington, DC 20221
202-622-4300

**FLORIDA**
Ft. Lauderdale Office
Taxpayer Advocate
7850 SW 6th Court, Room 265
Plantation, FL 33324
(954) 423-7677

Jacksonville Office
Taxpayer Advocate
841 Prudential Dr., Suite 100
Stop: TA:Atlanta/Intl: JAX
Jacksonville, FL 32207
(904) 665-1000

**GEORGIA**
Atlanta Office
Taxpayer Advocate
401 W. Peachtree St., NW
Summit Building
Room 510, Stop 202-D
Atlanta, GA 30308
(404) 338-8099

**HAWAII**
Honolulu Office
Taxpayer Advocate
300 Ala Moana Blvd., #50089
Stop H-495 / Room 1-214
Honolulu, HI 96850
(808) 539-2870

**IDAHO**
Boise Office
Taxpayer Advocate
550 West Fort St., Box 041
Boise, ID 83724
(208) 387-2827

**ILLINOIS**
Chicago Office
Taxpayer Advocate
230 S. Dearborn St.
Room 2860 / Stop 1005-CHI
Chicago, IL 60604
(312) 566-3800

Springfield Office
Taxpayer Advocate
3101 Constitution Dr.
Stop 1005-SPD
Springfield, IL 62704
(217) 862-6382

**INDIANA**
Indianapolis Office
Taxpayer Advocate
575 N. Pennsylvania St.
Room 581 / Stop TA770
Indianapolis, IN 46204
(317) 685-7840

**IOWA**
Des Moines Office
Taxpayer Advocate
210 Walnut St., Room 483, Stop 1005-DS
Des Moines, IA 50309
(515) 564-6888

**KANSAS**
Wichita Office
Taxpayer Advocate
271 W. 3rd St., North
Stop 1005-WIC, Suite 2000
Wichita, KS 67202
(316) 352-7506

**KENTUCKY**
Louisville Office
Taxpayer Advocate
600 MLK Jr. Place
Room 325
Louisville, KY 40202
(502) 582-6030

**LOUISIANA**
New Orleans Office
Taxpayer Advocate
1555 Poydras St., Suite 220, Stop 2
New Orleans, LA 70112-3747
(504) 558-3001

**MAINE**
Augusta Office
Taxpayer Advocate
68 Sewall St., Room 313
Augusta, ME 04330
(207) 622-8528

**MARYLAND**
Baltimore Office
Taxpayer Advocate
31 Hopkins Plaza, Room 900
Baltimore, MD 21201
(410) 962-2082

**MASSACHUSETTS**
Boston Office
Taxpayer Advocate
JKF Bldg, 15 New Sudbury St., Room 725
Boston, MA 02203
(617) 316-2690

**MICHIGAN**
Detroit Office
Taxpayer Advocate
McNamara Federal Building
477 Michigan Ave., Room 1745, Stop 7
Detroit, MI 48226
(313) 628-3670

**MINNESOTA**
St. Paul Office
Taxpayer Advocate
Wells Fargo Place
30 E. 7th St., Suite 817
Stop 1005 STP
St. Paul, MN 55101
(651) 312-7999

 **IRS**

Department of the Treasury
**Internal Revenue Service**

Notice 1214 (Rev. 1-2007)
Catalog Number 26162Z

**MISSISSIPPI**
Jackson Office
Taxpayer Advocate
100 W. Capitol St., Stop 31
Jackson, MS 39269
(601) 292-4800

**MISSOURI**
St. Louis Office
Taxpayer Advocate
1222 Spruce Street,
Stop 1005-STL, Room 10-314
St. Louis, MO 63103
(314) 612-4610

**MONTANA**
Helena Office
Taxpayer Advocate
10 West 15th St., Suite 2319
Helena, MT 59626
(406) 441-1022

**NEBRASKA**
Omaha Office
Taxpayer Advocate
1313 Farnam St.
Stop 1005-OMA, Room 208
Omaha, NE 68102
(402) 221-4181

**NEVADA**
Las Vegas Office
Taxpayer Advocate
110 City Parkway
Stop 1005-LVG
Las Vegas, NV 89106
(702) 868-5179

**NEW HAMPSHIRE**
Portsmouth Office
Taxpayer Advocate
Thomas J. McIntyre Federal Bldg.
80 Daniel St., Room 403
Portsmouth, NH 03801
(603) 433-0571

**NEW JERSEY**
Springfield Office
Taxpayer Advocate
955 S. Springfield Ave., 1st Floor
Springfield, NJ 07081
(973) 921-4043

**NEW MEXICO**
Albuquerque Office
Taxpayer Advocate
5338 Montgomery Blvd. N.E.
Stop 1005 ALB
Albuquerque, NM 87109
(505) 837-5505

**NEW YORK**
Albany Office
Taxpayer Advocate
Leo O'Brien Federal Building
1 Clinton Square, Room 354
Albany, NY 12207
(518) 427-5413

Brooklyn Office
Taxpayer Advocate
10 Metro Tech Center
625 Fulton St.
Brooklyn, NY 11201
(718) 488-2080

Buffalo Office
Taxpayer Advocate
201 Como Park Blvd.
Buffalo, NY 14227-1416
(716) 686-4850

Manhattan Office
Taxpayer Advocate
290 Broadway, 5th Floor
New York, NY 10007
(212) 436-1011

**NORTH CAROLINA**
Greensboro Office
Taxpayer Advocate
320 Federal Place, Room 125
Greensboro, NC 27401
(336) 378-2180

**NORTH DAKOTA**
Fargo Office
Taxpayer Advocate
657 2nd Ave, N., Stop 1005 FAR
Fargo, ND 58102-4727
(701) 239-5141

**OHIO**
Cincinnati Office
Taxpayer Advocate
550 Main St., Room 3530
Cincinnati, OH 45202
(513) 263-3260

Cleveland Office
Taxpayer Advocate
1240 E. 9th St., Room 423
Cleveland, OH 44199
(216) 522-7134

**OKLAHOMA**
Oklahoma City Office
Taxpayer Advocate
55 N. Robinson, Stop 1005-OKC
Oklahoma City, OK 73102
(405) 297-4055

**OREGON**
Portland Office
Taxpayer Advocate
1220 S.W. 3rd Ave., Stop O-405
Portland, OR 97204
(503) 326-2333

**PENNSYLVANIA**
Philadelphia Office
Taxpayer Advocate
600 Arch St., Room 7426
Philadelphia, PA 19106
(215) 861-1304

Pittsburgh Office
Taxpayer Advocate
1000 Liberty Ave., Room 366
Pittsburgh, PA 15222
(412) 395-4769

**RHODE ISLAND**
Providence Office
Taxpayer Advocate
380 Westminster St.
Providence, RI 02903
(401) 525-4200

**SOUTH CAROLINA**
Columbia Office
Taxpayer Advocate
1835 Assembly St.
Room 466, MDP-03
Columbia, SC 29201
(803) 253-3029

**SOUTH DAKOTA**
Aberdeen Office
Taxpayer Advocate
115 4th Ave. Southeast
Stop 1005-ABE, Room 114
Aberdeen, SD 57401
(605) 226-7248

**TENNESSEE**
Nashville Office
Taxpayer Advocate
801 Broadway, Stop 22
Nashville, TN 37203
(615) 250-5000

**TEXAS**
Austin Office
Taxpayer Advocate
300 E. 8th St., Stop 1005-AUS
Austin, TX 78701
(512) 499-5875

Dallas Office
Taxpayer Advocate
1114 Commerce St
MC 1005DAL, Room 1004
Dallas, TX 75242
(214) 413-6500

Houston Office
Taxpayer Advocate
1919 Smith St., Stop 1005-HOU
Houston, TX 77002
(713) 209-3660

**UTAH**
Salt Lake City Office
Taxpayer Advocate
50 South 200 East, Stop 1005-SLC
Salt Lake City, UT 84111
(801) 799-6958

**VERMONT**
Burlington Office
Taxpayer Advocate
Courthouse Plaza
199 Main St.
Burlington, VT 05401-8309
(802) 859-1052

**VIRGINIA**
Richmond Office
Taxpayer Advocate
400 North 8th St., Room 916
Richmond, VA 23240
(804) 916-3501

**WASHINGTON**
Seattle Office
Taxpayer Advocate
915 2nd Ave., Stop W-405
Seattle, WA 98174
(206) 220-6037

**WEST VIRGINIA**
Parkersburg Office
Taxpayer Advocate
425 Juliana St., Room 3012
Parkersburg, WV 26101
(304) 420-8695

**WISCONSIN**
Milwaukee Office
Taxpayer Advocate
211 West Wisconsin Ave.
Room 507, Stop 1005 MIL
Milwaukee, WI 53203
(414) 231-2390

**WYOMING**
Cheyenne Office
Taxpayer Advocate
5353 Yellowstone Road
Cheyenne, WY 82009
(307) 633-0800

**TAXPAYERS LIVING ABROAD OR IN U.S. TERRITORIES**
International - Puerto Rico
Taxpayer Advocate
San Patricio Office Building
7 Tabonuco St.
Room 200
Guaynabo, PR, 00966
(787) 622-8930 (Spanish)
(787) 622-8940 (English)

**Campuses**
Andover
Taxpayer Advocate
310 Lowell St., Stop 120
Andover, MA 01810-9055
(978) 474-5549

Atlanta
Taxpayer Advocate
4800 Buford Hwy., Stop 29A
Chamblee, GA 30362
(770) 936-4500

Austin
Taxpayer Advocate
3651 S. Interregional Hwy., Stop 1005-AU
Austin, TX 78767
(512) 460-8300

Brookhaven
Taxpayer Advocate
1040 Waverly Ave, Stop 02
Holtsville, NY 11742
(631) 654-6686

Cincinnati
Taxpayer Advocate
201 Rivercenter Blvd., Stop 11-G
Covington, KY 41011
(859) 669-5316

Fresno
Taxpayer Advocate
5045 E. Butler Ave., Stop 1394
Fresno, CA 93888
(559) 442-6400

Kansas City
Taxpayer Advocate
333 W. Pershing
Stop 1005
Kansas City, MO 64108
(816) 291-9000

Memphis
Taxpayer Advocate
5333 Getwell Rd., Stop 13-M
Memphis, TN 38118
(901) 395-1900

Ogden
Taxpayer Advocate
1973 N. Rulon White Blvd.
Stop 1005
Ogden, UT 84404
(801) 620-7168

Philadelphia
Taxpayer Advocate
11601 Roosevelt Blvd., Stop SW-820
Philadelphia, PA 19154
(215) 516-2499

Int    .evenue Service
Small Business and Self-Employed

**Department of the Treasury**
400 North 8th Street
Room 1002, Box 33
Richmond VA 23219

Date: FEB 2 3 2011

MITCHELL S. FUERST, ESQ.
1001 BRICKELL BAY DRIVE
SUITE 2002
MIAMI FL 33131

Taxpayer Name:
  BIRDMAN, DIANE

████████ Identification Number:
████████

Form Number:
  1040
Year(s):
  2003        2004        2005
Person to Contact/ID Number:
  Ronald L. Manley            03-41569
Contact Telephone Number:
  (804) 916-8262
Contact Fax Number:

Dear MITCHELL S. FUERST, ESQ.:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Linda Vranas
Technical Services Territory Manager, SBSE

Enclosures:
☐ Letter(s)
☐ Report(s)
☐ Copy of Determination Letter
☒ Other Statutory Notice of Deficiency

RECEIVED
FEB 25 2011
Fuerst Ittleman, P.L.

cc: JAD
    SB

Letter 937 (Rev. 11-2006)
Catalog Number 13197X
Apdnx-121

Department of the Treasury
**Internal Revenue Service**
**Small Business and Self-Employed**

400 North 8th Street
Room 1002, Box 33
Richmond VA 23219

**CERTIFIED MAIL**

Date: FEB 2 2 2011

DIANE BIRDMAN
425 N FEDERAL HIGHWAY
HALLANDALE FL 33009-3448

Form Number:
1040

Person to Contact:
Ronald L. Manley
Telephone Number:
(804) 916-8262
Employee Identification Number:
03-41569
Last Day to File a Petition With the
United States Tax Court:
MAY 2 3 2011
CERTIFIED MAIL

| Tax Year Ended: | December 31, 2003 | December 31, 2004 | December 31, 2005 |
|---|---|---|---|
| Deficiency: | | | |
| Increase in tax: | $96,645.00 | $286,934.00 | $698,314.00 |
| Penalties or Additions to Tax | | | |
| IRC 6651(a)(1) | 21,745.13 | 64,560.15 | 157,120.65 |
| IRC 6651(a)(2) | 24,161.25 | 71,733.50 | 174,578.50 |
| IRC 6654 | 2,493.56 | 3,550.03 | 14,018.04 |

Dear DIANE BIRDMAN:

### NOTICE OF DEFICIENCY

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

United States Tax Court, 400 Second Street, NW, Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's internet site at www.ustaxcourt.gov.

Letter 531 (T)(11-2007)
Catalog Number 40222A

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Douglas H. Shulman
Commissioner
By Ⓖ𝓡𝓛𝓜
Linda Vranas
Technical Services Territory Manager, SBSE

Enclosures:
Explanation of tax changes
Waiver
Notice 1214

Letter 531 (Rev. 12-2007)
Catalog Number 40222A

Page: 3

Continuation Sheet

NAME:  DIANE BIRDMAN

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Delinquency Penalty  IRC section 6651(a)(1)

Since you did not file your return within the time prescribed by law, and you did not show that not filing was due to reasonable cause, a penalty of 5 percent is added to the tax for each month or part of a month for which your return was late. The penalty will not exceed a total of 25 percent. In addition, interest is figured on this penalty from the due date of this return, (including any extension). See section 6651(a)(1) and 6601(e)(2) of the Internal Revenue Code.

Delinquency Penalty  IRC section 6651(a)(2)

This amount only reflects the addition of tax under Section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Estimated Tax Penalty  IRC section 6654

Since you did not pay sufficient estimated tax, an addition to the tax is charged as shown in the accompanying computation. See section 6654(a) of the Internal Revenue Code.

| Form **4089-B** (October 1999) | Department of the Treasury — Internal Revenue Service **Notice of Deficiency-Waiver** | Symbols SE:S:E:TS:SAA:18 |
|---|---|---|

| Name and address of taxpayer(s) | Social Security or Employer Identification Number |
|---|---|
| DIANE BIRDMAN 425 N FEDERAL HIGHWAY HALLANDALE FL 33009-3448 | |

| Kind of tax | ☑ Copy to authorized representative |
|---|---|
| Income | MITCHELL S. FUERST, ESQ. 1001 BRICKELL BAY DRIVE SUITE 2002 MIAMI, FL 33131 |

**DEFICIENCY — Increase in Tax and Penalties**

| Tax Year Ended: | December 31, 2003 | December 31, 2004 | December 31, 2005 |
|---|---|---|---|
| Deficiency: Increase in tax | $96,645.00 | $286,934.00 | $698,314.00 |
| Penalties | | | |
| IRC 6651(a)(1) | 21,745.13 | 64,560.15 | 157,120.65 |
| IRC 6654 | 2,493.56 | 3,550.03 | 14,018.04 |
| IRC 6651(a)(2) | 24,161.25 | 71,733.50 | 174,578.50 |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature | ▶ | |
|---|---|---|
| | | *(Date signed)* |
| Spouse's Signature *(If A Joint Return Was Filed)* | ▶ | |
| | | *(Date signed)* |
| Taxpayer's Representative Sign Here | ▶ | |
| | | *(Date signed)* |
| Corporate Name | ▶ | |
| Corporate Officers Sign Here | ▶ | |
| | *(Signature)* | *(Title)* | *(Date signed)* |
| | *(Signature)* | *(Title)* | *(Date signed)* |

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Cat. No. 29000E                     www.irs.gov                     Apdnx 125                     Form **4089-B** (10-1999)

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

Cat. No. 29000E                    www.irs.gov                    Form 4089-B (10-1999)

Form **4549-A**
(Rev. May 2008)

Department of the Treasury-Internal Revenue Service

## Income Tax Discrepancy Adjustments

Page ___1___ of ___2___

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: 1040 |
|---|---|---|---|
| DIANE BIRDMAN<br>425 N FEDERAL HIGHWAY<br>HALLANDALE FL 33009-3448 | Person with whom examination changes were discussed. | Name and Title: | |

| 1. Adjustments to Income | Period End 12/31/2003 | Period End 12/31/2004 | Period End 12/31/2005 |
|---|---|---|---|
| a. Taxable Interest | 306,401.00 | 188,147.00 | 179,868.00 |
| b. Sch C1 - Gross Receipts or Sales | 33,340.00 | 46,287.00 | 50,000.00 |
| c. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | (42,419.00) | 589,382.00 | 1,747,796.00 |
| d. Qualified dividends | 58.00 | 117.00 | 182.00 |
| e. Capital Gain or Loss | 49,712.00 | 37,459.00 | 144,038.00 |
| f. SE AGI Adjustment | (2,356.00) | (3,270.00) | (3,533.00) |
| g. Standard Deduction | (4,750.00) | (4,850.00) | (5,000.00) |
| h. Ordinary Dividends | | 232.00 | 1,297.00 |
| i. Pensions and Annuities | | 2,598.00 | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. Total Adjustments | 339,986.00 | 856,102.00 | 2,114,648.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | 0.00 | 0.00 | 0.00 |
| 4. Corrected Taxable Income | 339,986.00 | 856,102.00 | 2,114,648.00 |
| Tax Method | SCHEDULE D | SCHEDULE D | SCHEDULE D |
| Filing Status | Married Separate | Married Separate | Married Separate |
| 5. Tax | 96,645.00 | 286,934.00 | 698,314.00 |
| 6. Additional Taxes / Alternative Minimum | | | |
| 7. Corrected Tax Liability | 96,645.00 | 286,934.00 | 698,314.00 |
| 8. Less Credits  a. Other Credits | 4,711.00 | 6,540.00 | 7,065.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. Balance (Line 7 less total of Lines 8a thru 8d) | 91,934.00 | 280,394.00 | 691,249.00 |
| 10. Plus Other Taxes  a. Self Employment Tax | 4,711.00 | 6,540.00 | 7,065.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | 96,645.00 | 286,934.00 | 698,314.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | 0.00 | 0.00 |
| 13. Adjustments to:  a. | | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax) (Line 11 less Line 12 adjusted by Lines 13a through 13c) | 96,645.00 | 286,934.00 | 698,314.00 |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15) (Excluding interest and penalties) | 96,645.00 | 286,934.00 | 698,314.00 |

Appx-127

Form **4549-A**
(Rev. May 2008)

Department of the Treasury-Internal Revenue Service

## Income Tax Discrepancy Adjustments

Page __2__ of __2__

| Name of Taxpayer DIANE BIRDMAN | Taxpayer Identification Number | | Return Form No.: 1040 |
|---|---|---|---|

| 17. Penalties/ Code Sections | Period End 12/31/2003 | Period End 12/31/2004 | Period End 12/31/2005 |
|---|---|---|---|
| a. Delq-IRC 6651(a)(2) | 24,161.25 | 71,733.50 | 174,578.50 |
| b. Delq-IRC 6651(a)(1) | 21,745.13 | 64,560.15 | 157,120.65 |
| c. Estimated Tax-IRC 6654 | 2,493.56 | 3,550.03 | 14,018.04 |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 48,399.94 | 139,843.68 | 345,717.19 |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions (TMT). Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | 0.00 | 0.00 |
| **19. Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or (Overpayment) Taxes - (Line 16, Page 1) | 96,645.00 | 286,934.00 | 698,314.00 |
| b. Penalties (Line 18) - computed to 02/03/2011 | 48,399.94 | 139,843.68 | 345,717.19 |
| c. Interest (IRC § 6601) - computed to 03/05/2011 | 0.00 | 0.00 | 0.00 |
| d. TMT Interest - computed to 03/05/2011 (on TMT underpayment) | 0.00 | 0.00 | 0.00 |
| e. Amount due or refund - (sum of Lines a, b, c and d) | 145,044.94 | 426,777.68 | 1,044,031.19 |

**Other Information:**

The Other Credit amounts shown on Line 8.a. are the amounts of self-employment tax paid with the Forms 1040SS.

Note: Interest is not shown on this report. Interest on deficiencies will accrue from the due date of the return until paid.

This report supersedes all previous reports.

| Examiner's Signature: Name Ronald L. Manley | Employee ID: 03-41569 | Office: Richmond, VA 23219 | Date: 02/03/2011 |
|---|---|---|---|

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding (withholding of a percentage of your dividend and/or interest payments) if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

Appx 128

| Form **886-A** (REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER  Diane Birdman | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED  2003, 2004 & 2005 |

## 1.a. Taxable Interest
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $306,401.00 | $306,401.00 |
| 200412 | $0.00 | $188,147.00 | $188,147.00 |
| 200512 | $0.00 | $179,868.00 | $179,868.00 |

It is determined that interest income is understated by the amounts of $306,401.00, $188,147.00 and $179,868.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. Please refer to Exhibit A for the details.

Accordingly, this adjustment increases taxable income by the amounts of $306,401.00, $188,147.00 and $179,868.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.b. Sch C1 – Gross Receipts or Sales
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $33,340.00 | $33,340.00 |
| 200412 | $0.00 | $46,287.00 | $46,287.00 |
| 200512 | $0.00 | $50,000.00 | $50,000.00 |

It is determined that schedule C1 gross receipts or sales are understated by the amounts of $33,340.00, $46,287.00 and $50,000.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

Accordingly, this adjustment increases taxable income by the amounts of $33,340.00, $46,287.00 and $50,000.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.c. Sch E- Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | ($42,419.00) | ($42,419.00) |
| 200412 | $0.00 | $589,382.00 | $589,382.00 |
| 200512 | $0.00 | $1,747,796.00 | $1,747,796.00 |

It is determined that flow through ordinary income is overstated by the amount of $42,319.00 for the taxable year ended December 31, 2003 and understated by the amounts of $589,382.00 and $1,747,796.00 for the taxable years ended December 31, 2004 and 2005, respectively. Please refer to Exhibit B for the computations of Schedule E income.

Accordingly, this adjustment decreases taxable income by the amount of $42,419.00 for the taxable year ended December 31, 2003 and increases taxable income by the amounts of $589,382.00 and $1,747,796.00 for the taxable years ended December 31, 2004 and 2005, respectively.

| Form.886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | SCHEDULE NO. OR EXHIBIT |
|---|---|---|

| NAME OF TAXPAYER Diane Birdman | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2003, 2004 & 2005 |
|---|---|---|

## 1.d. Qualified Dividends
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $58.00 | $58.00 |
| 200412 | $0.00 | $117.00 | $117.00 |
| 200512 | $0.00 | $182.00 | $182.00 |

It is determined that qualified dividend income is understated by the amounts of $58.00, $117.00 and $182.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. The amounts and payers are shown below.

| Payer | 2003 | 2004 | 2005 |
|---|---|---|---|
| Mellon Investor Services | $ 58.00 | $117.00 | $ 132.00 |
| Oppenheimer & Co, Inc. | 0.00 | 232.00 | 1,341.00 |
| Total Dividends | $ 58.00 | $349.00 | $1,479.00 |
| Less: | | | |
| Ordinary Dividends | 0.00 | 232.00 | 1,297.00 |
| Qualified Dividends | $ 58.00 | $117.00 | $ 182.00 |

Accordingly, this adjustment increases taxable income by the amounts of $58.00, $117.00 and $182.00 for the taxable years ended December 31, 2003, 2004 and 2005.

## 1.e. Capital Gain or Loss
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $49,712.00 | $49,712.00 |
| 200412 | $0.00 | $37,459.00 | $37,459.00 |
| 200512 | $0.00 | $144,038.00 | $144,038.00 |

It is determined that capital gains are understated by the amounts of $49,712.00, $37,459.00 and $144,038.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. The amounts and Payer are shown below; please refer to Exhibit G for the computations.

| Payer | 2003 | 2004 | 2005 |
|---|---|---|---|
| Mariners Key Largo, LLC (L-T) | $48,661.00 | $ 0.00 | $ 0.00 |
| Mariners Key Largo, LLC (S-T | 1,051.00 | 0.00 | 0.00 |
| Bahai-Tampa Holdings LLC (S-T) | 0.00 | 37,459.00 | 0.00 |
| Flamingo Palms Manager LLC (L-T) | 0.00 | 0.00 | 30,623.00 |
| Sunvest Global LLC (S-T) | 0.00 | 0.00 | ( 3,042.00) |
| Vacation Investment Plan Inc (L-T) | 0.00 | 0.00 | 116,457.00 |
| Totals | $49,712.00 | $37,459.00 | $144,038.00 |

Accordingly, this adjustment increases taxable income by the amounts of $49,712.00, $37,459.00 and $144,038.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

| Form **886-A** (REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER          Diane Birdman | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED  2003, 2004 & 2005 |

## 1.e. SE AGI Adjustment
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | ($2,356.00) | ($2,356.00) |
| 200412 | $0.00 | ($3,270.00) | ($3,270.00) |
| 200512 | $0.00 | ($3,533.00) | ($3,533.00) |

It is determined that the SE AGI adjustment is $2,356.00, $3,270.00 and $3,533.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively, due to the other adjustments shown in this notice resulting in self-employment tax for these years. The SE AGI adjustment is being allowed in an amount equal to 50% of the self employment tax shown in this notice for each year. Please refer to **Exhibit C** for the computations.

Accordingly, this adjustment decreases taxable income in the amounts of $2,356.00, $3,270.00 and $3,533.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.g. Standard Deduction
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | ($4,750.00) | ($4,750.00) |
| 200412 | $0.00 | ($4,850.00) | ($4,850.00) |
| 200512 | $0.00 | ($5,000.00) | ($5,000.00) |

It is determined that you are entitled to the standard deduction for married filing separate status in the amounts of $4,750.00, 4,850.00 and $5,000.00 for taxable years ended December 31, 2003, 2004 and 2005, respectively. Itemized deductions are an election and since you failed to file a US tax return for this year, the standard deduction is allowed in this notice of deficiency.

Accordingly, this adjustment decreases your taxable income in the amounts of $4,750.00, 4,850.00 and $5,000.00 for taxable years ended December 31, 2003, 2004 and 2005, respectively.

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER  Diane Birdman | TAX IDENTIFICATION NUMBER ▮▮▮ | YEAR/PERIOD ENDED 2003, 2004 & 2005 |

## 1.h. Ordinary Dividends
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200412 | $0.00 | $232.00 | $232.00 |
| 200512 | $0.00 | $1,297.00 | $1,297.00 |

It is determined that ordinary dividend income is understated by the amounts of $232.00 and $1,297.00 for the taxable years ended December 31, 2004 and 2005, respectively. The amounts and payers are shown below.

| Payer | 2004 | 2005 |
|---|---|---|
| Mellon Investor Services | $117.00 | $ 132.00 |
| Oppenheimer & Co, Inc. | 232.00 | 1,341.00 |
| | ---------- | -------------- |
| Total Dividends | $349.00 | $1,479.00 |
| Less: | | |
| Qualified Dividends | 117.00 | 182.00 |
| | ---------- | -------------- |
| Ordinary Dividends | $232.00 | $1,297.00 |

Accordingly, this adjustment increases taxable income by the amounts of $232.00 and $1,297.00 for the taxable years ended December 31, 2004 and 2005.

## 1.i. Pensions and Annuities
## (2004)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200412 | $0.00 | $2,598.00 | $2,598.00 |

It is determined that pension and annuity income is understated by the amount of $2,598.00 for the taxable years ended December 31, 2004.

| Payer | 2004 |
|---|---|
| Diane Birdman Pension Plan | $ 798.00 |
| BIR Return | 1,800.00 |
| | -------------- |
| Totals | $ 2,598.00 |

Accordingly, this adjustment increases taxable income by the amount of $2,598.00 for the taxable years ended December 31, 2004.

| Form **886-A** | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR EXHIBIT |
|---|---|---|---|
| (REV JANUARY 1994) | | | |
| NAME OF TAXPAYER          Diane Birdman | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2003, 2004 & 2005 |

## 17.a.  Delq-IRC 6651(a)(2)
## (2003, 2004 & 2005)

Since you did not pay the amount of tax shown on the returns for the taxable years ended December 31, 2003, 2004 and 2005 on or before the date prescribed for payment of such tax and it has not been shown that such failure is due to reasonable cause, there is added to the to the amount of such tax for each period an additional 0.5 % for each additional month or fraction thereof during which such failure continues, not exceeding 25% in the aggregate under I.R.C. § 6651(a)(2). Please refer to **Exhibit D** for the computations.

## 17.b.  Delq-IRC 6651(a)(1)
## (2003, 2004 & 2005)

Since your 2003, 204 and 2005 income tax returns were not filed within the time limit prescribed by law and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown in **Exhibit D** in accordance with Section 6651(a)(1) of the Internal Revenue Service.

## 17.c. Estimated Tax- IRC 6654
## (2003, 2004 & 2005)

See **Exhibits E** for the explanation and computation of the I.R.C. § 6654 penalties.

## Note:

You are entitled to a personal exemption deduction. Due to statutory limits based on income, your exemption deduction is limited. Please refer to **Exhibit F** for the computations.

DIANE BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
EXHIBIT A
INTEREST INCOME
Page 1 of 2

SUMMARY:

|  | 2003 | 2004 | 2005 |
|---|---|---|---|
| Page 1 Totals | $306,401.00 | $188,023.00 | $ 116,552.00 |
| Page 2 Totals | 0.00 | 124.00 | 63,316.00 |
| Total Per Examination | $306,401.00 | $188,147.00 | $ 179,868.00 |

| Payer | 2003 | 2004 | 2005 |
|---|---|---|---|
| Mortgage Investment Group 44, Ltd. | 0.00 | 1,500.00 | 7,500.00 |
| Bahia Mortgage Investment Group | 0.00 | 14,875.00 | 0.00 |
| Mortgage Investment Group 37, Ltd. | 27,000.00 | 13,500.00 | 0.00 |
| Grove Townhomes, LLC | 49.00 | 0.00 | 0.00 |
| Mortgage Investment Group 48, Ltd. | 0.00 | 0.00 | 4,066.00 |
| Wachovia | 0.00 | 185.00 | 7,346.00 |
| Lakeshore Club Development, L.C. | 0.00 | 184.00 | 429.00 |
| Nebo Sobe, Inc. | 0.00 | 1.00 | 0.00 |
| Sandlakes Courtyard, LC | 2,378.00 | 0.00 | 141.00 |
| Vacation Investment Plan, Inc. | 53,255.00 | 4,262.00 | 5,899.00 |
| Wachovia | 0.00 | 16.00 | 0.00 |
| Mortgage Investment Group 49, Ltd | 0.00 | 0.00 | 14,154.00 |
| DSB Management Corp. | 209,528.00 | 139,500.00 | 58,958.00 |
| Union Bank (a\c 21274) | 764.00 | 2,420.00 | 0.00 |
| Condado Real Development | 15.00 | 0.00 | 0.00 |
| Mortgage Investment Group 50, Ltd | 0.00 | 0.00 | 2,250.00 |
| Delaney Development LLC | 0.00 | 2.00 | 131.00 |
| Emerald Development | 0.00 | 2.00 | 207.00 |
| Landco | 275.00 | 0.00 | 0.00 |
| Highland Development LLC | 66.00 | 59.00 | 6.00 |
| Hypolux Cove Development LLC | 78.00 | 5.00 | 0.00 |
| Mariners Key Largo LLC | 10,893.00 | 0.00 | 0.00 |
| DA Vinci Partners LLC | 0.00 | 208.00 | 0.00 |
| Orlando Gardens LLC | 13.00 | 0.00 | 92.00 |
| Royal Gardens LLC | 20.00 | 14.00 | 0.00 |
| Bahai-Tampa Holdings LLC | 2,067.00 | 10,877.00 | 0.00 |
| Alpine Bank | 0.00 | 413.00 | 1,038.00 |
| Mortgage Investment Group 55, Ltd | 0.00 | 0.00 | 6,433.00 |
| Office 425 Entity | 0.00 | 0.00 | 226.00 |
| Federal Parks, LLC | 0.00 | 0.00 | 249.00 |
| Laguna Partners | 0.00 | 0.00 | 80.00 |
| Hardina LLC | 0.00 | 0.00 | 6,627.00 |
| Hawaiin Inn | 0.00 | 0.00 | 720.00 |
| Page 1 Totals | $306,401.00 | $188,023.00 | $116,552.00 |

DIANE BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
EXHIBIT A
INTEREST INCOME
Page 2 of 2

| Payer | 2003 | 2004 | 2005 |
|-------|------|------|------|
| Brickell View Development | 0.00 | 27.00 | 48.00 |
| Bay Reach Development LLC | 0.00 | 95.00 | 116.00 |
| Grenadier Trace LLC | 0.00 | 2.00 | 0.00 |
| Mortgage Investment Group 53, Ltd | 0.00 | 0.00 | 8,333.00 |
| Mortgage Investment Group 54, Ltd | 0.00 | 0.00 | 3,250.00 |
| Alta-MLK Sunvest | 0.00 | 0.00 | 12.00 |
| Arizona Acquisitions LLC | 0.00 | 0.00 | 752.00 |
| Avalon Dev of Orange LLC | 0.00 | 0.00 | 350.00 |
| Desert Shores Holdings LLC | 0.00 | 0.00 | 217.00 |
| Flamingo Parks Manager LLC | 0.00 | 0.00 | 126.00 |
| Grand Venezia Clearwater, LLC | 0.00 | 0.00 | 270.00 |
| Keys Marina II LLC | 0.00 | 0.00 | 8,833.00 |
| Latigo at Silverado LLC | 0.00 | 0.00 | 277.00 |
| Metrowest Development LLC | 0.00 | 0.00 | 223.00 |
| Mountain Glen LLC | 0.00 | 0.00 | 214.00 |
| Orlando Courtney LLC | 0.00 | 0.00 | 287.00 |
| Pines Winter Garden LLC | 0.00 | 0.00 | 179.00 |
| S Bay Development LLC | 0.00 | 0.00 | 15,216.00 |
| Sunvest Global LLC | 0.00 | 0.00 | 185.00 |
| Sunvest Lofts | 0.00 | 0.00 | 195.00 |
| Sunvest Lucie LLC | 0.00 | 0.00 | 306.00 |
| Sunvest Marathon LLC | 0.00 | 0.00 | 8,407.00 |
| Sunvest Sombrero LLC | 0.00 | 0.00 | 11,747.00 |
| Sunvest Southgate LLC | 0.00 | 0.00 | 124.00 |
| Vegas Acquisitions LLC | 0.00 | 0.00 | 1,334.00 |
| Colonial Bank (A\C # 32) | 0.00 | 0.00 | 2,315.00 |
| | -------------- | ---------------- | -------------- |
| Page 2 Totals | $    0.00 | $124.00 | $63,316.00 |
| | ========== | ========= | ========== |

**DIANE BIRDMAN**
**STATUTORY NOTICE OF DEFICIENCY**
**EXPLANATION OF ITEMS**
**2003, 2004 & 2005**
**Exhibit B**
**SCHEDULE E FLOW THROUGH INCOME (LOSS)**
**Page 1 of 2**

| K-1 Flow Thru Amounts | 2003 | 2004 | 2005 |
|---|---|---|---|
| Grenadier Trace LLC | 17,255 | (17,257) | 0 |
| Flamingo Palms Manager LLC | 0 | 0 | (17,467) |
| Fairways Development | 0 | 0 | (1,605) |
| DSB Management Corp | (144,464) | (64,243) | (25,747) |
| Landco LLC 13-4217521 | (7,594) | 7,283 | (669) |
| Condado Real Development, LC | 14,668 | 171 | 0 |
| Landstreet Road LLC | 334 | (53) | 6,479 |
| Mariners Key Largo LLC | (10,946) | 0 | 0 |
| Highland Development | 15,959 | 77,930 | 0 |
| Daytona Inn LC | 70 | 812 | 0 |
| Hawaii Inn LC | (740) | (208) | 0 |
| Daytona Commercial 1 | 2,917 | 1,365 | 4,468 |
| Daytona Commercial 2 | 4,347 | 583 | 3,118 |
| Grove Townhomes LLC | 25,965 | 0 | 0 |
| Hypoluxo Cove Development | 189,185 | 30,137 | (5,626) |
| Royal Gardens, LLC | 15,853 | 36,097 | 0 |
| Emerald Development L.C. | 0 | (50,646) | (61,017) |
| Maingate Development Inc | (10,912) | 0 | 0 |
| Bahai-Tampa Holdings LLC | (2,074) | (18,247) | 0 |
| Nebo Sobe Inc | 4,729 | 7,717 | 6,973 |
| Lakeshore Club Development LC | 0 | 170 | 296,726 |
| Lakeshore Club Dev LC | (8,464) | 0 | 0 |
| Hawaii Inn Commercial II | 0 | 940 | 5,361 |
| Hawaii Inn Commercial I | 0 | 918 | 10,080 |
| S Bay Development LLC | 0 | 0 | (14,288) |
| Sandlake Courtyards LC | (99,372) | 117,783 | 251,821 |
| Arizona Acquisition LLC | 0 | 0 | (3,881) |
| Vacation Investment Plan, Inc | (66,139) | 12,052 | (276,252) |
| Vacation Investment Plan, Inc | 0 | (48,967) | 37,560 |
| Orlando Gardens LLC | 17,004 | 0 | 22,683 |
| Laguna Partners LLC | 0 | 0 | 500 |
| Laguna Partners LLC | 0 | 0 | 5 |
| Federal Parks LLC | 0 | 0 | (58,902) |

DIANE BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit B
SCHEDULE E FLOW THROUGH INCOME (LOSS)
Page 2 of 2

| K-1 Flow Thru Amounts | 2003 | 2004 | 2005 |
|---|---|---|---|
| Office 425 LLC | 0 | 0 | (8,496) |
| Mortgage Investment Group #20 | 0 | (9) | (74,991) |
| Hardina LLC | 0 | 0 | 6,298 |
| Bellagio Development LLC | 0 | 12,899 | (12,879) |
| Brickell View Development | 0 | (4,462) | 241,826 |
| Bay Reach Development | 0 | 317,983 | 11,937 |
| Turnberry 2302 LLC | 0 | (5,210) | (28,879) |
| Da Vinci Partners LLC | 0 | 135,783 | (10,133) |
| Delaney Development LLC | 0 | 36,710 | 161,663 |
| Desert Shores Holding LLC | 0 | (184) | 154,602 |
| Grand Venezia Clearwater LLC | 0 | 14,473 | 339,903 |
| Latigo At Silverado LLC | 0 | (7,311) | 375,925 |
| Metrowest Develoment LLC | 0 | (1,859) | 392,439 |
| Vegas Acquisitions LLC | 0 | (3,768) | 24,978 |
| Alta-Mlk Sunvest LLC | 0 | 0 | (102) |
| Avalon Dev of Orange County LLC | 0 | 0 | 37,021 |
| Hallendale Park Dev LLC | 0 | 0 | (1,349) |
| Keys Marinas II LLC | 0 | 0 | (12,862) |
| Mountain Glen LLC | 0 | 0 | 75,967 |
| Orlando Courtney LLC | 0 | 0 | (2,736) |
| Park West Landco LLC | 0 | 0 | (16,292) |
| Pines Winter Garden LLC | 0 | 0 | (12,153) |
| Sunvest Global LLC | 0 | 0 | (76,143) |
| Sunvest Lofts LLC | 0 | 0 | (4,149) |
| Sunvest Lucie LLC | 0 | 0 | 53,219 |
| Sunvest Marathon LLC | 0 | 0 | (8,788) |
| Sunvest Sombrero LLC | 0 | 0 | (14,241) |
| Sunvest Southgate LLC | 0 | 0 | (11,679) |
| Sunvest Pinnacle LLC | 0 | 0 | 6,525 |
| Vegas Sunvest USA LLC | 0 | 0 | (18,955) |
| | ------------- | ------------- | ------------- |
| Totals | ($42,419) | $589,382 | $1,747,796 |
| | ======= | ====== | ======== |

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | ▌▌▌▌▌▌ | Exhibit C | 11.40.00 |

### 2003 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
DIANE BIRDMAN                           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

| | |
|---|---|
| 1. Self-employment income | 33,340.00 |
| 2. Multiply line 1 by 92.35% | 30,789.49 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 30,789.49 |
| 6. Maximum earnings subject to social security | 87,000.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 87,000.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 3,817.90 |
| 12. Multiply line 5 by 2.90% | 892.90 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 4,710.80 |

Secondary

| | |
|---|---|
| 1. Self-employment income | 0.00 |
| 2. Multiply line 1 by 92.35% | 0.00 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 87,000.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 0.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 0.00 |
| 12. Multiply line 5 by 2.90% | 0.00 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 0.00 |

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit C | 11.40.00 |

### 2004 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
DIANE BIRDMAN                                             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

| | |
|---|---|
| 1. Self-employment income | 46,287.00 |
| 2. Multiply line 1 by 92.35% | 42,746.04 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 42,746.04 |
| 6. Maximum earnings subject to social security | 87,900.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 87,900.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 5,300.51 |
| 12. Multiply line 5 by 2.90% | 1,239.64 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 6,540.15 |

Secondary

| | |
|---|---|
| 1. Self-employment income | 0.00 |
| 2. Multiply line 1 by 92.35% | 0.00 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 87,900.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 0.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 0.00 |
| 12. Multiply line 5 by 2.90% | 0.00 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 0.00 |

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit C | 11.40.00 |

### 2005 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
DIANE BIRDMAN                                                                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

| | |
|---|---|
| 1. Self-employment income | 50,000.00 |
| 2. Multiply line 1 by 92.35% | 46,175.00 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 46,175.00 |
| 6. Maximum earnings subject to social security | 90,000.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 90,000.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 5,725.70 |
| 12. Multiply line 5 by 2.90% | 1,339.08 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 7,064.78 |

Secondary

| | |
|---|---|
| 1. Self-employment income | 0.00 |
| 2. Multiply line 1 by 92.35% | 0.00 |
| 3. Farm Optional Method Income | 0.00 |
| 4. Non Farm Optional Method Income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 90,000.00 |
| 7. Social Security wages and tips from W-2 | 0.00 |
| 8. Unreported tips from Form 4137 | 0.00 |
| 9. Sum of lines 7 and 8 | 0.00 |
| 10. Line 6 less line 9 | 0.00 |
| 11. Multiply the smaller of line 5 or 10 by 12.40% | 0.00 |
| 12. Multiply line 5 by 2.90% | 0.00 |
| 13. Self-Employment Tax (sum of lines 11 and 12) | 0.00 |

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit D | 11.40.00 |

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or the tax was not paid, and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown below, in accordance with Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

### 2003 - DELINQUENCY PENALTY

| | | |
|---|---|---|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2004 | |
| 3. Date return filed | 02/03/2011 | |
| 4. Failure to File penalty rate | 0.225 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax liability | | 96,645.00 |
| 7. Allowable payments on or prior to due date of return | | 0.00 |
| 8. Net Amount Due (line 6 less line 7) | | 96,645.00 |
| 9. Failure to File Penalty - line 8 multiplied by line 4 | | 21,745.13 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Failure to File Penalty - Greater of line 9 or line 10 | | 21,745.13 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Failure to File Penalty - line 11 less line 12 | | 21,745.13 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 24,161.25 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 24,161.25 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 45,906.38 |

* If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
| Identification Number: | | Exhibit D | 11.40.00 |

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or the tax was not paid, and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown below, in accordance with Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

### 2004 - DELINQUENCY PENALTY

| | | |
|---|---|---:|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2005 | |
| 3. Date return filed | 02/03/2011 | |
| 4. Failure to File penalty rate | 0.225 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax liability | | 286,934.00 |
| 7. Allowable payments on or prior to due date of return | | 0.00 |
| 8. Net Amount Due (line 6 less line 7) | | 286,934.00 |
| 9. Failure to File Penalty - line 8 multiplied by line 4 | | 64,560.15 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Failure to File Penalty - Greater of line 9 or line 10 | | 64,560.15 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Failure to File Penalty - line 11 less line 12 | | 64,560.15 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 71,733.50 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 71,733.50 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 136,293.65 |

* If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Apdnx-142

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit D | 11.40.00 |

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or the tax was not paid, and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown below, in accordance with Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

### 2005 - DELINQUENCY PENALTY

| | | |
|---|---|---|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2006 | |
| 3. Date return filed | 02/03/2011 | |
| 4. Failure to File penalty rate | 0.225 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax liability | | 698,314.00 |
| 7. Allowable payments on or prior to due date of return | | 0.00 |
| 8. Net Amount Due (line 6 less line 7) | | 698,314.00 |
| 9. Failure to File Penalty - line 8 multiplied by line 4 | | 157,120.65 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Failure to File Penalty - Greater of line 9 or line 10 | | 157,120.65 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Failure to File Penalty - line 11 less line 12 | | 157,120.65 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 174,578.50 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 174,578.50 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 331,699.15 |

* If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

| Name of Taxpayer: DIANE BIRDMAN | | 02/03/2011 |
| Identification Number: ▓▓▓▓▓ | Exhibit B | 11.40.00 |

## 2003 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | 96,645.00 |
| 2. Refundable Credits | 0.00 |
| 3. Withholding taxes | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (if less than $1000, estimated penalty does not apply) | 96,645.00 |
| 5. 90% of the sum of line 1 less line 2 | 86,980.50 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000, or if MFS more than $75,000.) | 315,640.60 |
| 7. The smaller of line 5 or 6 (as adjusted) | 86,980.50 |

| | Apr 15, 2003 | Jun 15, 2003 | Sep 15, 2003 | Jan 15, 2004 |
|---|---|---|---|---|
| 8. Payment Due Date | | | | |
| 9. Payment Required | 21,745.13 | 21,745.13 | 21,745.13 | 21,745.13 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | 0.00 | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 21,745.13 | 43,490.26 | 65,235.39 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 21,745.13 | 43,490.26 | |
| 16. Underpayment | 21,745.13 | 21,745.13 | 21,745.13 | 21,745.13 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 971.59 | 789.88 | 515.83 | 216.26 |

| | |
|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | 0.00 |
| 20. Estimated Tax Penalty | 2,493.56 |

Apdnx-144

| Name of Taxpayer: DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|
| Identification Number: ███████ | Exhibit E | 11.40.00 |

## 2004 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | | 286,934.00 |
| 2. Refundable Credits | | 0.00 |
| 3. Withholding taxes | | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (If less than $1000, estimated penalty does not apply) | | 286,934.00 |
| 5. 90% of the sum of line 1 less line 2 | | 258,240.60 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000. or if MFS more than $75,000.) | | 111,491.60 |
| 7. The smaller of line 5 or 6 (as adjusted) | | 111,491.60 |

| | Apr 15, 2004 | Jun 15, 2004 | Sep 15, 2004 | Jan 15, 2005 |
|---|---|---|---|---|
| 8. Payment Due Date | | | | |
| 9. Payment Required | 27,872.90 | 27,872.90 | 27,872.90 | 27,872.90 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 27,872.90 | 55,745.80 | 83,618.70 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 27,872.90 | 55,745.80 | |
| 16. Underpayment | 27,872.90 | 27,872.90 | 27,872.90 | 27,872.90 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 1,320.87 | 1,088.60 | 796.92 | 343.64 |

| | |
|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | 0.00 |
| 20. Estimated Tax Penalty | 3,550.03 |

Apdnx-145 ₁₉

| Name of Taxpayer: DIANE BIRDMAN | | 02/03/2011 |
| Identification Number: ▮▮▮▮ | Exhibit E | 11.40.00 |

## 2005 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | | | | |
|---|---|---|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | | | | 698,314.00 |
| 2. Refundable Credits | | | | 0.00 |
| 3. Withholding taxes | | | | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (if less than $1000, estimated penalty does not apply) | | | | 698,314.00 |
| 5. 90% of the sum of line 1 less line 2 | | | | 628,482.60 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000. or if MFS more than $75,000.) | | | | 314,528.50 |
| 7. The smaller of line 5 or 6 (as adjusted) | | | | 314,528.50 |

| | Apr 15, 2005 | Jun 15, 2005 | Sep 15, 2005 | Jan 15, 2006 |
|---|---|---|---|---|
| 8. Payment Due Date | | | | |
| 9. Payment Required | 78,632.13 | 78,632.13 | 78,632.13 | 78,632.13 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 78,632.13 | 157,264.26 | 235,896.39 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 78,632.13 | 157,264.26 | |
| 16. Underpayment | 78,632.13 | 78,632.13 | 78,632.13 | 78,632.13 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 5,142.32 | 4,353.84 | 3,164.67 | 1,357.21 |

| | | |
|---|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | | 0.00 |
| 20. Estimated Tax Penalty | | 14,018.04 |

| Name Of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit F | 11.40.00 |

## 2003 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $    3,050.00  by the total number of exemptions                    3,050.00
   claimed on Form 1040, line 6e

2. Adjusted Gross Income                                                        344,736.00

3. Limitation based on Filing Status                                           104,625.00

4. Subtract line 3 from line 2                                                 240,111.00

5. Divide line 4 by $2,500                                                           0.00
   ($1,250 if married filing separate)

6. Multiply line 5 by 2% and enter the result as a decimal                          0.00

7. Multiply line 1 by line 6                                                         0.00

8. Deduction for exemptions (Subtract line 7 from line 1)                            0.00

Note: If Line 4 is more than $122,500. or ($61,250. if married filling separately), a deduction for

exemptions cannot be taken.

| Name Of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
| Identification Number: | | Exhibit F | 11.40.00 |

## 2004  - PERSONAL EXEMPTION WORKSHEET

| | |
|---|---|
| 1. Multiply $     3,100.00 by the total number of exemptions claimed on Form 1040, line 6e | 3,100.00 |
| 2. Adjusted Gross Income | 860,952.00 |
| 3. Limitation based on Filing Status | 107,025.00 |
| 4. Subtract line 3 from line 2 | 753,927.00 |
| 5. Divide line 4 by $2,500 ($1,250 if married filing separate) | 0.00 |
| 6. Multiply line 5 by 2% and enter the result as a decimal | 0.00 |
| 7. Multiply line 1 by line 6 | 0.00 |
| 8. Deduction for exemptions (Subtract line 7 from line 1) | 0.00 |

Note: If Line 4 is more than $122,500. or ($61,250. if married filling separately), a deduction for exemptions cannot be taken.

| Name Of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit F | 11.40.00 |

## 2005 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $500 by the total number of guests listed in Part I of Form 8914    0.00
   (Maximum allowed is $2,000; or $1,000 if married filing separately)

2. Multiply $   3,200.00  by the total number of exemptions    3,200.00
   claimed on Form 1040, line 6d

3. Add lines 1 and 2    3,200.00

4. Adjusted Gross Income    2,119,648.00

5. Limitation based on Filing Status    109,475.00

   Note: If line 5 is greater than line 4, enter the amount on line 3
   on line 10 below and STOP

6. Subtract line 5 from line 4    2,010,173.00

   Note: If line 6 is less than zero or line 6 is more than $122,500
   (or $61,250, if married filing separately),  then enter the
   amount on line 1 on line 10 below and STOP

7. Divide line 6 by $2,500 ($1,250 if married filing separately)    0.00

8. Multiply line 7 by 2% and enter the result as a decimal    0.00

9. Multiply line 2 by line 8    0.00

10. Deduction for exemptions (Subtract line 9 from line 3)    0.00

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit G | 11.40.00 |

## 2003 - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**    Short-Term Capital Gains and Losses—Assets Held One Year or Less

| | | |
|---|---|---|
| 1 | Short-term capital gain or loss | 0.00 |
| 2 | Short-term capital loss carryover | 0.00 |
| 3 | Short Post-May 5 gain or (loss) | 0.00 |
| 4 | Net Short-term Gain or Loss (Add line 1 and 2) | 0.00 |

**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year

| | | |
|---|---|---|
| 5 | Long-term capital gain or loss | 49,712.00 |
| 6 | Long-term capital gain or loss carryover | 0.00 |
| 7 | Long Post-May 5 gain or (loss) | 49,712.00 |
| 8 | Net long-term Gain or Loss (Add line 5 and 6) | 49,712.00 |

**Part III**    Taxable Gain or Deductible Loss

| | | |
|---|---|---|
| 9 | Sum of lines 4 and 8 - Net Capital Gain or Loss | 49,712.00 |
| 10 | Sum of lines 3 and 7 | 49,712.00 |
| 11 | Capital loss limitation | 0.00 |
| 12 | Capital Gain or Loss - As Corrected | 49,712.00 |
| 13 | Capital Gain or Loss - Per Return | 0.00 |
| 14 | Line 12 less line 13 - Adjustment to Income | 49,712.00 |

CORRECTED CARRYOVER

| | | |
|---|---|---|
| 15 | Short-term Carryover to Subsequent Year | 0.00 |
| 16 | Long-term Carryover to Subsequent Year | 0.00 |

Name of Taxpayer:   DIANE BIRDMAN                                    02/03/2011
Identification Number: ████████████        Exhibit G                 11.40.00

**Part IV    Tax Computation Using Maximum Capital Gains Rates**

| | | | | |
|---|---|---|---|---|
| 17 | Enter your taxable income from Form 1040, line 40 . . . . . . . . . . . . . . . **17** | | | 339,986.00 |
| 18 | Enter the **smaller** of line 8 or line 9, but not less than zero . . **18** | 49,712.00 | | |
| 19 | Enter your qualified dividends from Form 1040, line 9b . . . . . **19** | 58.00 | | |
| 20 | Add lines 18 and 19 . . . . . . . . . . . . . . **20** | 49,770.00 | | |
| 21 | Amount from line 4g of Form 4952 (investment interest expense) . **21** | 0.00 | | |
| 22 | Subtract line 21 from line 20. If zero or less, enter -0- . . . . . . **22** | | | 49,770.00 |
| 23 | Subtract line 22 from line 17. If zero or less, enter -0- . . . . . . **23** | | | 290,216.00 |
| 24 | Enter the **smaller** of line 17 or:  28,400.00 | | | |
| | • $56,800 if married filing jointly or qualifying widow(er); | | | |
| | • $28,400 if single or married filing separately; or   . . . . **24** | 28,400.00 | | |
| | • $38,050 if head of household | | | |
| | **If line 23 is more than line 24, skip lines 30–35 and go to line 36.** | | | |
| 25 | Enter the amount from line 23 . . . . . . . . . . **25** | | | |
| 26 | Subtract line 25 from line 24. If zero or less, go to line 36 . . . . **26** | | | |
| 27 | Add lines 10 and 19 . . . . . . . **27** | | | |
| 28 | Enter the **smaller** of line 26 or line 27 . . . . . . . . . **28** | | | |
| 29 | Multiply line 28 by 5% (.05) . . . . . . . . . . . . **29** | | | |
| | **If lines 26 and 28 are the same, skip lines 30–35 and go to line 36.** | | | |
| 30 | Subtract line 28 from line 26 . . . . . . . . . . **30** | | | |
| 31 | Enter your qualified 5-year gain . . . . . . . . . **31** | | | |
| 32 | Enter the **smaller** of line 30 or line 31 · · · · · · **32** | | | |
| 33 | Multiply line 32 by 8% (.08) · · · · · · · · · **33** | | | |
| 34 | Subtract line 32 from line 30 · · · · · · **34** | | | |
| 35 | Multiply line 34 by 10% (.10) · · · · · · · · **35** | | | |
| | **If lines 22 and 26 are the same, skip lines 36–45 and go to line 46.** | | | |
| 36 | Enter the **smaller** of line 17 or line 22 · · · · · **36** | 49,770.00 | | |
| 37 | Enter the amount from line 26 (if line 26 is blank, enter -0-) · · · **37** | 0.00 | | |
| 38 | Subtract line 37 from line 36 · · · · · · · **38** | 49,770.00 | | |
| 39 | Add lines 10 and 19 . . . . . . . **39** | 49,770.00 | | |
| 40 | Enter the amount from line 28 (if line 28 is blank, enter -0-) **40** | 0.00 | | |
| 41 | Subtract line 40 from line 39 · · · · · **41** | 49,770.00 | | |
| 42 | Enter the **smaller** of line 38 or line 41 · · · · · · **42** | 49,770.00 | | |
| 43 | Multiply line 42 by 15% (.15) · · · · · · · · · · · · · · · · . . . **43** | | | 7,465.50 |
| 44 | Subtract line 42 from line 38 · · · · · · · · · · **44** | 0.00 | | |
| 45 | Multiply line 44 by 20% (.20) · · · · · · · · · · · · · · · · **45** | | | 0.00 |
| 46 | Figure the tax on the amount on line 23. Use the Tax Table or Tax Rate Schedules, whichever applies  **46** | | | 89,179.00 |
| 47 | Add lines 29, 33, 35, 43, 45, and 46 · · · · · · · · · · · · · · · · · **47** | | | 96,644.50 |
| 48 | Figure the tax on the amount on line 17. Use the Tax Table or Tax Rate Schedules, whichever applies  **48** | | | 106,598.00 |
| 49 | **Tax on all taxable income.** Enter the **smaller** of line 47 or line 48 here and on Form 1040, line 41  **49** | | | 96,644.50 |

**Worksheet for Lines 27 and 39**

| | | |
|---|---|---|
| 1. Enter your qualified dividends from Form 1040, line 9b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1.** | | 58.00 |
| 2. Enter the amount from Form 4952, line 4g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2.** | 0.00 | |
| 3. Enter the amount from Form 4952, line 4e . . . . . . . . . . . . . . . . . . . . . . . . . . . **3.** | 0.00 | |
| 4. Subtract line 3 from line 2. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4.** | | 0.00 |
| 5. Subtract line 4 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5.** | | 58.00 |
| 6. Enter the amount from Schedule D, line 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6.** | | 49,712.00 |
| 7. Add lines 5 and 6. Enter the result here and on Schedule D, lines 27 and 39 (unless you are skipping the line)  **7.** | | 49,770.00 |

| Name of Taxpayer: DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|
| Identification Number: | Exhibit G | 11.40.00 |

## 2004 - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**     Short-Term Capital Gains and Losses—Assets Held One Year or Less
1     Short-term capital gain or loss                                    37,459.00
2     Short-term capital loss carryover                                       0.00
3     Net Short-term Gain or Loss (Add line 1 and 2)                    37,459.00


**Part II**     Long-Term Capital Gains and Losses—Assets Held More Than One Year
4     Long-term capital gain or loss                                          0.00
5     Long-term capital gain or loss carryover                                0.00
6     Net long-term Gain or Loss (Add line 4 and 5)                           0.00


**Part III**     Summary
7     Sum of lines 3 and 6 - Net Capital Gain or Loss                   37,459.00
8     Capital loss limitation                                                 0.00
9     Capital Gain or Loss - As Corrected                               37,459.00
10     Capital Gain or Loss - Per Return                                      0.00
11     Line 9 less line 10 - Adjustment to Income                       37,459.00


CORRECTED CARRYOVER
12     Short-term Carryover to Subsequent Year                                0.00
13     Long-term Carryover to Subsequent Year                                 0.00


28% RATE GAIN COMPUTATION

1     Tentative 28% rate gain (total of lines 1 thru 4 from worksheet)        0.00
2     Long-term capital loss carryover                                        0.00
3     Net short-term capital loss                                             0.00
4     Allowable 28% rate gain (sum of lines 1 thru 3) (if -0- or less, enter -0-)     0.00

SECTION 1250 GAIN COMPUTATION

1     Tentative Section 1250 gain (line 13 from worksheet)                    0.00
2     Tentative 28% rate gain                                    0.00
3     Net short-term capital loss                                0.00
4     Long-term capital loss carryover                           0.00
5     Sum of lines 2 thru 4 (if less than -0-, enter as positive amount) (if -0- or greater, enter -0-)     0.00
6     Allowable Section 1250 gain (line 1 less line 5) (if -0- or less, enter -0-)     0.00

Name of Taxpayer:  DIANE BIRDMAN                                                    02/03/2011
Identification Number: ███████████          Exhibit G                                11.40.00

## 2004 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the amount from Form 1040, line 42 (Form 1040A, line 27) . . . . . . . **1.**          856,102.00
2. Enter the amount from Form 1040, line 9b (Form 1040A, line 9b) . . . . . . . **2.**          117.00
3. Are you filing Schedule D?
   ☑ Yes. Enter the smaller of line 15 or 16 of
      Schedule D, but do not enter less than -0-          } **3.**          0.00
   ☐ No. Enter the amount from Form 1040, line 13 (Form 1040A, line10)
4. Add lines 2 and 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4.**          117.00
5. If you are claiming investment interest expense on Form
   4952, enter the amount from line 4g of that form.
   Otherwise, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5.**          0.00
6. Subtract line 5 from line 4. If zero or less, enter -0- . . . . . . . . . . . . . . . . **6.**          117.00
7. Subtract line 6 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . **7.**          855,985.00
8. Enter the smaller of:
   • The amount on line 1, or 29,050.00
   • $29,050 if single or married filing separately,          } . . . . . . . . **8.**          29,050.00
     $58,100 if married filing jointly or qualifying widow(er),
     $38,900 if head of household.
9. Is the amount on line 7 equal to or more than the amount on line 8?
   ☑ Yes. Skip lines 9 through 11; go to line 12 and check the "No" box.
   ☐ No. Enter the amount from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9.**
10. Subtract line 9 from line 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10.**
11. Multiply line 10 by 5% (.05) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11.**
12. Are the amounts on lines 6 and 10 the same?
    ☐ Yes. Skip lines 12 through 15; go to line 16.
    ☑ No. Enter the smaller of line 1 or line 6 . . . . . . . . . . . . . . . . . . . . . **12.**          117.00
13. Enter the amount from line 10 (if line 10 is blank, enter -0-) . . . . . . . . . . **13.**          0.00
14. Subtract line 13 from line 12 . . . . . . . . . . . . . . . . . . . . . . . . . , . . . . **14.**          117.00
15. Multiply line 14 by 15% (.15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15.**          18.00
16. Figure the tax on the amount on line 7. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16.**          286,916.00
17. Add lines 11, 15, and 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17.**          286,934.00
18. Figure the tax on the amount on line 1. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18.**          286,957.00
19. Tax on all taxable income. Enter the smaller of line 17 or line 18. Also include this amount on
    Form 1040, line 43 (Form 1040A, line 28) . . . . : . . . . . . . . . . . . . . . . . . . . . . . . . . . **19.**          286,934.00

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit G | 11.40.00 |

## 2005 - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**   Short-Term Capital Gains and Losses—Assets Held One Year or Less
| | | |
|---|---|---|
| 1 | Short-term capital gain or loss | 0.00 |
| 2 | Short-term capital loss carryover | 0.00 |
| 3 | Net Short-term Gain or Loss (Add line 1 and 2) | 0.00 |

**Part II**   Long-Term Capital Gains and Losses—Assets Held More Than One Year
| | | |
|---|---|---|
| 4 | Long-term capital gain or loss | 144,038.00 |
| 5 | Long-term capital gain or loss carryover | 0.00 |
| 6 | Net long-term Gain or Loss (Add line 4 and 5) | 144,038.00 |

**Part III**   Summary
| | | |
|---|---|---|
| 7 | Sum of lines 3 and 6 - Net Capital Gain or Loss | 144,038.00 |
| 8 | Capital loss limitation | 0.00 |
| 9 | Capital Gain or Loss - As Corrected | 144,038.00 |
| 10 | Capital Gain or Loss - Per Return | 0.00 |
| 11 | Line 9 less line 10 - Adjustment to Income | 144,038.00 |

### CORRECTED CARRYOVER
| | | |
|---|---|---|
| 12 | Short-term Carryover to Subsequent Year | 0.00 |
| 13 | Long-term Carryover to Subsequent Year | 0.00 |

### 28% RATE GAIN COMPUTATION
| | | |
|---|---|---|
| 1 | Tentative 28% rate gain (total of lines 1 thru 4 from worksheet) | 0.00 |
| 2 | Long-term capital loss carryover | 0.00 |
| 3 | Net short-term capital loss | 0.00 |
| 4 | Allowable 28% rate gain (sum of lines 1 thru 3) (if -0- or less, enter -0-) | 0.00 |

### SECTION 1250 GAIN COMPUTATION
| | | | |
|---|---|---|---|
| 1 | Tentative Section 1250 gain (line 13 from worksheet) | | 0.00 |
| 2 | Tentative 28% rate gain | 0.00 | |
| 3 | Net short-term capital loss | 0.00 | |
| 4 | Long-term capital loss carryover | 0.00 | |
| 5 | Sum of lines 2 thru 4 (if less than -0-, enter as positive amount) (if -0- or greater, enter -0-) | | 0.00 |
| 6 | Allowable Section 1250 gain (line 1 less line 5) (if -0- or less, enter -0-) | | 0.00 |

Name of Taxpayer:   DIANE BIRDMAN                                           02/03/2011
Identification Number: ▉▉▉▉▉▉▉                    Exhibit G                  11.40.00

## 2005 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the amount from Form 1040, line 43 . . . . . . . . . . . . . . . . . . . . . . . . 1.        2,114,648.00
2. Enter the amount from Form 1040, line 9b . . . . . . . . 2.        182.00
3. Are you filing Schedule D?
   ☑ **Yes.** Enter the **smaller** of line 15 or 16 of
       Schedule D, but do not enter less than -0-        } 3.        144,038.00
   ☐ **No.** Enter the amount from Form 1040, line 13
4. Add lines 2 and 3 . . . . . . . . . . . . . . . . . . . . . . . . 4.        144,220.00
5. If you are claiming investment interest expense on Form
   4952, enter the amount from line 4g of that form.
   Otherwise, enter -0- . . . . . . . . . . . . . . . . . . . . . . 5.        0.00
6. Subtract line 5 from line 4. If zero or less, enter -0- . . . . . . . . . . . . . . . . . 6.        144,220.00
7. Subtract line 6 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . . 7.        1,970,428.00
8. Enter the **smaller** of:
   • The amount on line 1, or 29,700.00
   • $29,700 if single or married filing separately,        } . . . . . . . . 8.        29,700.00
     $59,400  if married filing jointly or qualifying widow(er),
     $39,800  if head of household.
9. Is the amount on line 7 equal to or more than the amount on line 8?
   ☑ **Yes.** Skip lines 9 through 11; go to line 12 and check the ''No'' box.
   ☐ **No.** Enter the amount from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.
10. Subtract line 9 from line 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.
11. Multiply line 10 by 5% (.05) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.
12. Are the amounts on lines 6 and 10 the same?
    ☐ **Yes.** Skip lines 12 through 15; go to line 16.
    ☑ **No.** Enter the **smaller** of line 1 or line 6 . . . . . . . . . . . . . . . . . . . . . 12.        144,220.00
13. Enter the amount from line 10 (if line 10 is blank, enter -0-) . . . . . . . . . . . 13.        0.00
14. Subtract line 13 from line 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14.        144,220.00
15. Multiply line 14 by 15% (.15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.        21,633.00
16. Figure the tax on the amount on line 7. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16.        676,681.00
17. Add lines 11, 15, and 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17.        698,314.00
18. Figure the tax on the amount on line 1. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18.        727,158.00
19. Tax on all taxable income. Enter the smaller of line 17 or line 18. Also include this amount on
    Form 1040, line 44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19.        698,314.00

| Name of Taxpayer: | DIANE BIRDMAN | | 02/03/2011 |
| Identification Number: | | Total | 11.40.00 |

## HOW TO PAY YOUR TAXES

If you agree with our examination, pay now by sending a check or money order payable to United States Treasury and your signed agreement. The enclosed report does not reflect any balance currently due on your account.

Why it is to your advantage to pay now:

- Decreases future interest charges
- Prevents assessment of failure to pay penalty
- Reduces payment of nondeductible interest
- Eliminates further contact with us

If you agree with our examination and cannot pay now:

1) Can you pay the full amount within 120 days?   [ ] Yes     [ ] No
   - If yes, send in the signed agreement now and submit the balance due when you receive a bill. Checks should be made payable to United States Treasury.
   - If no, you may be eligible for a payment plan.

2) If you would like us to consider an installment agreement, submit your written request or check the box below and return this flyer with your signed agreement.

   [ ] I would like to pay $ _____ per month.

   (We encourage you to make your payments as large as possible to limit penalty and interest charges.)

   I would like my payment to be due on the _____ of the month.

   (Please indicate a date between the 1st and 28th of the month.)

   You will be charged a fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

   Please provide a telephone number where we can contact you regarding your request.

   Home: (     ) _____

   Work: (     ) _____

ALSO, if you agree with our examination, PLEASE SIGN PAGE 2 OF THE REPORT (Form 4549) and return pages 1 and 2 to us.

* Interest and applicable penalties will continue to accrue until your balance is paid in full.
* All checks or money orders for payment should be made payable to United States Treasury.

 **IRS**

Department of the Treasury
**Internal Revenue Service**

Notice 1214 (Rev. 1-2007)
Catalog Number 26162Z

# Helpful Contacts for Your
# "Notice of Deficiency"

Do you have questions/concerns about this *"Notice of Deficiency"*? First, contact the person whose name and telephone number appear at the top of your letter. This person can directly access your tax information and help you get answers.

Do you want assistance by a Taxpayer Advocate? The Taxpayer Advocate Service is an independent organization within the IRS whose employees assist taxpayers who are experiencing economic harm, who are seeking help in resolving tax problems that have not been resolved through normal channels, or who believe that an IRS system or procedure is not working as it should. You can reach TAS by calling their toll-free case intake line at 1-877-777-4778 or TTY/TTD 1-800-829-4059. You can also contact your Local Taxpayer Advocate, whose address and phone number are listed here.

**ALABAMA**
**Birmingham Office**
Taxpayer Advocate
801 Tom Martin Dr., Room 151-PR
Birmingham, AL 35211
(205) 912-5631

**ALASKA**
**Anchorage Office**
Taxpayer Advocate
949 East 36th Ave., Stop A-405
Anchorage, AK 99508
(907) 271-6877

**ARIZONA**
**Phoenix Office**
Taxpayer Advocate
210 E. Earll Drive, Stop 1005-PHX
Phoenix, AZ 85012-2623
(602) 207-8240

**ARKANSAS**
**Little Rock Office**
Taxpayer Advocate
700 West Capitol St., Stop 1005-LIT
Little Rock, AR 72201
(501) 396-5978

**CALIFORNIA**
**Laguna Niguel Office**
Taxpayer Advocate
24000 Avila Road, Stop 2000
Laguna Niguel, CA 92677
(949) 389-4804

**Los Angeles Office**
Taxpayer Advocate
300 N. Los Angeles St.
Stop 6710LA
Los Angeles, CA 90012
(213) 576-3140

**Oakland Office**
Taxpayer Advocate
1301 Clay St., Suite 1540S
Oakland, CA 94612
(510) 637-2703

**Sacramento Office**
(LTA located in Oakland, CA)
4330 Watt Ave. Stop SA5043
Sacramento, CA 95821
(916) 974-5007

**San Jose Office**
(LTA located in Oakland)
55 S. Market St., Stop 0004
San Jose, CA 95113
(408) 817-6850

**COLORADO**
**Denver Office**
Taxpayer Advocate
600 17th St., Stop 1005 DEN
Denver, CO 80202-2490
(303) 446-1012

**CONNECTICUT**
**Hartford Office**
Taxpayer Advocate
135 High St., Stop 219
Hartford, CT 06103
(860) 756-4555

**DELAWARE**
**Wilmington Office**
Taxpayer Advocate
1352 Marrows Rd., Suite 203
Newark, DE 19711-5445
302-286-1643

**DISTRICT OF COLUMBIA**
**Washington, DC Office**
Taxpayer Advocate
500 N. Capitol St. NW, Suite 1301-A
Washington, DC 20221
202-622-4300

**FLORIDA**
**Ft. Lauderdale Office**
Taxpayer Advocate
7850 SW 6th Court, Room 265
Plantation, FL 33324
(954) 423-7677

**Jacksonville Office**
Taxpayer Advocate
841 Prudential Dr., Suite 100
Stop: TA:Atlanta/Intl: JAX
Jacksonville, FL 32207
(904) 665-1000

**GEORGIA**
**Atlanta Office**
Taxpayer Advocate
401 W. Peachtree St., NW
Summit Building
Room 510, Stop 202-D
Atlanta, GA 30308
(404) 338-8099

**HAWAII**
**Honolulu Office**
Taxpayer Advocate
300 Ala Moana Blvd., #50089
Stop H-495 / Room 1-214
Honolulu, HI 96850
(808) 539-2870

**IDAHO**
**Boise Office**
Taxpayer Advocate
550 West Fort St., Box 041
Boise, ID 83724
(208) 387-2827

**ILLINOIS**
**Chicago Office**
Taxpayer Advocate
230 S. Dearborn St.
Room 2860 / Stop 1005-CHI
Chicago, IL 60604
(312) 566-3800

**Springfield Office**
Taxpayer Advocate
3101 Constitution Dr.
Stop 1005-SPD
Springfield, IL 62704
(217) 862-6382

**INDIANA**
**Indianapolis Office**
Taxpayer Advocate
575 N. Pennsylvania St.
Room 581 / Stop TA770
Indianapolis, IN 46204
(317) 685-7840

**IOWA**
**Des Moines Office**
Taxpayer Advocate
210 Walnut St., Room 483, Stop 1005-DS
Des Moines, IA 50309
(515) 564-6888

**KANSAS**
**Wichita Office**
Taxpayer Advocate
271 W. 3rd St., North
Stop 1005-WIC, Suite 2000
Wichita, KS 67202
(316) 352-7506

**KENTUCKY**
**Louisville Office**
Taxpayer Advocate
600 MLK Jr. Place
Room 325
Louisville, KY 40202
(502) 582-6030

**LOUISIANA**
**New Orleans Office**
Taxpayer Advocate
1555 Poydras St., Suite 220, Stop 2
New Orleans, LA 70112-3747
(504) 558-3001

**MAINE**
**Augusta Office**
Taxpayer Advocate
68 Sewall St., Room 313
Augusta, ME 04330
(207) 622-8528

**MARYLAND**
**Baltimore Office**
Taxpayer Advocate
31 Hopkins Plaza, Room 900
Baltimore, MD 21201
(410) 962-2082

**MASSACHUSETTS**
**Boston Office**
Taxpayer Advocate
JKF Bldg, 15 New Sudbury St., Room 725
Boston, MA 02203
(617) 316-2690

**MICHIGAN**
**Detroit Office**
Taxpayer Advocate
McNamara Federal Building
477 Michigan Ave., Room 1745, Stop 7
Detroit, MI 48226
(313) 628-3670

**MINNESOTA**
**St. Paul Office**
Taxpayer Advocate
Wells Fargo Place
30 E. 7th St., Suite 817
Stop 1005 STP
St. Paul, MN 55101
(651) 312-7999

 **IRS**

Department of the Treasury
**Internal Revenue Service**

Notice 1214  (Rev. 1-2007)
Catalog Number 26162Z

**MISSISSIPPI**
Jackson Office
Taxpayer Advocate
100 W. Capitol St., Stop 31
Jackson, MS  39269
(601) 292-4800

**MISSOURI**
St. Louis Office
Taxpayer Advocate
1222 Spruce Street,
Stop 1005-STL, Room 10-314
St. Louis, MO 63103
(314) 612-4610

**MONTANA**
Helena Office
Taxpayer Advocate
10 West 15th St., Suite 2319
Helena, MT 59626
(406) 441-1022

**NEBRASKA**
Omaha Office
Taxpayer Advocate
1313 Farnam St.
Stop 1005-OMA, Room 208
Omaha, NE 68102
(402) 221-4181

**NEVADA**
Las Vegas Office
Taxpayer Advocate
110 City Parkway
Stop 1005-LVG
Las Vegas, NV 89106
(702) 868-5179

**NEW HAMPSHIRE**
Portsmouth Office
Taxpayer Advocate
Thomas J. McIntyre Federal Bldg.
80 Daniel St., Room 403
Portsmouth, NH 03801
(603) 433-0571

**NEW JERSEY**
Springfield Office
Taxpayer Advocate
955 S. Springfield Ave., 1st Floor
Springfield, NJ 07081
(973) 921-4043

**NEW MEXICO**
Albuquerque Office
Taxpayer Advocate
5338 Montgomery Blvd. N.E.
Stop 1005 ALB
Albuquerque, NM 87109
(505) 837-5505

**NEW YORK**
Albany Office
Taxpayer Advocate
Leo O'Brien Federal Building
1 Clinton Square, Room 354
Albany, NY 12207
(518) 427-5413

Brooklyn Office
Taxpayer Advocate
10 Metro Tech Center
625 Fulton St.
Brooklyn, NY 11201
(718) 488-2080

Buffalo Office
Taxpayer Advocate
201 Como Park Blvd.
Buffalo, NY 14227-1416
(716) 686-4850

Manhattan Office
Taxpayer Advocate
290 Broadway, 5th Floor
New York, NY 10007
(212) 436-1011

**NORTH CAROLINA**
Greensboro Office
Taxpayer Advocate
320 Federal Place, Room 125
Greensboro, NC 27401
(336) 378-2180

**NORTH DAKOTA**
Fargo Office
Taxpayer Advocate
657 2nd Ave. N., Stop 1005 FAR
Fargo, ND 58102-4727
(701) 239-5141

**OHIO**
Cincinnati Office
Taxpayer Advocate
550 Main St., Room 3530
Cincinnati, OH 45202
(513) 263-3260

Cleveland Office
Taxpayer Advocate
1240 E. 9th St., Room 423
Cleveland, OH 44199
(216) 522-7134

**OKLAHOMA**
Oklahoma City Office
Taxpayer Advocate
55 N. Robinson, Stop 1005-OKC
Oklahoma City, OK 73102
(405) 297-4055

**OREGON**
Portland Office
Taxpayer Advocate
1220 S.W. 3rd Ave., Stop O-405
Portland, OR 97204
(503) 326-2333

**PENNSYLVANIA**
Philadelphia Office
Taxpayer Advocate
600 Arch St., Room 7426
Philadelphia, PA 19106
(215) 861-1304

Pittsburgh Office
Taxpayer Advocate
1000 Liberty Ave., Room 366
Pittsburgh, PA 15222
(412) 395-4769

**RHODE ISLAND**
Providence Office
Taxpayer Advocate
380 Westminster St.
Providence, RI 02903
(401) 525-4200

**SOUTH CAROLINA**
Columbia Office
Taxpayer Advocate
1835 Assembly St.
Room 466, MDP-03
Columbia, SC 29201
(803) 253-3029

**SOUTH DAKOTA**
Aberdeen Office
Taxpayer Advocate
115 4th Ave. Southeast
Stop 1005-ABE, Room 114
Aberdeen, SD 57401
(605) 226-7248

**TENNESSEE**
Nashville Office
Taxpayer Advocate
801 Broadway, Stop 22
Nashville, TN 37203
(615) 250-5000

**TEXAS**
Austin Office
Taxpayer Advocate
300 E. 8th St., Stop 1005-AUS
Austin, TX 78701
(512) 499-5875

Dallas Office
Taxpayer Advocate
1114 Commerce St
MC 1005DAL, Room 1004
Dallas, TX 75242
(214) 413-6500

Houston Office
Taxpayer Advocate
1919 Smith St., Stop 1005-HOU
Houston, TX 77002
(713) 209-3660

**UTAH**
Salt Lake City Office
Taxpayer Advocate
50 South 200 East, Stop 1005-SLC
Salt Lake City, UT 84111
(801) 799-6958

**VERMONT**
Burlington Office
Taxpayer Advocate
Courthouse Plaza
199 Main St.
Burlington, VT 05401-8309
(802) 859-1052

**VIRGINIA**
Richmond Office
Taxpayer Advocate
400 North 8th St., Room 916
Richmond, VA 23240
(804) 916-3501

**WASHINGTON**
Seattle Office
Taxpayer Advocate
915 2nd Ave., Stop W-405
Seattle, WA 98174
(206) 220-6037

**WEST VIRGINIA**
Parkersburg Office
Taxpayer Advocate
425 Juliana St., Room 3012
Parkersburg, WV 26101
(304) 420-8695

**WISCONSIN**
Milwaukee Office
Taxpayer Advocate
211 West Wisconsin Ave.
Room 507, Stop 1005 MIL
Milwaukee, WI 53203
(414) 231-2390

**WYOMING**
Cheyenne Office
Taxpayer Advocate
5353 Yellowstone Road
Cheyenne, WY 82009
(307) 633-0800

**TAXPAYERS LIVING ABROAD OR IN U.S. TERRITORIES**
International - Puerto Rico
Taxpayer Advocate
San Patricio Office Building
7 Tabonuco St.
Room 200
Guaynabo, PR, 00966
(787) 622-8930 (Spanish)
(787) 622-8940 (English)

**Campuses**
Andover
Taxpayer Advocate
310 Lowell St., Stop 120
Andover, MA 01810-9055
(978) 474-5549

Atlanta
Taxpayer Advocate
4800 Buford Hwy., Stop 29A
Chamblee, GA 30362
(770) 936-4500

Austin
Taxpayer Advocate
3651 S. Interregional Hwy, Stop 1005-AL
Austin, TX 78767
(512) 460-8300

Brookhaven
Taxpayer Advocate
1040 Waverly Ave., Stop 02
Holtsville, NY 11742
(631) 654-6686

Cincinnati
Taxpayer Advocate
201 Rivercenter Blvd., Stop 11-G
Covington, KY 41011
(859) 669-5316

Fresno
Taxpayer Advocate
5045 E. Butler Ave., Stop 1394
Fresno, CA 93888
(559) 442-6400

Kansas City
Taxpayer Advocate
333 W. Pershing
Stop 1005
Kansas City, MO 64108
(816) 291-9000

Memphis
Taxpayer Advocate
5333 Getwell Rd., Stop 13-M
Memphis, TN 38118
(901) 395-1900

Ogden
Taxpayer Advocate
1973 N. Rulon White Blvd.
Stop 1005
Ogden, UT 84404
(801) 620-7168

Philadelphia
Taxpayer Advocate
11601 Roosevelt Blvd., Stop SW-820
Philadelphia, PA 19154
(215) 516-2499

**Internal Revenue Service**
**Small Business and Self-Employed**

400 North 8th Street
Room 1002, Box 33
Richmond VA 23219

Date: FEB 22 2011

MITCHELL S. FUERST
1001 BRICKELL BAY DRIVE
SUITE 2002
MIAMI FL 33131-4939

Taxpayer Name:
BIRDMAN, HARVEY

<span style="color:black">███████</span> Number:

Form Number:
1040
Year(s):
2003            2004                2005
Person to Contact/ID Number:
Ronald L. Manley                    03-41569
Contact Telephone Number:
(804) 916-8262
Contact Fax Number:

Dear MITCHELL S. FUERST:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*Ron L. Mjcky*

Linda Vranas
Technical Services Territory Manager, SBSE

Enclosures:
☐ Letter(s)
☐ Report(s)
☐ Copy of Determination Letter
☒ Other Statutory Notice of Deficiency

RECEIVED
FEB 25 2011
Fuerst Ittleman, P.L.

CC: JAD
SD

Letter 937 (Rev. 11-2006)
Catalog Number 50593Q

**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

400 North 8th Street
Room 1002, Box 33
Richmond VA 23219

**CERTIFIED MAIL**

Date: FEB 2 2 2011

HARVEY BIRDMAN
3755 NE 214TH STREET
AVENTURA FL 33180-4016

Form Number:
1040

Taxpayer Identifying Number:

Person to Contact:
Ronald L. Manley
Telephone Number:
(804) 916-8262
Employee Identification Number:
03-41569
Last Day to File a Petition With the
United States Tax Court:
MAY 2 3 2011
CERTIFIED MAIL

| Tax Year Ended: | December 31, 2003 | December 31, 2004 | December 31, 2005 |
|---|---|---|---|
| Deficiency: | | | |
| Increase in tax: | $1,070,577.00 | $4,819,862.00 | $9,049,732.00 |
| Penalties or Additions to Tax | | | |
| IRC 6651(f) | 776,168.33 | 3,494,399.95 | 6,561,055.70 |
| IRC 6651(a)(2) | 267,644.25 | 1,204,965.50 | 2,262,433.00 |
| IRC 6654 | 9,048.79 | 37,392.72 | 236,288.08 |

Dear HARVEY BIRDMAN:

**NOTICE OF DEFICIENCY**

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

United States Tax Court, 400 Second Street, NW, Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's internet site at www.ustaxcourt.gov.

Apdnx-160

Letter 531-T (11-2007)
Catalog Number 40222A

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Douglas H. Shulman
Commissioner
By *R.M.*
Linda Vranas
Technical Services Territory Manager, SBSE

Enclosures:
Explanation of tax changes
Waiver
Notice 1214

Apdnx-161

Letter 531-T (11-2007)
Catalog Number 40222A

Page: 3

Continuation Sheet

NAME:  HARVEY BIRDMAN                                     ███████████

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Delinquency Penalty  IRC section 6651(f)
You did not file your return within the time prescribed by law and your failure was fraudulent. You
are liable for the fraudulent failure to file penalty under Section 6651(f) of the Internal Revenue
Code. We have added to the tax required to be shown on your return fifteen (15) percent of the tax
for each month or part of a month for which your return was late. The penalty will not exceed 75
percent of the tax required to be shown on your return. This penalty section is effective for tax
returns due after December 31, 1989.

Delinquency Penalty  IRC section 6651(a)(2)

This amount only reflects the addition of tax under Section 6651(a)(2) through the date of this notice.
The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent
for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Estimated Tax Penalty  IRC section 6654

Since you did not pay sufficient estimated tax, an addition to the tax is charged as shown in the
accompanying computation. See section 6654(a) of the Internal Revenue Code.

| Form **4089-B** (October 1999) | Department of the Treasury — Internal Revenue Service **Notice of Deficiency-Waiver** | Symbols SE:S:B:TS:SAA:18 |
|---|---|---|

| Name and address of taxpayer(s) HARVEY BIRDMAN 3755 NE 214TH STREET AVENTURA FL 33180-4016 | Social Security or Employer Identification Number |
|---|---|

| Kind of tax Income | ☑ Copy to authorized representative MITCHELL S. FUERST 1001 BRICKELL BAY DRIVE SUITE 2002 MIAMI, FL 33131-4939 | |
|---|---|---|

**DEFICIENCY — Increase in Tax and Penalties**

| Tax Year Ended: | December 31, 2003 | December 31, 2004 | December 31, 2005 |
|---|---|---|---|
| Deficiency: Increase in tax | $1,070,577.00 | $4,819,862.00 | $9,049,732.00 |
| Penalties | | | |
| IRC 6651(f) | 776,168.33 | 3,494,399.95 | 6,561,055.70 |
| IRC 6654 | 9,048.79 | 37,392.72 | 236,288.08 |
| IRC 6651(a)(2) | 267,644.25 | 1,204,965.50 | 2,262,433.00 |

See the attached explanation for the above deficiencies

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature | ➤ | |
|---|---|---|
| | | *(Date signed)* |
| Spouse's Signature *(if A Joint Return Was Filed)* | ➤ | |
| | | *(Date signed)* |
| Taxpayer's Representative Sign Here | ➤ | |
| | | *(Date signed)* |
| Corporate Name | ➤ | |
| Corporate Officers Sign Here | ➤ | |
| | *(Signature)*          *(Title)* | *(Date signed)* |
| | ➤ *(Signature)*          *(Title)* | *(Date signed)* |

If you agree, please sign one copy and return it; keep the other copy for your records. Apdnx-163

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

Apdnx-164

| Form **4549-A** (Rev. May 2008) | Department of the Treasury-Internal Revenue Service **Income Tax Discrepancy Adjustments** | | Page 1 of 2 | |

| Name and Address of Taxpayer | Taxpayer Identification Number | Return Form No.: 1040 |
|---|---|---|
| HARVEY BIRDMAN 3755 NE 214TH STREET AVENTURA  FL  33180-4016 | Person with whom examination changes were discussed. | Name and Title: |

| 1. **Adjustments to Income** | Period End 12/31/2003 | Period End 12/31/2004 | Period End 12/31/2005 |
|---|---|---|---|
| a. Ordinary Dividends | 326.00 | 694.00 | 7,938.00 |
| b. Taxable Interest | 325,120.00 | 522,602.00 | 1,457,301.00 |
| c. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 2,335,942.00 | 12,564,477.00 | 24,139,627.00 |
| d. Other Income | 112,505.00 | 55,125.00 | 1,675.00 |
| e. Social Security RRB | 8,611.00 | 15,153.00 | 16,414.00 |
| f. Qualified dividends | 130.00 | 149.00 | 169.00 |
| g. Capital Gain or Loss | 720,983.00 | 654,946.00 | 644,939.00 |
| h. Standard Deduction | (5,700.00) | (5,800.00) | (6,000.00) |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 3,497,917.00 | 13,807,346.00 | 26,262,063.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | 0.00 | 0.00 | 0.00 |
| 4. **Corrected Taxable Income** | 3,497,917.00 | 13,807,346.00 | 26,262,063.00 |
| Tax Method | SCHEDULE D | SCHEDULE D | SCHEDULE D |
| Filing Status | Married Separate | Married Separate | Married Separate |
| 5. **Tax** | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| 6. Additional Taxes / Alternative Minimum | | | |
| 7. **Corrected Tax Liability** | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| 8. **Less** a. **Credits** b. c. d. | | | |
| 9. **Balance** (Line 7 less total of Lines 8a thru 8d) | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| 10. **Plus** a. **Other** b. **Taxes** c. d. | | | |
| 11. **Total Corrected Tax Liability** (Line 9 plus Lines 10a thru 10d) | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | 0.00 | 0.00 |
| 13. Adjustments to: a. b. c. | | | |
| 14. **Deficiency-Increase in Tax or** (Overassessment - Decrease in Tax) (Line 11 less Line 12 adjusted by Lines 13a through 13c) | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. **Balance Due or (Overpayment)** - (Line 14 adjusted by Line 15) (Excluding interest and penalties) | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |

Apdnx-165

Form **4549-A**
(Rev. May 2008)

Department of the Treasury-Internal Revenue Service

## Income Tax Discrepancy Adjustments

Page 2 of 2

| Name of Taxpayer<br>HARVEY BIRDMAN | | Taxpayer | | Return Form No.:<br>1040 |
|---|---|---|---|---|
| **17. Penalties/ Code Sections** | | Period End<br>12/31/2003 | Period End<br>12/31/2004 | Period End<br>12/31/2005 |
| a. Delq-IRC 6651(a)(2) | | 267,644.25 | 1,204,965.50 | 2,262,433.00 |
| b. Delq-IRC 6651(f) | | 776,168.33 | 3,494,399.95 | 6,561,055.70 |
| c. Estimated Tax-IRC 6654 | | 9,048.79 | 37,392.72 | 236,288.08 |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| i. | | | | |
| j. | | | | |
| k. | | | | |
| l. | | | | |
| m. | | | | |
| n. | | | | |
| **18. Total Penalties** | | 1,052,861.37 | 4,736,758.17 | 9,059,776.78 |
| Underpayment attributable to negligence: *(1981-1987)*<br>A tax addition of 50 percent of the interest due on the<br>underpayment will accrue until it is paid or assessed. | | | | |
| Underpayment attributable to fraud: *(1981-1987)*<br>A tax addition of 50 percent of the interest due on the<br>underpayment will accrue until it is paid or assessed. | | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*.<br>Interest will accrue and be assessed at 120% of underpayment<br>rate in accordance with IRC 6621(c). | | 0.00 | 0.00 | 0.00 |
| **19. Summary of Taxes, Penalties and Interest:** | | | | |
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | | 1,070,577.00 | 4,819,862.00 | 9,049,732.00 |
| b. Penalties *(Line 18)* - computed to 02/16/2011 | | 1,052,861.37 | 4,736,758.17 | 9,059,776.78 |
| c. Interest *(IRC § 6601)* - computed to 03/18/2011 | | 0.00 | 0.00 | 0.00 |
| d. TMT Interest - computed to 03/18/2011 *(on TMT underpayment)* | | 0.00 | 0.00 | 0.00 |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | | 2,123,438.37 | 9,556,620.17 | 18,109,508.78 |

**Other Information:**

Note: Interest is not shown on this report. Interest will accrue on deficiencies from the due date of the return until paid.

This report supersedes all previous reports.

| Examiner's Signature:<br>Name<br>Ronald L. Manley | Employee ID:<br>03-41569 | Office:<br>Richmond, VA 23219 | Date:<br>02/16/2011 |
|---|---|---|---|

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

Apdnx-166

| Form **886-A** (REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR EXHIBIT |
|---|---|---|---|
| NAME OF TAXPAYER　　Harvey Birdman | | TAX IDENTIFICATION NUMBER ▮▮▮▮▮ | YEAR/PERIOD ENDED 2003, 2004 & 2005 |

**Residency & Economic Substance:**

It has been determined that you were not a bona fide resident of the United States Virgin Islands ("USVI") for the tax years 2003, 2004 and 2005. During each of those years, you participated in a tax avoidance scheme similar to that described in Notice 2004-45 Meritless Position Based on Sections 932(c)(4) and 934(b), which involved improperly claiming to be a resident of the USVI and superficially recasting income from sources within the United States as income from sources within the USVI or as income effectively connected to a trade or business within the USVI in order to inappropriately and invalidly claim a tax credit of 90% under the USVI Economic Development Program ("EDP credit"). It is determined that all transactions entered into pursuant to any arrangement between you (or any entity controlled or owned in whole or in part by you, including Sunvest Resort Communities, LC and Vio Management, LLC) and Four Points Management, LLLP are disregarded for federal tax purposes. Such transactions form is contrary to their substance and they are devoid of economic purpose and economic substance and were engaged in for no purpose other than to avoid or evade tax.

Based upon these determinations, you were required to file a U.S. Individual Income Tax Return with the Internal Revenue Service for tax years 2003, 2004 and 2005 and you failed to do so. Your U.S. income tax liability for tax years 2003, 2004 and 2005 has been determined as follows:

## 1.a. Ordinary Dividends (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $326.00 | $326.00 |
| 200412 | $0.00 | $694.00 | $694.00 |
| 200512 | $0.00 | $7,938.00 | $7,938.00 |

It is determined that ordinary dividend income is understated by the amounts of $326.00, $694.00 and $7,938.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. Please refer to Exhibit A for the details.

Accordingly, this adjustment increases taxable income by the amounts of $326.00, $694.00 and $7,938.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.b. Taxable Interest (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $325,120.00 | $325,120.00 |
| 200412 | $0.00 | $522,602.00 | $522,602.00 |
| 200512 | $0.00 | $1,457,301.00 | $1,457,301.00 |

It is determined that interest income is understated by the amounts of $325,120.00, $522,602.00 and $1,457,301.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. Please refer to Exhibit B for the details.

Accordingly, this adjustment increases taxable income by the amounts of $325,120.00, $522,602.00 and $1,457,301.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

Apdnx-167

| Form **886-A**<br><br>(REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|---|
| NAME OF TAXPAYER<br><br>Harvey Birdman | | TAX IDENTIFICATION<br>NUMBER | YEAR/PERIOD ENDED.<br><br>2003, 2004 & 2005 |

## 1.c. Sch E- Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $2,335,942.00 | $2,335,942.00 |
| 200412 | $0.00 | $12,564,477.00 | $12,564,477.00 |
| 200512 | $0.00 | $24,139,627.00 | $24,139,627.00 |

It is determined that Schedule E – non-passive flow through ordinary income is understated by the amounts of $2,335,942.00, $12,564,477.00 and $24,139,627.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. Please refer to Exhibit C for the computations of Schedule E income, and Exhibit D for the amounts and explanations of the proposed adjustments to Sunvest Resort Communities, LC Form 1065.

Accordingly, this adjustment increases taxable income by the amounts of $2,335,942.00, $12,564,477.00 and $24,139,627.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.d. Other Income (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $112,505.00 | $112,505.00 |
| 200412 | $0.00 | $55,125.00 | $55,125.00 |
| 200512 | $0.00 | $1,675.00 | $1,675.00 |

It is determined that other income is understated by the amounts of $112,505.00, $55,125.00 and $1,675.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. The details are shown below.

| Payor | 2003 | 2004 | 2005 |
|---|---|---|---|
| Authentidate Holding Corp. | $112,505.00 | $ 55,125.00 | $    0.00 |
| Other Portfolio Income | 0.00 | 0.00 | 1,675.00 |
| Totals | $112,505.00 | $ 55,125.00 | $1,675.00 |

Accordingly, this adjustment increases taxable income by the amounts of $112,505.00, $55,125.00 and $1,675.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

Apdnx-168

| Form **886-A**<br>(REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR EXHIBIT |
|---|---|---|---|
| NAME OF TAXPAYER<br>    Harvey Birdman | | TAX IDENTIFICATION NUMBER ▇▇▇▇ | YEAR/PERIOD ENDED<br>2003, 2004 & 2005 |

## 1.e. Social Security RRB
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $8,611.00 | $8,611.00 |
| 200412 | $0.00 | $15,153.00 | $15,153.00 |
| 200512 | $0.00 | $16,414.00 | $16,414.00 |

It is determined that social security income is understated by the amounts of $8,611.00, $15,153.00 and $16,414.00 for the taxable years ended December 31, 2005. Please refer to **Exhibit E** for the computations.

Accordingly, this adjustment increases taxable income by the amounts of $8,611.00, $15,153.00 and $16,414.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.f. Qualified Dividends
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $130.00 | $130.00 |
| 200412 | $0.00 | $149.00 | $149.00 |
| 200512 | $0.00 | $169.00 | $169.00 |

It is determined that qualified dividend income is understated by the amounts of $130.00, $149.00 and $169.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. Please refer to **Exhibit A** for the details.

Accordingly, this adjustment increases taxable income by the amounts of $130.00, 149.00 and $169.00 for the taxable years ended December 31, 2003, 2004 and 2005.

Form **886-A** (REV. 01-94)    DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE    Page: 5

| Form **886-A** | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR EXHIBIT |
|---|---|---|---|
| (REV JANUARY 1994) | | | |
| NAME OF TAXPAYER Harvey Birdman | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2003, 2004 & 2005 |

## 1.g. Capital Gain or Loss
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $720,983.00 | $720,983.00 |
| 200412 | $0.00 | $654,946.00 | $654,946.00 |
| 200512 | $0.00 | $644,939.00 | $644,939.00 |

It is determined that capital gains are understated by the amounts of $720,983.00, $654,946.00 and $644,939.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. The amounts are based on third party reporting documents and your Virgin Island income tax return. Please refer to **Exhibit J** for the computations.

Accordingly, this adjustment increases taxable income by the amounts of $720,983.00, $654,946.00 and $644,939.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 1.h. Standard Deduction
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | ($5,700.00) | ($5,700.00) |
| 200412 | $0.00 | ($5,800.00) | ($5,800.00) |
| 200512 | $0.00 | ($6,000.00) | ($6,000.00) |

It is determined that you are entitled to the standard deduction for married filing separate status in the amounts of $5,700.00, $5,800.00 and $6,000.00 for taxable years ended December 31, 2003, 2004 and 2005, respectively. Itemized deductions are an election and since you failed to file a US tax return for this year, the standard deduction is allowed in this notice of deficiency.

Accordingly, this adjustment decreases your taxable income in the amounts of $5,700.00, $5,800.00 and $6,000.00 for taxable years ended December 31, 2003, 2004 and 2005, respectively.

## 17.a. Delq-IRC 6651(a)(2)
## (2003, 2004 & 2005)

Since you did not pay the amount of tax shown on the returns for the taxable years ended December 31, 2003, 2004 and 2005 on or before the date prescribed for payment of such tax and it has not been shown that such failure is due to reasonable cause, there is added to the to the amount of such tax for each period an additional 0.5 % for each additional month or fraction thereof during which such failure continues, not exceeding 25% in the aggregate under I.R.C. § 6651(a)(2). Please refer to **Exhibit F** for the computations.

Apdnx-170

| Form **886-A** (REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR EXHIBIT |
|---|---|---|---|
| NAME OF TAXPAYER        Harvey Birdman | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED 2003, 2004 & 2005 |

## 17.b.  Delq-IRC 6651(f) (2003, 2004 & 2005)

It is determined that you did not file your tax returns for the taxable years ended December 31, 2003, 2004 and 2005 within the time prescribed by law and your failure to file was fraudulent. You are liable for the fraudulent failure to file penalty under I.R.C. § 6651(f). We have added to the amount required to be shown as tax 15% of the amount of such tax if the failure is for not more than one month, with an additional 15% for each additional month or fraction thereof during which such failure continues, not exceeding 75% in the aggregate. Please refer to **Exhibit F** for the computations of the fraudulent failure to file penalties for taxable years ended December 31, 2003, 2004 and 2005.

Alternatively, if it is determined that your failure to file returns for any of the taxable years ending December 31, 2003, 2004 and 2005 was not fraudulent, rather than being liable for the penalty under I.R.C. § 6651(f) for such year, you will instead be liable for the failure-to-file penalty under I.R.C. § 6651(a)(1) computed at 5% of the tax required to be shown on your return for each month or part of a month for which your return for such year was late (up to a maximum penalty rate of 25%).

## 17.c. Estimated Tax- IRC 6654 (2001 & 2002)

See **Exhibits G** for the explanation and computation of the I.R.C. § 6654 penalties.

## Note:

You are entitled to a personal exemption deduction. Due to statutory limits based on income, your exemption deduction is limited. Please refer to **Exhibit H** for the computations.

Please refer to **Exhibit I** for Forms 8689 – "Allocation of Individual Income Tax to the Virgin Islands" based on the sourcing below.

### ALTERNATIVE POSITIONS

<u>The first alternative position:</u> If the taxpayer is found to be a bona fide resident of the USVI, and the transactions between Sunvest and Four Points pursuant to the "Consulting Agreement" are determined to be a series of step/sham transactions devoid of economic substance and will not be recognized for US federal income tax purposes the taxpayer has residual tax liability pursuant to I.R.C. § 932(c) (4). Since the taxpayer has claimed the Economic Development Program tax credit against substantial amounts that have been determined to be U.S. sourced income on his USVI filed tax returns, the taxpayer has a substantial residual tax liability pursuant to I.R.C. § 932(c)(4). The taxpayer will also not be entitled to claim any deductions for expenses paid to Four Points. In addition, the taxpayer's income will be characterized and sourced in a manner consistent with primary position specified above in this report.

Apdnx-171

| Form **886-A**<br>(REV JANUARY 1994) | **EXPLANATIONS OF ITEMS** | | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|---|
| NAME OF TAXPAYER<br>Harvey Birdman | | TAX IDENTIFICATION<br>NUMBER | YEAR/PERIOD ENDED<br>2003, 2004 & 2005 |

**The second alternative position:** If the taxpayer is found to be a bona fide resident of the USVI, and Four Points is determined not to be a valid partnership for tax purposes, all transactions pursuant to the "Consulting Agreement" are determined to be transactions devoid of economic substance and will not be recognized for US federal income tax purposes. The taxpayer, under this alternative, will still have substantial residual tax liability pursuant to I.R.C. § 932(c) (4). Since the taxpayer has claimed the Economic Development Program tax credit against substantial amounts that have been determined to be U.S. sourced income on his USVI filed tax returns, the taxpayer has a substantial amount residual tax liability pursuant to I.R.C. § 932(c)(4). The taxpayer will also not be entitled to claim any deductions for expenses paid to Four Points. In addition, the taxpayer's income will be characterized and sourced in a manner consistent with primary position specified above in this report.

**The third alternative position:** If the taxpayer is found to be a bona fide resident of the USVI, and the transactions between Sunvest and Four Points pursuant to the "Consulting Agreement" are determined to be valid transactions for tax purposes, the taxpayer will still have significant residual tax liability pursuant to I.R.C. § 932(c)(4). Since the taxpayer has claimed the Economic Development Program tax credit against substantial amounts that have been determined to be U.S. sourced income on his USVI filed tax returns, the taxpayer will still have a substantial amount of residual tax liability pursuant to I.R.C. § 932(c)(4). The taxpayer, under this scenario, may be entitled to claim some deductions for expenses paid to Four Points in this scenario, those amounts to be determined. In addition, the taxpayer's income will be characterized and sourced in a manner consistent with primary position specified above in this report with the exception that the income reported by the taxpayer as K-1 ordinary income from Four Points may be considered valid income reporting for tax purposes. This will not, however, limit the government's ability in any way to challenge the sourcing of said income and properly source the income in a manner consistent with the primary income sourcing position in this report.

**The fourth alternative position:** If it is determined that the taxpayer is not a bona fide resident of the USVI, and the transactions between the Sunvest and Four Points pursuant to the "Consulting Agreement" are determined to be valid transactions for tax purposes and/or Four Points is determined to be a valid partnership for tax purposes, the taxpayer will still be required to file correct US federal tax returns. Since the taxpayer is not a bona fide resident of the USVI under this scenario he would not meet the requirements of I.R.C. § 932(c) allowing him to file a tax return with the USVI. US residents must file their tax returns with the Internal Revenue Service and pay their correct amount of income taxes to the US Treasury. The taxpayer, under this scenario, may be entitled to claim some deductions for expenses paid to Four Points, to be determined. However, the taxpayer's income will be characterized and sourced in a manner consistent with primary position specified above in this report with the exception that the income reported by the taxpayer as K-1 ordinary income from Four Points may be considered valid income reporting for tax purposes. This will not, however, limit the government's ability in any way to challenge the sourcing of said income and properly source the income in a manner consistent with the primary income sourcing position in this report.

The primary position on income sourcing that would be applicable in all four of the alternative positions cited above, modified as necessary under the third and fourth alternative positions is as follows:

|  | 200312 | 200412 | 200512 |
|---|---|---|---|
| U.S. Sourced Income $ | 3,309,518.00 | $ 12,521,413.00 | $ 21,439,266.00 |
| USVI Sourced Income $ | 194,137.00 | $ 1,291,657.00 | $ 4,828,180.00 |

Apdnx-172

HARVEY BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
EXHIBIT A
DIVIDEND INCOME

| Payor | 2003 | 2004 | 2005 |
|---|---|---|---|
| Fiserv Securities | $ 175.00 | $ 285.00 | |
| Oppenheimer | 112.00 | 0.00 | 1,061.00 |
| Oppenheimer | 0.00 | 0.00 | 599.00 |
| Emmett A. Larkin Company | 56.00 | 0.00 | 0.00 |
| Wachovia | 31.00 | 62.00 | 253.00 |
| Metlife | 75.00 | 77.00 | 169.00 |
| Fiserv Securities | 6.00 | 76.00 | 0.00 |
| Premium Sales Corporation | 1.00 | 0.00 | 0.00 |
| Metlife | 0.00 | 150.00 | 0.00 |
| PFK Acquisition Company, LLC | 0.00 | 2.00 | 0.00 |
| CitiBank (taxable) | 0.00 | 0.00 | 5,973.00 |
| Pension Financial Services | 0.00 | 0.00 | 10.00 |
| UBS Financial Services | 0.00 | 0.00 | 42.00 |
| | ------------ | ------------ | ------------ |
| Totals | $ 456.00 | $ 843.00 | $8,107.00 |
| | | | |
| LESS: | | | |
| Qualified Dividends | 130.00 | 149.00 | 169.00 |
| | ------------ | ------------ | ------------ |
| Ordinary Dividends | $ 326.00 | $ 694.00 | $7,938.00 |
| | ======== | ======== | ======== |

HARVEY BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
EXHIBIT B
INTEREST INCOME

| Payor | 2003 | 2004 | 2005 |
|---|---|---|---|
| Mortgage Investment Group 38, Ltd. | 0.00 | 2,250.00 | 11,250.00 |
| Mortgage Investment Group 44, Ltd. | 0.00 | 19,750.00 | 26,775.00 |
| Mortgage Investment Group 45, Ltd. | 0.00 | 0.00 | 104,610.00 |
| Bahia Mortgage Investment Group | 3,558.00 | 45,879.00 | 0.00 |
| Mortgage Investment Group 37, Ltd. | 6,750.00 | 33,750.00 | 0.00 |
| Grove Townhomes, LLC | 49.00 | 0.00 | 0.00 |
| Mortgage Investment Group 20, Ltd. | 0.00 | 10.00 | 0.00 |
| Mortgage Investment Group 48, Ltd. | 0.00 | 1,583.00 | 23,167.00 |
| First Bank of Puerto Rico | 0.00 | 45.00 | 58.00 |
| Wachovia | 0.00 | 202.00 | 103.00 |
| Oppenheimer & Co. | 0.00 | 141.00 | 0.00 |
| Lakeshore Club Development, L.C. | 405.00 | 154.00 | 358.00 |
| Nebo Sobe, Inc. | 0.00 | 1.00 | 0.00 |
| Mortgage Investment Group 46, Ltd. | 0.00 | 0.00 | 19,500.00 |
| Park West Landco LLC | 0.00 | 0.00 | 1,309.00 |
| Mortgage Investment Group 58, Ltd | 0.00 | 0.00 | 4,590.00 |
| Mortgage Investment Group 59, Ltd | 0.00 | 0.00 | 20,000.00 |
| Sandlakes Courtyard, LC | 2,378.00 | 8,992.00 | 141.00 |
| Vacation Investment Plan, Inc. | 53,254.00 | 4,262.00 | 5,900.00 |
| UBS Financial Services | 0.00 | 0.00 | 1,259.00 |
| Wachovia | 0.00 | 3,834.00 | 43,869.00 |
| Mortgage Investment Group 29, Ltd | 6,540.00 | 0.00 | 0.00 |
| Mortgage Investment Group 29, Ltd | 8,211.00 | 0.00 | 0.00 |
| PFK Acquisition Investment Group LLC II | 22.00 | 22.00 | 10.00 |
| PFK Acquisition Investment Group LLC II | 18.00 | 0.00 | 0.00 |
| Development Management Corp. | 47,634.00 | 9,435.00 | 7,564.00 |
| Pension Financial | 12.00 | 0.00 | 0.00 |
| Union Bank | 764.00 | 2,420.00 | 0.00 |
| Union Bank (A\C 0021273) | 986.00 | 4,808.00 | 0.00 |
| First Bank of Puerto Rico | 252.00 | 1,498.00 | 5,125.00 |
| Emmett Larkin Company | 21.00 | 0.00 | 0.00 |
| Emerald Development | 24.00 | 0.00 | 0.00 |
| Landco | 550.00 | 0.00 | 0.00 |
| Sunvest Resort Communities, LLC | 193,692.00 | 317,669.00 | 1,030,104.00 |
| PFK Acquisition Group | 0.00 | 4.00 | 1,426.00 |
| Mortgage Investment Group 55, Ltd | 0.00 | 0.00 | 12,867.00 |
| Fairways Development | 0.00 | 207.00 | 0.00 |
| Office 425 Entity | 0.00 | 0.00 | 227.00 |
| Federal Parks, LLC | 0.00 | 0.00 | 249.00 |
| Mortgage Investment Group 47, Ltd | 0.00 | 39.00 | 1,309.00 |
| Laguna Partners | 0.00 | 22.00 | 0.00 |
| Bellagio Development | 0.00 | 65,625.00 | 0.00 |
| Mortgage Investment Group 57, Ltd | 0.00 | 0.00 | 6,821.00 |
| Hardina LLC | 0.00 | 0.00 | 6,627.00 |
| Mortgage Investment Group 60, Ltd | 0.00 | 0.00 | 2,586.00 |
| Mortgage Investment Group 61, Ltd | 0.00 | 0.00 | 8,313.00 |
| Falcone Development | 0.00 | 0.00 | 58,666.00 |
| Hawaiin Inn | 0.00 | 0.00 | 720.00 |
| Brickell View Development | 0.00 | 0.00 | 48.00 |
| | ------------- | ------------- | ------------- |
| Totals | $325,120.00 | $522,602.00 | $1,457,301.00 |

**HARVEY BIRDMAN**
**STATUTORY NOTICE OF DEFICIENCY**
**EXPLANATION OF ITEMS**
**2003, 2004 & 2005**
**Exhibit C**
**Page 1 of 2**
**SCHEDULE E FLOW THROUGH INCOME (LOSS)**

| K-1 Flow Thru Amounts | 2003 | 2004 | 2005 |
|---|---|---|---|
| 425 North Federal LLC tax return | | (4,260) | |
| Flamingo Palms Villas LLC 20-1544928 | | 14,237 | |
| Flamingo Palms Villas LLC 20-1544928  Real Estate | | 10,801 | |
| Fairways Development  52-2405936  Tax return | | 177,295 | |
| Landco LLC 13-4217521 | (7,594) | 7,283 | (669) |
| Condado Real Development, LC | | | |
| Highland Development  16-1649079 | | | 1,018 |
| Circle 12 Limited Partnership 11-3687838 Real Est | 0 | | |
| Daytona Inn LC 59-3516381 K-1 Real Est Inc | 70 | 812 | |
| Hawaii Inn LC 59-3575262 K-1  Inc | 0 | (5,074) | |
| Hawaii Inn LC 59-3575262 K-1 Real Est Inc | (740) | 4,866 | |
| Daytona Commercial 1 59-3702843 K-1 Real Est inc | 2,917 | 1,365 | 4,468 |
| Daytona Commercial 2 59-3702844 K-1 Real Est Inc | 4,347 | 583 | 3,118 |
| Grove Townhomes LLC 65-1120797 | 22,957 | | |
| Grove Townhomes LLC 65-1120797 K-1 Real Est Inc | 3,008 | | |
| Circle 12 Holding Company 11-3687826 | | | |
| Circle 12 Holding Company 11-3687826 Real Est | 0 | 0 | |
| Emerald Development L.C. | | | |
| Maingate Development Inc 65-0608837 | (10,912) | 0 | |
| Nebo Sobe Inc 65-0765831 K-1 Real Est Inc | 4,729 | 0 | 6,972 |
| Park West Landco LLC 20-1993256 | 0 | 20 | (433) |
| Park West Landco LLC 20-1993256 Real Est | 0 | 0 | (2,890) |
| Lakeshore Club Development LC 65-0882870 K-1 Inc | (10,150) | 63 | 247,411 |
| Lakeshore Club Dev LC 65-0882870 K-1 Real Est Inc | 0 | 79 | 0 |
| Hawaii Inn Commercial II 86-0111572 K-1 | 0 | 940 | 5,361 |
| Hawaii Inn Commercial I  86-1115726 | 0 | 918 | 10,080 |
| Nebo Sobe Inc 65-0765831 K-1 Real Est Inc | 4,729 | 7,717 | |
| Sunvest Aviation, LLC | 0 | 0 | |
| Sandlake Courtyards LC 65-0939669 | (106,055) | 117,785 | 252,357 |
| Sandlake Courtyards LC 65-093969 Real Est | 6,684 | 0 | (536) |

HARVEY BIRDMAN
STATUTORY NOTICE OF DEFICIENCY
EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit C
Page 2 of 2
SCHEDULE E FLOW THROUGH INCOME (LOSS)

| | | | |
|---|--:|--:|--:|
| Sunvest Resort Communities LLC 65-1023736 | 2,224,024 | 11,359,899 | 24,577,576 |
| Sunvest Resort Com LLC 65-1023736 Real Est | 497,856 | 754,272 | (462,302) |
| Vacation Investment Plan, Inc 65-0465374 | (76,001) | (48,967) | (276,252) |
| Vacation Investment Plan, Inc 65-0465374 Real Est | 9,862 | 12,051 | 37,560 |
| PFK Acquisition Company LLC 94-3351727 | (15) | (863) | |
| Beach Bums LLC 20-1536290 | | | (13,599) |
| Development Management Corp 65-0530177 | (233,774) | (88,429) | (57,115) |
| Development Management Corp 65-0530177 Real Est | | 3 | |
| Orlando Gardens 14-1838514 tax return | | 110,171 | (48) |
| Laguna Partners 20-1115625 tax return | | 129,601 | |
| Laguna Partners 20-1126796 tax return | | 1,309 | |
| Federal Parks LLC 20-2429572 | | | (58,902) |
| FRS 44 Boxing LLC 20-2110248 | | | (676) |
| Office 425 LLC 20-2493444 | | | (8,499) |
| Mortgage Investment Group 55 20-2862704 | | | |
| Mortgage Investment Group #20  65-0860468 | | | (74,990) |
| Hardina LLC    20-2970982 | | | 6,298 |
| Sunvest Avition LLC 20-3041106 | | | (55,681) |
| | --------------- | --------------- | --------------- |
| Total  K-1 Flow thru | $2,335,942 | $12,564,477 | $24,139,627 |
| | ======== | ======== | ========= |

# SUNVEST RESORT COMMUNITIES, LC
## HARVEY BIRDMAN
## STATUTORY NOTICE EXPLANATION OF ITEMS
## 2003, 2004 & 2005
### Exhibit D
### Increases (Decreases) to Ordinary Income
### Page 1 of 8

Name of Partnership:                                 Sunvest Resort Communities, LC
Partner:                                            Harvey Birdman
Taxable Years Ending:                       December 31, 2003, 2004 and 2005
Percentage of Ownership Interest:       50%

| | Taxable Yr. Ended 12/31/2003 | Taxable Year Ended 12/31/2004 | Taxable Year Ended 12/31/2005 |
|---|---|---|---|
| Ordinary income per return as filed | $1,206,549.00 | ($2,109,002.00) | $5,657,255.00 |
| Increases (Decreases) to income: | | | |
| 1.a. Consulting Fees -- Vio and Paradise Mgmt | $3,241,500.00 | $24,828,800.00 | $43,497,896.00 |
| Ordinary income as corrected | $4,448,049.00 | $22,719,798.00 | $49,155,151.00 |
| | | | |
| Your distributive share of ordinary income | $2,224,024.00 | $11,359,899.00 | 24,577,576.00 |
| Less: Ordinary income reported on your return | 0.00 | 0.00 | 0.00 |
| Increase (Decrease) in ordinary income | $2,224,024.00 | $11,359,899.00 | $24,577,576.00 |
| 5. Other Adjustments | | | |
| o. Distributions – money (cash/securities) | | | |
| (1) Adjustment | $1,620,750.00 | $12,414,400.00 | $21,748,948.00 |
| (2) As reported | 0.00 | 0.00 | 0.00 |
| (3) Corrected | $1,620,750.00 | $12,414,400.00 | $21,748,948.00 |

SUNVEST RESORT COMMUNITIES, LC
HARVEY BIRDMAN
STATUTORY NOTICE EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit D
Page 2 of 8

## 1.a. Consulting Fees – Vio and Paradise Mgmt (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | ($3,241,500.00) | $0.00 | $3,241,500.00 |
| 200412 | ($24,828,800.00) | $0.00 | $24,828,800.00 |
| 200512 | ($43,497,896.00) | $0.00 | $43,497,896.00 |

It is determined that the consulting fees paid to Vio Management, LLC and Paradise Management, LLC are overstated by the amounts of $3,241,500.00, $24,828,800.00 and $43,497,896.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. It is determined that all transactions between the Sunvest Resort Communities, LC and Vio Management, LLC or Paradise Management, LLC are part of a series of step\sham transactions devoid of economic substance and will not be recognized for US federal income tax purposes. These step\sham transactions were part of a larger tax avoidance scheme which involved superficially recasting US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the United States Virgin Island Economic Development Program. See IRS Notice 2004-45. A summary of the consulting fees is shown below. Please refer to pages 4 of 8, 5 of 8, 6 of 8, 7 of 8 and 8 of 8 for the "Schedule of Consulting Fees" for details.

Alternatively, it is determined that consulting fees expense is overstated in the amounts of $3,241,500.00, $24,828,800.00 and $43,497,896.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively, because the corporation failed to substantiate 1) that the expenditures are deductible pursuant to Internal Revenue Code Section 162 or any other section of the Internal Revenue Code or 2) that the expenditures were incurred for the purpose designated. It is determined that the payments made to Vio Management, LLC and Paradise Management, LLC have not been shown to be an ordinary and necessary expense of the partnership.

| Summary of Consulting Fees: | 2003 | 2004 | 2005 |
|---|---|---|---|
| Total to Vio Management, LLC | $ 1,688,000.00 | $12,420,000.00 | $21,748,948.00 |
| Total to Paradise Management, LLC | 1,553,500.00 | 12,408,800.00 | 21,748,948.00 |
| Total Consulting Fees | $ 3,241,500.00 | $24,828,800.00 | $43,497,896.00 |

Accordingly, this adjustment increases the partnership's ordinary income (loss) from trade or business activities in the amounts of $3,241,500.00, $24,828,800.00 and $43,497,896.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

14

SUNVEST RESORT COMMUNITIES, LC
HARVEY BIRDMAN
STATUTORY NOTICE EXPLANATION OF ITEMS
2003, 2004 & 2005

Exhibit D
Page 3 of 8

**5. Other Adjustments –** Except for item "**o. Distributions – money (cash/securities)**" the separately stated items are accepted as filed. There are no adjustments proposed.

## 5.o. Distributions – money (cash/securities)
## (2003, 2004 & 2005)

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 200312 | $0.00 | $1,620,750.00 | $1,620,750.00 |
| 200412 | $0.00 | $12,414,400.00 | $12,414,400.00 |
| 200512 | $0.00 | $21,748,948.00 | $21,748,948.00 |

It is determined that distributions are understated by the amounts of $1,620,750.00, $12,414,400.00 and $21,748,948.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively. The amounts paid to Vio Management, LLC and Paradise Management, LLC were either directed to the Partner's personal bank account or were in furtherance of the Partner's larger tax avoidance scheme which involved superficially recasting US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the United States Virgin Island Economic Development Program. See IRS Notice 2004-45. The Partner Share computations are shown below.

Accordingly, this adjustment increases partnership distributions by the amounts of $1,620,750.00, $12,414,400.00 and $21,748,948.00 for the taxable years ended December 31, 2003, 2004 and 2005, respectively.

Distributions:

| | | | |
|---|---|---|---|
| Total Consulting fees to Vio & Paradise Mgmt. | $3,241,500.00 | $24,828,800.00 | $43,497,896.00 |
| Partner Ownership Percentage | 50% | 50% | 50% |
| Partner's Share | $1,620,750.00 | $12,414,400.00 | $21,748,948.00 |

15

SUNVEST RESORT COMMUNITIES, LC
HARVEY BIRDMAN
STATUTORY NOTICE EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit D
Page 4 of 8

### Schedule of Consulting Fees
### 2003

Account 100-0000-040-6440-001   Consulting Fees- Vio Management, LLC

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 11/01/2003 | 153 GJ | $230,000.00 | SRC for Condado Real |
| 11/01/2003 | 154 GJ | 78,000.00 | SRC for Royal Gardens |
| 11/01/2003 | 155 GJ | 260,000.00 | SRC for Hypoluxo Cove |
| 11/15/2003 | 156 GJ | 780,000.00 | SRC for Mariners Key Largo |
| 12/15/2003 | 157 GJ | 80,000.00 | SRC for Condado Real |
| 12/15/2003 | 158 GJ | 260,000.00 | SRC for Hypoluxo Cove |
| | | | |
| Total | | $1,688,000.00 | |
| | | | |

Account 100-0000-040-6440-002   Consulting Fees- Paradise Management, LLC

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 11/01/2003 | 154 GJ | $149,500.00 | SRC for Condado Real |
| 11/01/2003 | 154 GJ | 78,000.00 | SRC for Condado Real |
| 11/01/2003 | 155 GJ | 260,000.00 | SRC for Hypoluxo Cove |
| 11/15/2003 | 156 GJ | 754,000.00 | SRC for Mariners Key Largo |
| 12/15/2003 | 157 GJ | 52,000.00 | SRC for Condado Real |
| 12/15/2003 | 158 GJ | 260,000.00 | SRC for Hypoluxo Cove |
| | | | |
| Total | | $1,553,500.00 | |
| | | | |

SUNVEST RESORT COMMUNITIES, LC
HARVEY BIRDMAN
STATUTORY NOTICE EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit D
Page 5 of 8

## Schedule of Consulting Fees
## 2004

Account 100-0000-040-6440-001   Consulting Fees-Vio Mgmt

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 01/15/2004 | 177 GJ | $182,000 | SRC for Royal Gardens |
| 02/01/2004 | 179 GJ | 468,000 | SRC for Hypoluxo Cove |
| 02/15/2004 | 181 GJ | 260,000 | SRC for Hypoluxo Cove |
| 02/15/2004 | 183 GJ | 130,000 | SRC for Royal Gardens |
| 03/01/2004 | 185 GJ | 156,000 | SRC for Hypoluxo Cove |
| 03/01/2004 | 187 GJ | 52,000 | SRC for Royal Gardens |
| 03/01/2004 | 189 GJ | 32,000 | SRC for Condado Real |
| 04/01/2004 | 191 GJ | 260,000 | SRC for Hypoluxo cove |
| 04/01/2004 | 193 GJ | 104,000 | SRC for Royal Gardens |
| 04/15/2004 | 195 GJ | 78,000 | SRC for Hypoluxo Cove |
| 04/15/2004 | 197 GJ | 39,000 | SRC for Royal Gardens |
| 05/15/2004 | 199 GJ | 52,000 | SRC for Royal Gardens |
| 05/15/2004 | 201 GJ | 208,000 | SRC for Highland Development |
| 06/15/2004 | 203 GJ | 390,000 | SRC for Highland Development |
| 07/01/2004 | 205 GJ | 1,040,000 | SRC For Hypoluxo Cove |
| 08/01/2004 | 207 GJ | 1,040,000 | SRC for Fairways Development |
| 08/01/2004 | 209 GJ | 260,000 | SRC for Highland Development |
| 08/24/2004 | 26 CMTRX consulting fee | 260,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 29 CMTRX consulting fee | 390,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 31 CMTRX consulting fee | 260,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 35 CMTRX consulting fee | 130,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 38 CMTRX consulting fee | 130,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 41 CMTRX consulting fee | 260,000 | Consulting fees-vio mgmt |
| 08/24/2004 | 44 CMTRX consulting fee | 210,000 | Consulting fees-vio mgmt |
| 08/30/2004 | 47 CMTRX consulting fee | 130,000 | Consulting fees-vio mgmt |
| 10/12/2004 | 69 CMTRX Const fee FRM | 2,000,000 | Const fee FRM FDL/IRC/BRD/SRC |
| 10/14/2004 | 76 CMTRX  BRD Consult f | 150,000 | BRD Consult fees to Vio Mngmt |
| 10/14/2004 | 78 CMTRX  BRD Consult f | ( 150,000) | BRD Consult fees to Vio Mngmt |
| 10/14/2004 | 80 CMTRX  BRD Consult f | 150,000 | BRD Consult fees to Vio Mngmt |
| 10/18/2004 | 84 CMTRX  BRD Consult f | 350,000 | BRD Consult fees to Vio Mngmt |
| 10/26/2004 | 214 GJ | 500,000 | Consulting fees |
| 11/04/2004 | 174 GJ | 520,000 | SRC for Bay Reach |
| 12/03/2004 | 143 CMTRX Vio Management | 260,000 | Bank Transaction Entry |
| 12/03/2004 | 143 CMTRX Vio Management | 624,000 | Bank Transaction Entry |
| 12/29/2004 | 244 CMTRX Vio Management | 585,000 | Bay Reach Consulting fee |
| 12/29/2004 | 246 CMTRX Vio Management | 260,000 | Douglas Consulting fee |
| 12/29/2004 | 248 CMTRX Vio Management | 390,000 | Indian River Consulting fee |
| 12/30/2004 | 256 CMTRX Vio Management | 260,000 | Douglas CG Consulting fees |
| Totals | | $ 12,420,000 | |

# SUNVEST RESORT COMMUNITIES, LC
## HARVEY BIRDMAN
### STATUTORY NOTICE EXPLANATION OF ITEMS
### 2003, 2004 & 2005
### Exhibit D
### Page 6 of 8

### Schedule of Consulting Fees
### 2004

Account 100-0000-040-6440-002    Consulting fees –Paradise Mgmt

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 01/15/2004 | 177 GJ | $ 182,000 | SRC for Royal Gardens |
| 02/01/2004 | 179 GJ | 468,000 | SRC for Hypoluxo Cove |
| 02/15/2004 | 181 GJ | 260,000 | SRC for Hypoluxo Cove |
| 02/15/2004 | 183 GJ | 130,000 | SRC for Royal Gardens |
| 03/01/2004 | 185 GJ | 156,000 | SRC for Hypoluxo Cove |
| 03/01/2004 | 187 GJ | 52,000 | SRC for Royal Gardens |
| 03/01/2004 | 189 GJ | 32,000 | SRC for Condado Real |
| 04/01/2004 | 191 GJ | 260,000 | SRC for Hypoluxo cove |
| 04/01/2004 | 193 GJ | 104,000 | SRC for Royal Gardens |
| 04/15/2004 | 195 GJ | 78,000 | SRC for Hypoluxo Cove |
| 04/15/2004 | 197 GJ | 39,000 | SRC for Royal Gardens |
| 05/15/2004 | 199 GJ | 52,000 | SRC for Royal Gardens |
| 05/15/2004 | 201 GJ | 208,000 | SRC for Highland Development |
| 06/15/2004 | 203 GJ | 390,000 | SRC for Highland Development |
| 07/01/2004 | 205 GJ | 1,040,000 | SRC For Hypoluxo Cove |
| 08/01/2004 | 207 GJ | 1,040,000 | SRC for Fairways Development |
| 08/01/2004 | 209 GJ | 260,000 | SRC for Highland Development |
| 08/24/2004 | 25 CMTRX consulting fee | 260,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 28 CMTRX consulting fee | 390,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 32 CMTRX consulting fee | 260,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 34 CMTRX consulting fee | 130,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 37 CMTRX consulting fee | 130,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 40 CMTRX consulting fee | 260,000 | Consulting fees-paradise mgmt |
| 08/24/2004 | 43 CMTRX consulting fee | 210,000 | Consulting fees-paradise mgmt |
| 08/30/2004 | 46 CMTRX consulting fee | 130,000 | Consulting fees-paradise mgmt |
| 10/12/2004 | 70 CMTRX BR Consult fe | 2,000,000 | Const fee to Paradise Mgmt |
| 10/14/2004 | 77 CMTRX  BR Consult fe | 150,000 | BR Consult fees to Paradise Mgmt |
| 10/14/2004 | 79 CMTRX  BRD Consult fe | (150,000) | BRD Consult fees to Paradise Mgmt |
| 10/14/2004 | 81CMTRX  BRD Consult f | 150,000 | BRD Consult fees to Paradise Mgmt |
| 10/18/2004 | 85 CMTRX  BRD Consult f | 350,000 | BRD Consult fees to Paradise Mgmt |
| 10/26/2004 | 214 GJ | 500,000 | Consulting fees |
| 11/04/2004 | 131 CMTRX | 520,000 | Wt BRD consult fee to Paradise |
| 12/03/2004 | 144 CMTRX Paradise Mana | 260,000 | BRD & IRC consulting fees-Para |
| 12/03/2004 | 144 CMTRX Paradise Mana | 624,000 | BRD & IRC consulting fees-Para |
| 12/29/2004 | 245 CMTRX paradise Mana | 585,000 | Bay Reach Consulting fee |
| 12/29/2004 | 247 CMTRX Paradise Mana | 260,000 | Douglas Consulting fee |
| 12/29/2004 | 249 CMTRX Paradise Mana | 390,000 | Indian River Consulting fee |
| 12/30/2004 | 257 CMTRX Paradise Mana | 260,000 | Douglas CG Consulting fees |
| | | | |
| Totals | | $ 12,408,800 | |

SUNVEST RESORT COMMUNITIES, LC
HARVEY BIRDMAN
STATUTORY NOTICE EXPLANATION OF ITEMS
2003, 2004 & 2005
Exhibit D
Page 7 of 8
Schedule of Consulting Fees
2005

Account 100-0000-040-6440-001   Consulting Fees-Vio Mgmt

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 01/20/2005 | 289 CMTRX  Vio Management | $ 1,170,000 | BRD/DCG/OGL Consulting fees |
| 02/18/2005 | 334 CMTRX  Vio Management | 195,000 | Cons Fees DCG |
| 03/23/2005 | 353 CMTRX  Vio Management | 290,263.44 | Keys Marinas Consulting Fees |
| 04/06/2005 | 384 CMTRX  Vio Management | 78,000 | OGL Consulting Fees |
| 04/06/2005 | 386 CMTRX  Vio Management | 65,000 | DCG Consulting Fees |
| 04/06/2005 | 388 CMTRX  Vio Management | 52,000 | Landstreet Consulting Fees |
| 04/06/2005 | 390 CMTRX  Vio Management | 52,000 | BRD Consulting fees |
| 04/20/2005 | 437 CMTRX  Vio Management | 900,000 | Delany Development Cons Fee |
| 05/11/2005 | 486 CMTRX Vio Management | 104,000 | Cons Fee BRD & FDL |
| 06/30/2005 | 561 CMTRX Vio Management | 652,800 | Consulting fees |
| 10/06/2005 | 829 CMTRX Vio Management | 780,000 | Consulting fees-OGL, IRC, BRD |
| 11/10/2005 | 937 CMTRX Vio Management | 810,000 | 6/05 Cons Fees: Delany Dev |
| 11/15/2005 | 962 CMTRX Vio Management | 2,340,000 | 11/05 Consulting Fees: MDL |
| 11/22/2005 | 972 CMTRX Vio Management | 4,274,084.51 | Cons Fees MGL,DDL, LSL, BVD |
| 12/01/2005 | 993 CMTRX Vio Management | 3,547,800 | Brickellview Consulting fees |
| 12/02/2005 | 992 CMTRX Vio Management | 1,026,000 | Metrowest Dev Consulting fees |
| 12/13/2005 | 1,051 CMTRX Vio Management | 90,000 | Consulting Fees: MGL 12/1/05 |
| 12/15/2005 | 1,052 CMTRX Vio Management | 2,280,000 | Consulting Fees: GVL & SGL |
| 12/20/2005 | 1,085 CMTRX Vio Management | 666,000 | Metrowest Consulting fees |
| 12/23/2005 | 1,086 CMTRX Vio Management | 2,376,000 | Consulting fees GVC & BDL |
| | | | |
| Totals | | $ 21,748,947.95 | |

## SUNVEST RESORT COMMUNITIES, LC
## HARVEY BIRDMAN
## STATUTORY NOTICE EXPLANATION OF ITEMS
## 2003, 2004 & 2005
## Exhibit D
## Page 8 of 8

### Schedule of Consulting Fees
### 2005

**Account 100-0000-040-6440-002   Consulting Fees-Paradise Mgmt**

| Date | Transaction | Amount $ | Reference |
|------|-------------|----------|-----------|
| 01/20/2005 | 290 CMTRX  Paradise Mana | $ 1,170,000 | BRD/DCG/OGL Consulting fees |
| 02/18/2005 | 333 CMTRX  Paradise Mana | 195,000 | Cons Fees DCG |
| 03/23/2005 | 352 CMTRX  Paradise Mana | 290,263.45 | Keys Marinas Consulting Fees |
| 04/06/2005 | 383 CMTRX  Paradise Mana | 78,000 | OGL Consulting Fees |
| 04/06/2005 | 385 CMTRX  Paradise Mana | 65,000 | DCG Consulting Fees |
| 04/06/2005 | 387 CMTRX  Paradise Mana | 52,000 | Landstreet Consulting Fees |
| 04/06/2005 | 389 CMTRX  Paradise Mana | 52,000 | BRD Consulting fees |
| 04/20/2005 | 438 CMTRX  Paradise Mana | 900,000 | Delany Development Cons Fee |
| 05/11/2005 | 485 CMTRX  Paradise Mana | 104,000 | Cons Fee BRD & FDL |
| 06/30/2005 | 562 CMTRX  Paradise Mana | 652,800 | Consulting fees |
| 10/06/2005 | 828 CMTRX  Paradise Mana | 780,000 | Consulting fees-OGL, IRC, BRD |
| 11/10/2005 | 936 CMTRX Paradise Mana | 810,000 | 6/05 Cons Fees: Delany Dev |
| 11/15/2005 | 961 CMTRX Paradise Mana | 2,340,000 | 11/05 Consulting Fees: MDL |
| 11/22/2005 | 971 CMTRX Paradise Mana | 4,274,084.51 | Cons Fees MGL,DDL, LSL, BVD |
| 12/01/2005 | 996 CMTRX Paradise Mana | 3,547,800 | Brickellview Consulting fees |
| 12/02/2005 | 997 CMTRX Paradise Mana | 1,026,000 | Metrowest Dev Consulting fees |
| 12/13/2005 | 1,050 CMTRX Paradise Mana | 90,000 | Consulting Fees: MGL 12/1/05 |
| 12/15/2005 | 1,053 CMTRX Paradise Mana | 2,280,000 | Funds for Paradise Cons Fees |
| 12/20/2005 | 1,088 CMTRX Paradise Mana | 666,000 | Consulting fees: Metrowest |
| 12/23/2005 | 1,087 CMTRX Paradise Mana | 2,376,000 | Consulting fees:GVC & BDL |
| Totals |  | $ 21,748,947.96 |  |

| | | |
|---|---|---|
| Name of Taxpayer: HARVEY BIRDMAN | Exhibit E | 02/16/2011 |
| Identification Number: | | 12.00.00 |

## 2003 - SOCIAL SECURITY

| | |
|---|---|
| 1. Total Social Security Benefits (including RRB) | 10,131.00 |
| 2. Line 1 divided by 2 | 5,066.00 |
| 3. Modified adjusted gross income plus the amount on line 2 and Tax Exempt Interest | 3,500,072.00 |
| 4. Enter $25,000 ($32,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 5. Subtract line 4 from line 3 (not less than zero) | 3,500,072.00 |
| 6. Enter $9,000 ($12,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 7. Subtract line 6 from line 5 (not less than zero) | 3,500,072.00 |
| 8. Enter the smaller of line 5 or 6 | 0.00 |
| 9. One half of line 8 | 0.00 |
| 10. Enter the smaller of lines 2 and 9 | 0.00 |
| 11. Multiply line 7 by 85% | 2,975,061.00 |
| 12. Sum of line 10 and 11 | 2,975,061.00 |
| 13. Multiply line 1 by 85% | 8,611.00 |
| 14. Taxable Social Security Benefits (smaller of lines 12 and 13) | 8,611.00 |

| Name of Taxpayer: | HARVEY BIRDMAN | | 02/16/2011 |
|---|---|---|---|
| Identification Number: | ▉▉▉▉▉▉ | Exhibit E | 12,00.00 |

### 2004 - SOCIAL SECURITY

| | |
|---|---|
| 1. Total Social Security Benefits (including RRB) | 17,827.00 |
| 2. Line 1 divided by 2 | 8,914.00 |
| 3. Modified adjusted gross income plus the amount on line 2 and Tax Exempt interest | 13,806,907.00 |
| 4. Enter $25,000 ($32,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 5. Subtract line 4 from line 3 (not less than zero) | 13,806,907.00 |
| 6. Enter $9,000 ($12,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 7. Subtract line 6 from line 5 (not less than zero) | 13,806,907.00 |
| 8. Enter the smaller of line 5 or 6 | 0.00 |
| 9. One half of line 8 | 0.00 |
| 10. Enter the smaller of lines 2 and 9 | 0.00 |
| 11. Multiply line 7 by 85% | 11,735,871.00 |
| 12. Sum of line 10 and 11 | 11,735,871.00 |
| 13. Multiply line 1 by 85% | 15,153.00 |
| 14. Taxable Social Security Benefits (smaller of lines 12 and 13) | 15,153.00 |

| | | |
|---|---|---|
| Name of Taxpayer: HARVEY BIRDMAN | | 02/16/2011 |
| Identification Number: | Exhibit E | 12.00.00 |

## 2005  - SOCIAL SECURITY

| | |
|---|---|
| 1. Total Social Security Benefits (including RRB) | 19,311.00 |
| 2. Line 1 divided by 2 | 9,656.00 |
| 3. Modified adjusted gross income plus the amount on line 2 and Tax Exempt interest | 26,261,305.00 |
| 4. Enter $25,000 ($32,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 5. Subtract line 4 from line 3 (not less than zero) | 26,261,305.00 |
| 6. Enter $9,000 ($12,000 if married filing joint, 0 if married filing separate and you lived with your spouse at any time during the year) | 0.00 |
| 7. Subtract line 6 from line 5 (not less than zero) | 26,261,305.00 |
| 8. Enter the smaller of line 5 or 6 | 0.00 |
| 9. One half of line 8 | 0.00 |
| 10. Enter the smaller of lines 2 and 9 | 0.00 |
| 11. Multiply line 7 by 85% | 22,322,109.00 |
| 12. Sum of line 10 and 11 | 22,322,109.00 |
| 13. Multiply line 1 by 85% | 16,414.00 |
| 14. Taxable Social Security Benefits (smaller of lines 12 and 13) | 16,414.00 |

| Name of Taxpayer: | HARVEY BIRDMAN | | 02/16/2011 |
| Identification Number: | ▇▇▇▇▇▇ | Exhibit F | 12.00.00 |

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or the tax was not paid, and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown below, in accordance with Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

The IRC section 6651(f) states that in the case of a failure to file a return, if any failure to file is fraudulent, there shall be added to the amount required to be shown as tax on such return 15 percent of the amount of such tax if the failure is for not more than one month, with an additional 15 percent for each additional month or fraction thereof during which such failure continues, not exceeding 75 percent in the aggregate.

### 2003 - DELINQUENCY PENALTY

| | | |
|---|---|---|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2004 | |
| 3. Date return filed | 02/16/2011 | |
| 4. Fraudulent Failure to File penalty rate | 0.725 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax, Form 4549, line 11 | | 1,070,577.00 |
| 7. Payments on or prior to due date of return | | 0.00 |
| 8. Line 6 less line 7 | | 1,070,577.00 |
| 9. Fraudulent Failure to File Penalty (line 8 multiplied by line 4) | | 776,168.33 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Fraudulent Failure to File Penalty (Greater of line 9 or line 10) | | 776,168.33 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Fraudulent Failure to File Penalty (line 11 less line 12) | | 776,168.33 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 267,644.25 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 267,644.25 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 1,043,812.58 |

• If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Apdnx-188

24

Name of Taxpayer: HARVEY BIRDMAN                                              02/16/2011
Identification Number: ████████                    Exhibit F                  12.00.00

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or
the tax was not paid, and you have not shown that such failure was due to reasonable
cause, an addition to the tax is charged as shown below, in accordance with
Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

The IRC section 6651(f) states that in the case of a failure to file a return, if any failure
to file is fraudulent, there shall be added to the amount required to be shown as tax
on such return 15 percent of the amount of such tax if the failure is for not more
than one month, with an additional 15 percent for each additional month or fraction
thereof during which such failure continues, not exceeding 75 percent in the aggregate.

### 2004 - DELINQUENCY PENALTY

| | | |
|---|---|---:|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2005 | |
| 3. Date return filed | 02/16/2011 | |
| 4. Fraudulent Failure to File penalty rate | 0.725 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax, Form 4549, line 11 | | 4,819,862.00 |
| 7. Payments on or prior to due date of return | | 0.00 |
| 8. Line 6 less line 7 | | 4,819,862.00 |
| 9. Fraudulent Failure to File Penalty (line 8 multiplied by line 4) | | 3,494,399.95 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Fraudulent Failure to File Penalty (Greater of line 9 or line 10) | | 3,494,399.95 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Fraudulent Failure to File Penalty (line 11 less  line 12) | | 3,494,399.95 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 1,204,965.50 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 1,204,965.50 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 4,699,365.45 |

* If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax
under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition
to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month,
or fraction thereof, of nonpayment, not exceeding 25 percent.

| Name of Taxpayer: | HARVEY BIRDMAN | | 02/16/2011 |
|---|---|---|---|
| Identification Number: | ▮▮▮▮▮▮ | Exhibit F | 12.00.00 |

## EXPLANATION OF THE DELINQUENCY PENALTY

Since your income tax return was not filed within the time limit prescribed by law and/or the tax was not paid, and you have not shown that such failure was due to reasonable cause, an addition to the tax is charged as shown below, in accordance with Section 6651(a)(1) and/or Section 6651(a)(2) of the Internal Revenue Code.

The IRC section 6651(f) states that in the case of a failure to file a return, if any failure to file is fraudulent, there shall be added to the amount required to be shown as tax on such return 15 percent of the amount of such tax if the failure is for not more than one month, with an additional 15 percent for each additional month or fraction thereof during which such failure continues, not exceeding 75 percent in the aggregate.

### 2005 - DELINQUENCY PENALTY

| | | |
|---|---|---|
| 1. Delinquency penalty abated | | 0.00 |
| 2. Date return due | 04/15/2006 | |
| 3. Date return filed | 02/16/2011 | |
| 4. Fraudulent Failure to File penalty rate | 0.725 | |
| 5. Failure to Pay penalty rate | 0.250 | |
| 6. Total corrected tax, Form 4549, line 11 | | 9,049,732.00 |
| 7. Payments on or prior to due date of return | | 0.00 |
| 8. Line 6 less line 7 | | 9,049,732.00 |
| 9. Fraudulent Failure to File Penalty (line 8 multiplied by line 4) | | 6,561,055.70 |
| 10. Minimum penalty if over 60 days delinquent | | 100.00 |
| 11. Fraudulent Failure to File Penalty (Greater of line 9 or line 10) | | 6,561,055.70 |
| 12. Previously assessed/previously agreed Failure to File Penalty | | 0.00 |
| 13. Net Fraudulent Failure to File Penalty (line 11 less line 12) | | 6,561,055.70 |
| 14. Failure to Pay Penalty - line 8 multiplied by line 5 | | 2,262,433.00 |
| 15. Previously assessed/previously agreed Failure to Pay Penalty | | 0.00 |
| 16. Net Failure to Pay Penalty - line 14 less line 15 * | | 2,262,433.00 |
| 17. Total Delinquency Penalty - Sum of line 13 and 16 | | 8,823,488.70 |

* If an amount appears as the Failure to Pay Penalty, the amount only reflects the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Apdnx-190

Name of Taxpayer:  HARVEY BIRDMAN
Identification Number: ███████████                    Exhibit G

02/16/2011
12.00.00

## 2003 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | | | | |
|---|---|---|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | | | | 1,070,577.00 |
| 2. Refundable Credits | | | | 0.00 |
| 3. Withholding taxes | | | | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (if less than $1000, estimated penalty does not apply) | | | | 1,070,577.00 |
| 5. 90% of the sum of line 1 less line 2 | | | | 963,519.30 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000. or if MFS more than $75,000.) | | | | 315,640.60 |
| 7. The smaller of line 5 or 6 (as adjusted) | | | | 315,640.60 |

| | Apr 15, 2003 | Jun 15, 2003 | Sep 15, 2003 | Jan 15, 2004 |
|---|---|---|---|---|
| 8. Payment Due Date | | | | |
| 9. Payment Required | 78,910.15 | 78,910.15 | 78,910.15 | 78,910.15 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 78,910.15 | 157,820.30 | 236,730.45 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 78,910.15 | 157,820.30 | |
| 16. Underpayment | 78,910.15 | 78,910.15 | 78,910.15 | 78,910.15 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 3,525.75 | 2,866.37 | 1,871.88 | 784.79 |

| | |
|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | 0.00 |
| 20. Estimated Tax Penalty | 9,048.79 |

| Name of Taxpayer: HARVEY BIRDMAN | | | 02/16/2011 |
| Identification Number: ████████ | | Exhibit G | 12.00.00 |

## 2004 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | | | | |
|---|---|---|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | | | | 4,819,862.00 |
| 2. Refundable Credits | | | | 0.00 |
| 3. Withholding taxes | | | | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (if less than $1000, estimated penalty does not apply) | | | | 4,819,862.00 |
| 5. 90% of the sum of line 1 less line 2 | | | | 4,337,875.80 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000, or if MFS more than $75,000.) | | | | 1,174,352.30 |
| 7. The smaller of line 5 or 6 (as adjusted) | | | | 1,174,352.30 |

| | Apr 15, 2004 | Jun 15, 2004 | Sep 15, 2004 | Jan 15, 2005 |
|---|---|---|---|---|
| 8. Payment Due Date | Apr 15, 2004 | Jun 15, 2004 | Sep 15, 2004 | Jan 15, 2005 |
| 9. Payment Required | 293,588.08 | 293,588.08 | 293,588.08 | 293,588.08 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 293,588.08 | 587,176.16 | 880,764.24 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 293,588.08 | 587,176.16 | |
| 16. Underpayment | 293,588.08 | 293,588.08 | 293,588.08 | 293,588.08 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 13,912.84 | 11,466.27 | 8,394.03 | 3,619.58 |

| | |
|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | 0.00 |
| 20. Estimated Tax Penalty | 37,392.72 |

Apdnx-192

Name of Taxpayer: HARVEY BIRDMAN
Identification Number: ▮▮▮▮▮▮

Exhibit G

02/16/2011
12.00.00

## 2005 - EXPLANATION OF THE ESTIMATED TAX PENALTY

Since you did not pay sufficient estimated tax, addition to the tax is charged as shown below, in accordance with Section 6654(a) of the Internal Revenue Code.

| | | | | |
|---|---|---|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 (Tax Per Return, if a return was filed) | | | | 9,049,732.00 |
| 2. Refundable Credits | | | | 0.00 |
| 3. Withholding taxes | | | | 0.00 |
| 4. Line 1 less sum of lines 2 & 3 (if less than $1000, estimated penalty does not apply) | | | | 9,049,732.00 |
| 5. 90% of the sum of line 1 less line 2 | | | | 8,144,758.80 |
| 6. Prior year tax liability (110% of tax if AGI was more than $150,000. or if MFS more than $75,000.) | | | | 5,301,684.30 |
| 7. The smaller of line 5 or 6 (as adjusted) | | | | 5,301,684.30 |

| | | | | |
|---|---|---|---|---|
| 8. Payment Due Date | Apr 15, 2005 | Jun 15, 2005 | Sep 15, 2005 | Jan 15, 2006 |
| 9. Payment Required | 1,325,421.08 | 1,325,421.08 | 1,325,421.08 | 1,325,421.08 |
| 10. Payments & Credits | 0.00 | 0.00 | 0.00 | 0.00 |
| 11. Overpayment from line 17 | | 0.00 | 0.00 | 0.00 |
| 12. Total of lines 10 & 11 | | 0.00 | 0.00 | 0.00 |
| 13. Previous Qtr Underpayment | | 1,325,421.08 | 2,650,842.16 | 3,976,263.24 |
| 14. Line 12 less line 13 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15. Remaining Underpayment | | 1,325,421.08 | 2,650,842.16 | |
| 16. Underpayment | 1,325,421.08 | 1,325,421.08 | 1,325,421.08 | 1,325,421.08 |
| 17. Overpayment | 0.00 | 0.00 | 0.00 | 0.00 |
| 18. Penalty | 86,678.91 | 73,388.38 | 53,343.66 | 22,877.13 |

| | |
|---|---|
| 19. Previously Assessed/Previously Agreed Estimated Tax Penalty | 0.00 |
| 20. Estimated Tax Penalty | 236,288.08 |

| Name Of Taxpayer: | HARVEY BIRDMAN | | 02/16/2011 |
|---|---|---|---|
| Identification Number: | | Exhibit H | 12.00.00 |

## 2003 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $    3,050.00 by the total number of exemptions    3,050.00
   claimed on Form 1040, line 6e

2. Adjusted Gross Income    3,503,617.00

3. Limitation based on Filing Status    104,625.00

4. Subtract line 3 from line 2    3,398,992.00

5. Divide line 4 by $2,500    0.00
   ($1,250 If married filing separate)

6. Multiply line 5 by 2% and enter the result as a decimal    0.00

7. Multiply line 1 by line 6    0.00

8. Deduction for exemptions (Subtract line 7 from line 1)    0.00

Note: If Line 4 is more than $122,500. or ($61,250. if married filing separately), a deduction for exemptions cannot be taken.

Apdnx-194

Name Of Taxpayer:    HARVEY BIRDMAN                                          02/16/2011
Identification Number: ▮▮▮▮▮▮▮▮▮▮             Exhibit H                          12.00.00

## 2004 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $      3,100.00 by the total number of exemptions          3,100.00
   claimed on Form 1040, line 6e

2. Adjusted Gross Income                                            13,813,146.00

3. Limitation based on Filing Status                                   107,025.00

4. Subtract line 3 from line 2                                      13,706,121.00

5. Divide line 4 by $2,500                                                 0.00
   ($1,250 if married filing separate)

6. Multiply line 5 by 2% and enter the result as a decimal                0.00

7. Multiply line 1 by line 6                                              0.00

8. Deduction for exemptions (Subtract line 7 from line 1)                 0.00


Note: If Line 4 is more than $122,500. or ($61,250. if married filling separately), a deduction for

exemptions cannot be taken.

| Name Of Taxpayer: | HARVEY BIRDMAN | | 02/16/2011 |
| Identification Number: | | Exhibit H | 12.00.00 |

## 2005 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $500 by the total number of guests listed in Part I of Form 8914
   (Maximum allowed is $2,000; or $1,000 if married filing separately)                          0.00

2. Multiply $    3,200.00  by the total number of exemptions
   claimed on Form 1040, line 6d                                                              3,200.00

3. Add lines 1 and 2                                                                          3,200.00

4. Adjusted Gross Income                                                                 26,268,063.00

5. Limitation based on Filing Status                                                       109,475.00

   Note: If line 5 is greater than line 4, enter the amount on line 3
         on line 10 below and STOP

6. Subtract line 5 from line 4                                                           26,158,588.00

   Note: If line 6 is less than zero or line 6 is more than $122,500
         (or $61,250, if married filing separately), then enter the
         amount on line 1 on line 10 below and STOP

7. Divide line 6 by $2,500 ($1,250 if married filing separately)                                 0.00

8. Multiply line 7 by 2% and enter the result as a decimal                                       0.00

9. Multiply line 2 by line 8                                                                     0.00

10. Deduction for exemptions (Subtract line 9 from line 3)                                        0.00

Apdnx-196

Form **8689**

Department of the Treasury
Internal Revenue Service

**Allocation of Individual Income Tax to the Virgin Islands**

▶ Attach to Form 1040.

OMB No. 1545-1032

**2003**

Attachment Sequence No. **85**

Name(s) shown on Form 1040

**Harvey Birdman**                        EXHIBIT I

Your social security number

### Part I    Income From the Virgin Islands

| | | | |
|---|---|---|---|
| 1 | Wages, salaries, tips, etc. | **1** | |
| 2 | Taxable interest | **2** | 252 |
| 3 | Ordinary dividends | **3** | |
| 4 | Taxable refunds, credits, or offsets of local Virgin Islands taxes | **4** | |
| 5 | Alimony received | **5** | |
| 6 | Business income or (loss) | **6** | |
| 7 | Capital gain or (loss) | **7** | |
| 8 | Other gains or (losses) | **8** | |
| 9 | IRA distributions (taxable amount) | **9** | |
| 10 | Pensions and annuities (taxable amount) | **10** | |
| 11 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | **11** | 193,885  00 |
| 12 | Farm income or (loss) | **12** | |
| 13 | Unemployment compensation | **13** | |
| 14 | Social security benefits (taxable amount) | **14** | |
| 15 | Other income. List type and amount. ▶ | **15** | |
| 16 | Add lines 1 through 15. This is your **total income** ▶ | **16** | 194,137 |

### Part II    Adjusted Gross Income From the Virgin Islands

| | | | | |
|---|---|---|---|---|
| 17 | Educator expenses | 17 | | |
| 18 | IRA deduction | 18 | | |
| 19 | Student loan interest deduction | 19 | | |
| 20 | Tuition and fees deduction | 20 | | |
| 21 | Moving expenses | 21 | | |
| 22 | One-half of self-employment tax | 22 | | |
| 23 | Self-employed health insurance deduction | 23 | | |
| 24 | Self-employed SEP, SIMPLE, and qualified plans | 24 | | |
| 25 | Penalty on early withdrawal of savings | 25 | | |
| 26 | Add lines 17 through 25 | | 26 | |
| 27 | Subtract line 26 from line 16. This is your **adjusted gross income** ▶ | | 27 | 194,137 |

### Part III    Allocation of Tax to the Virgin Islands

| | | | |
|---|---|---|---|
| 28 | Enter amount from Form 1040, line 60 | **28** | 1,070,577  00 |
| 29 | Enter the total of the amounts from Form 1040, lines 55, 56, 63, and 65; any uncollected social security and Medicare or tier 1 RRTA tax or tax on golden parachute payments included on line 60; and any amount from Form 5329, Parts III, IV, V, VI, or VII, included on line 57 | **29** | |
| 30 | Subtract line 29 from line 28 | **30** | 1,070,577  00 |
| 31 | Enter amount from Form 1040, line 35 | **31**  3,492,217  00 | |
| 32 | Divide line 27 above by line 31. Enter the result as a decimal (rounded to at least 3 places) | **32** | ✕  .0556 |
| 33 | Multiply line 30 by line 32. This is your **tax allocated to the Virgin Islands** | **33** | 59,524  08 |

### Part IV    Payments of Income Tax to the Virgin Islands

| | | | |
|---|---|---|---|
| 34 | Income tax withheld by the Virgin Islands | 34    0 | |
| 35 | 2003 estimated tax payments and amount applied from 2002 return | 35 | |
| 36 | Amount paid with Form 4868 (extension request) | 36 | |
| 37 | Add lines 34 through 36. These are your **total payments** ▶ | **37** | |
| 38 | Enter the smaller of line 33 or line 37. Also, include this amount in the total on Form 1040, line 68. On the dotted line next to line 68, enter "Form 8689" and show this amount. | **38** | 0 |
| 39 | If line 37 is more than line 33, subtract line 33 from line 37. This is the amount you **overpaid** to the Virgin Islands | **39** | |
| 40 | Amount of line 39 you want **refunded to you** ▶ | **40** | |
| 41 | Amount of line 39 you want applied to your 2004 estimated tax ▶ | 41 | |
| 42 | If line 33 is more than line 37, subtract line 37 from line 33. This is the **amount you owe** to the Virgin Islands. Include the amount on this line that you are paying with your return in the total on Form 1040, line 68. On the dotted line next to line 68, enter "Form 8689" and the amount paid. ▶ | | |

Apdnx-197

For Paperwork Reduction Act Notice, see back of form.          Cat. No. 64603D          Form **8689** (2003)

Form **8689**

Department of the Treasury
Internal Revenue Service

**Allocation of Individual Income Tax
to the Virgin Islands**

▶ Attach to Form 1040.

OMB No. 1545-1032

**2004**

Attachment
Sequence No. **85**

Name(s) shown on Form 1040
Harvey Birdman                                        **EXHIBIT I**

Your social security number

### Part I    Income From the Virgin Islands

| | | | |
|---|---|---:|---|
| 1 | Wages, salaries, tips, etc. | **1** | |
| 2 | Taxable interest | **2** | 1,498 00 |
| 3 | Ordinary dividends | **3** | |
| 4 | Taxable refunds, credits, or offsets of local Virgin Islands taxes | **4** | |
| 5 | Alimony received | **5** | |
| 6 | Business income or (loss) | **6** | |
| 7 | Capital gain or (loss) | **7** | |
| 8 | Other gains or (losses) | **8** | |
| 9 | IRA distributions (taxable amount) | **9** | |
| 10 | Pensions and annuities (taxable amount) | **10** | |
| 11 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | **11** | 1,290,159 00 |
| 12 | Farm income or (loss) | **12** | |
| 13 | Unemployment compensation | **13** | |
| 14 | Social security benefits (taxable amount) | **14** | |
| 15 | Other income. List type and amount. ▶ ............................ | **15** | |
| 16 | Add lines 1 through 15. This is your total income ▶ | **16** | 1,291,657 00 |

### Part II    Adjusted Gross Income From the Virgin Islands

| | | | | |
|---|---|---|---:|---|
| 17 | Educator expenses | **17** | | |
| 18 | Certain business expenses of reservists, performing artists, and fee-basis government officials | **18** | | |
| 19 | IRA deduction | **19** | | |
| 20 | Student loan interest deduction | **20** | | |
| 21 | Tuition and fees deduction | **21** | | |
| 22 | Health savings account deduction | **22** | | |
| 23 | Moving expenses | **23** | | |
| 24 | One-half of self-employment tax | **24** | | |
| 25 | Self-employed health insurance deduction | **25** | | |
| 26 | Self-employed SEP, SIMPLE, and qualified plans | **26** | | |
| 27 | Penalty on early withdrawal of savings | **27** | | |
| 28 | Add lines 17 through 27 | | **28** | |
| 29 | Subtract line 28 from line 16. This is your **adjusted gross income** ▶ | | **29** | 1,291,657 00 |

### Part III    Allocation of Tax to the Virgin Islands

| | | | |
|---|---|---:|---|
| 30 | Enter amount from Form 1040, line 62 | **30** | 4,819,862 00 |
| 31 | Enter the total of the amounts from Form 1040, lines 57, 58, 61, 65a, and 67. Include any uncollected social security and Medicare or tier 1 RRTA tax, tax on golden parachute payments, or excise tax on stock compensation reported on line 62. Also include any amount from Form 5329, Parts III, IV, V, VI, VII, or VIII reported on line 59 | **31** | 00 |
| 32 | Subtract line 31 from line 30 | **32** | 4,819,862 00 |
| 33 | Enter amount from Form 1040, line 37 | **33** 13,813,146 00 | |
| 34 | Divide line 29 above by line 33. Enter the result as a decimal (rounded to at least 3 places). Do not enter more than 1.000. | **34** ✕ .0935 | |
| 35 | Multiply line 32 by line 34. This is your tax allocated to the Virgin Islands | **35** | 450,657 00 |

### Part IV    Payments of Income Tax to the Virgin Islands

| | | | | |
|---|---|---|---:|---|
| 36 | Income tax withheld by the Virgin Islands | **36** | 0 | |
| 37 | 2004 estimated tax payments and amount applied from 2003 return | **37** | | |
| 38 | Amount paid with Form 4868 (extension request) | **38** | | |
| 39 | Add lines 36 through 38. These are your **total payments** ▶ | | **39** | 0 |
| 40 | Enter the smaller of line 35 or line 39. Also, include this amount in the total on Form 1040, line 70. On the dotted line next to line 70, enter "Form 8689" and show this amount | | **40** | 0 |
| 41 | **Overpayment** to the Virgin Islands. If line 39 is more than line 35, subtract line 35 from line 39 | | **41** | |
| 42 | Amount of line 41 you want refunded to you ▶ | | **42** | |
| 43 | Amount of line 41 you want applied to your 2005 estimated tax ▶ | **43** | | |
| 44 | **Amount you owe** to the Virgin Islands. Subtract line 39 from line 35. Enter the amount that you are paying here and on Form 1040, line 70. Next to line 70, enter "Form 8689" and the amount paid ▶ | | | |

Apdnx-198

For Paperwork Reduction Act Notice, see back of form.    Cat. No. 64603D    Form **8689** (2004)

Form **8689**

Department of the Treasury
Internal Revenue Service

**Allocation of Individual Income Tax
to the Virgin Islands**

► Attach to Form 1040.

OMB No. 1545-0074

**2005**

Attachment
Sequence No. **85**

Name(s) shown on Form 1040
**Harvey Birdman**                                    **EXHIBIT I**

### Part I    Income From the Virgin Islands

| | | | |
|---|---|---:|---|
| 1 | Wages, salaries, tips, etc. | **1** | |
| 2 | Taxable interest | **2** | 5,125 00 |
| 3 | Ordinary dividends | **3** | |
| 4 | Taxable refunds, credits, or offsets of local Virgin Islands taxes | **4** | |
| 5 | Alimony received | **5** | |
| 6 | Business income or (loss) | **6** | |
| 7 | Capital gain or (loss) | **7** | |
| 8 | Other gains or (losses) | **8** | |
| 9 | IRA distributions (taxable amount) | **9** | |
| 10 | Pensions and annuities (taxable amount) | **10** | |
| 11 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | **11** | 4,823,055 |
| 12 | Farm income or (loss) | **12** | |
| 13 | Unemployment compensation | **13** | |
| 14 | Social security benefits (taxable amount) | **14** | |
| 15 | Other income. List type and amount. ► | **15** | |
| 16 | Add lines 1 through 15. This is your total income ► | **16** | 4,828,180 |

### Part II    Adjusted Gross Income From the Virgin Islands

| | | | | |
|---|---|---|---:|---|
| 17 | Educator expenses | **17** | | |
| 18 | Certain business expenses of reservists, performing artists, and fee-basis government officials | **18** | | |
| 19 | Health savings account deduction | **19** | | |
| 20 | Moving expenses | **20** | | |
| 21 | One-half of self-employment tax | **21** | | |
| 22 | Self-employed SEP, SIMPLE, and qualified plans | **22** | | |
| 23 | Self-employed health insurance deduction | **23** | | |
| 24 | Penalty on early withdrawal of savings | **24** | | |
| 25 | IRA deduction | **25** | | |
| 26 | Student loan interest deduction | **26** | | |
| 27 | Tuition and fees deduction | **27** | | |
| 28 | Add lines 17 through 27 | **28** | | |
| 29 | Subtract line 28 from line 16. This is your adjusted gross income ► | **29** | 4,828,180 | |

### Part III    Allocation of Tax to the Virgin Islands

| | | | | |
|---|---|---|---:|---|
| 30 | Enter amount from Form 1040, line 63 | **30** | 9,049,732 | 00 |
| 31 | Enter the total of the amounts from Form 1040, lines 58, 59, 62, 66a, and 68. Include any uncollected social security and Medicare or tier 1 RRTA tax, tax on golden parachute payments, or excise tax on insider stock compensation reported on line 63. Also include any amount from Form 5329, Parts III, IV, V, VI, VII, or VIII reported on line 60 | **31** | | 00 |
| 32 | Subtract line 31 from line 30 | **32** | 9,049,732 | 00 |
| 33 | Enter amount from Form 1040, line 38 | **33** | 26,268,063 | 00 |
| 34 | Divide line 29 above by line 33. Enter the result as a decimal (rounded to at least 3 places). Do not enter more than 1.000. | **34** | × . 1838 | |
| 35 | Multiply line 32 by line 34. This is your tax allocated to the Virgin Islands | **35** | 1,663,340 | 74 |

### Part IV    Payments of Income Tax to the Virgin Islands

| | | | | |
|---|---|---|---:|---|
| 36 | Income tax withheld by the Virgin Islands | **36** | 0 | |
| 37 | 2005 estimated tax payments and amount applied from 2004 return | **37** | | |
| 38 | Amount paid with Form 4868 (extension request) | **38** | | |
| 39 | Add lines 36 through 38. These are your total payments ► | **39** | 0 | |
| 40 | Enter the smaller of line 35 or line 39. Also, include this amount in the total on Form 1040, line 71. On the dotted line next to line 71, enter "Form 8689" and show this amount | **40** | 0 | |
| 41 | **Overpayment** to the Virgin Islands. If line 39 is more than line 35, subtract line 35 from line 39 | **41** | | |
| 42 | Amount of line 41 you want refunded to you ► | **42** | | |
| 43 | Amount of line 41 you want applied to your 2006 estimated tax ► | **43** | | |
| 44 | **Amount you owe** to the Virgin Islands. Subtract line 39 from line 35. Enter the amount that you are paying here and on Form 1040, line 71. Next to line 71, enter "Form 8689" and the amount paid ► | | Apdnx-199 | |

For Paperwork Reduction Act Notice, see back of form.                    Cat. No. 64603D                    Form **8689** (2005)

## HARVEY BIRDMAN
## STATUTORY NOTICE EXPLANATION OF ITEMS
### EXHIBIT J
## CAPITAL TRANSACTIONS
### 2003

Short Term Capital Transactions:

| Description | Gain\(Loss) | |
|---|---|---|
| Authentidate | ($5,538.00) | |
| US Data Authority | 1,458.00 | |
| Laserlock Technologies | 1,778.00 | |
| The Globe Com, Inc. | 3,700.00 | |
| Genta, Inc. | 510.00 | |
| Tarragon Realty Invs, Inc. | ( 177.00) | |
| Call GJU Oct 17 ½ | 3,545.00 | |
| Total | | $ 5,276.00 |

| Short Term Gain from Flow Through Entities | | |
|---|---|---|
| Sunvest Resort Communities | 14,623.00 | |
| | | 14,623.00 |
| Total Short Term Capital Gain | | $ 19,899.00 |

Long Term Capital Transactions:

| Description | Gain\(Loss) | |
|---|---|---|
| US Data Authority | $ 1,868.00 | |
| Authentidate | 129,091.00 | |
| The Globe Com, Inc. | 133.00 | |
| Intertrust Techs Corp. | 14,341.00 | |
| Total | | $145,433.00 |

| Long Term Gain from Flow Through Entities: | | |
|---|---|---|
| Vacation Investment Plan | 1,019.00 | |
| PFK Acquisition | 21,638.00 | |
| Sunvest Resort Communities | 677,088.00 | |
| Vacation Investment Plan | 1,018.00 | |
| PFK Acquisition Group II | (6,709.00) | |
| | | 694,054.00 |

| Long Term Capital Loss Carryover | | ($138,403.00) |
|---|---|---|
| Total Long Term Capital Gain | | $701,084.00 |
| Total Gain\(Loss) per Examination | | $720,983.00 |

# HARVEY BIRDMAN
## STATUTORY NOTICE EXPLANATION OF ITEMS
### EXHIBIT J
### CAPITAL TRANSACTIONS
### 2004

| Short Term Capital Transactions: | | |
|---|---|---|
| Description | Gain\(Loss) | |
| Authentidate | ($39,786.00) | |
| Secure Computing | 8,014.00 | |
| Genta, Inc. | (39,826.00) | |
| Extreme Networks, Inc. | 4,270.00 | |
| Tarragon Realty Invs, Inc. | 1,140.00 | |
| Call GJU May 15 | (1,227.00) | |
| | ---------------- | |
| Total | | ($67,415.00) |
| | | |
| Short Term Gain from Flow Through Entities | | |
| Sunvest Resort Communities | 711,532.00 | |
| | ---------------- | |
| | | 711,532.00 |
| | | ---------------- |
| Total Short Term Capital Gain | | $644,117.00 |
| | | ---------------- |
| Long Term Capital Transactions: | | |
| | | |
| Long Term Gain from Flow Through Entities | | |
| L-T Flow Through Gain from K-1 | | 10,829.00 |
| | | ---------------- |
| Total Long Term Capital Gain | | $ 10,829.00 |
| | | ---------------- |
| Total Gain\(Loss) per Examination | | $ 654,946.00 |
| | | ================ |

37

**HARVEY BIRDMAN**
**STATUTORY NOTICE EXPLANATION OF ITEMS**
**EXHIBIT J**
**CAPITAL TRANSACTIONS**
**2005**

| | | |
|---|---|---|
| Short Term Capital Transactions: | | |
| Description | Gain\(Loss) | |
| Authentidate | $    605.00 | |
| | ---------------- | |
| Total | | $    605.00 |
| Short Term Gain from Flow Through Entities: | | |
| Various | ($50,186.00) | |
| | ---------------- | |
| | | (50,186.00) |
| | | ---------------- |
| Total Short Term Capital Gain | | ($49,581.00) |
| | | ---------------- |
| Long Term Capital Transactions: | | |
| Description | Gain\(Loss) | |
| Lakeshore Club Development, LC | ($    4,394.00) | |
| Barclay Associates, Inc. | 340,122.00 | |
| | ---------------- | |
| Total | | $335,728.00 |
| Long Term Gain from Flow Through Entities: | | |
| Various | | 358,792.00 |
| | | ---------------- |
| Total Long Term Capital Gain | | 694,520.00 |
| | | ---------------- |
| Total Gain\(Loss) per Examination | | $644,939.00 |
| | | ============ |

Name of Taxpayer:    HARVEY BIRDMAN                                    02/16/2011
Identification Number ███████████          Exhibit J                   12:00:00

## 2003  - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**     Short-Term Capital Gains and Losses—Assets Held One Year or Less
1     Short-term capital gain or loss                                  14,623.00
2     Short-term capital loss carryover                                    -0.00
3     Short Post-May 5 gain or (loss)                                      0.00
4     Net Short-term Gain or Loss (Add line 1 and 2)                   14,623.00

**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year
5     Long-term capital gain or loss                                  706,360.00
6     Long-term capital gain or loss carryover                            0.00
7     Long Post-May 5 gain or (loss)                                  706,360.00
8     Net long-term Gain or Loss (Add line 5 and 6)                   706,360.00

**Part III**   Taxable Gain or Deductible Loss
9     Sum of lines 4 and 8 - Net Capital Gain or Loss                 720,983.00
10    Sum of lines 3 and 7                                            706,360.00
11    Capital loss limitation                                             0.00
12    Capital Gain or Loss - As Corrected                            720,983.00
13    Capital Gain or Loss - Per Return                                   0.00
14    Line 12 less line 13 - Adjustment to Income                     720,983.00

CORRECTED CARRYOVER
15    Short-term Carryover to Subsequent Year                            0.00
16    Long-term Carryover to Subsequent Year                             0.00

Name of Taxpayer: HARVEY BIRDMAN
Identification Number: ██████

Exhibit J

02/16/2011
12.00,00

**Part IV   Tax Computation Using Maximum Capital Gains Rates**

| | | |
|---|---|---|
| 17 Enter your taxable income from Form 1040, line 40 | 17 | 3,497,917.00 |
| 18 Enter the smaller of line 8 or line 9, but not less than zero | 18 | 706,360.00 |
| 19 Enter your qualified dividends from Form 1040, line 9b | 19 | 130.00 |
| 20 Add lines 18 and 19 | 20 | 706,490.00 |
| 21 Amount from line 4g of Form 4952 (investment interest expense) | 21 | 0.00 |
| 22 Subtract line 21 from line 20. If zero or less, enter -0- | 22 | 706,490.00 |
| 23 Subtract line 22 from line 17. If zero or less, enter -0- | 23 | 2,791,427.00 |
| 24 Enter the smaller of line 17 or: 28,400.00 | 24 | 28,400.00 |
|    • $56,800 if married filing jointly or qualifying widow(er); | | |
|    • $28,400 if single or married filing separately; or | | |
|    • $38,050 if head of household | | |
|    **If line 23 is more than line 24, skip lines 30-35 and go to line 36.** | | |
| 25 Enter the amount from line 23 | 25 | |
| 26 Subtract line 25 from line 24. If zero or less, go to line 36 | 26 | |
| 27 Add lines 10 and 19    27 | | |
| 28 Enter the smaller of line 26 or line 27 | 28 | |
| 29 Multiply line 28 by 5% (.05) | 29 | |
|    **If lines 26 and 28 are the same, skip lines 30-35 and go to line 36.** | | |
| 30 Subtract line 28 from line 26 | 30 | |
| 31 Enter your qualified 5-year gain | 31 | |
| 32 Enter the smaller of line 30 or line 31 | 32 | |
| 33 Multiply line 32 by 8% (.08) | 33 | |
| 34 Subtract line 32 from line 30 | 34 | |
| 35 Multiply line 34 by 10% (.10) | 35 | |
|    **If lines 22 and 26 are the same, skip lines 36-45 and go to line 46.** | | |
| 36 Enter the smaller of line 17 or line 22 | 36 | 706,490.00 |
| 37 Enter the amount from line 26 (if line 26 is blank, enter -0-) | 37 | 0.00 |
| 38 Subtract line 37 from line 36 | 38 | 706,490.00 |
| 39 Add lines 10 and 19    39   706,490.00 | | |
| 40 Enter the amount from line 28 (if line 28 is blank, enter -0-)   40   0.00 | | |
| 41 Subtract line 40 from line 39    41   706,490.00 | | |
| 42 Enter the smaller of line 38 or line 41 | 42 | 706,490.00 |
| 43 Multiply line 42 by 15% (.15) | 43 | 105,973.50 |
| 44 Subtract line 42 from line 38    44   0.00 | | |
| 45 Multiply line 44 by 20% (.20) | 45 | 0.00 |
| 46 Figure the tax on the amount on line 23. Use the Tax Table or Tax Rate Schedules, whichever applies | 46 | 964,603.00 |
| 47 Add lines 29, 33, 35, 43, 45, and 46 | 47 | 1,070,576.50 |
| 48 Figure the tax on the amount on line 17. Use the Tax Table or Tax Rate Schedules, whichever applies | 48 | 1,211,874.00 |
| 49 Tax on all taxable income. Enter the smaller of line 47 or line 48 here and on Form 1040, line 41 | 49 | 1,070,576.50 |

**Worksheet for Lines 27 and 39**

| | | |
|---|---|---|
| 1. Enter your qualified dividends from Form 1040, line 9b | 1. | 130.00 |
| 2. Enter the amount from Form 4952, line 4g | 2. | 0.00 |
| 3. Enter the amount from Form 4952, line 4e | 3. | 0.00 |
| 4. Subtract line 3 from line 2. If zero or less, enter -0- | 4. | 0.00 |
| 5. Subtract line 4 from line 1. If zero or less, enter -0- | 5. | 130.00 |
| 6. Enter the amount from Schedule D, line 10 | 6. | 706,360.00 |
| 7. Add lines 5 and 6. Enter the result here and on Schedule D, lines 27 and 39 (unless you are skipping the line) | 7. | 706,490.00 |

Name of Taxpayer:   HARVEY BIRDMAN                                    02/16/2011
Identification Number: ███████████         Exhibit J                  12.00.00

## 2004  - SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**    Short-Term Capital Gains and Losses—Assets Held One Year or Less
1   Short-term capital gain or loss                                    654,946.00
2   Short-term capital loss carryover                                        0.00
3   Net Short-term Gain or Loss (Add line 1 and 2)                     654,946.00


**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year
4   Long-term capital gain or loss                                           0.00
5   Long-term capital gain or loss carryover                                 0.00
6   Net long-term Gain or Loss (Add line 4 and 5)                            0.00


**Part III**    Summary
7   Sum of lines 3 and 6 - Net Capital Gain or Loss                    654,946.00
8   Capital loss limitation                                                  0.00
9   Capital Gain or Loss - As Corrected                                654,946.00
10  Capital Gain or Loss - Per Return                                        0.00
11  Line 9 less line 10 - Adjustment to Income                         654,946.00


CORRECTED CARRYOVER
12  Short-term Carryover to Subsequent Year                                  0.00
13  Long-term Carryover to Subsequent Year                                   0.00


28% RATE GAIN COMPUTATION

1   Tentative 28% rate gain (total of lines 1 thru 4 from worksheet)         0.00
2   Long-term capital loss carryover                                         0.00
3   Net short-term capital loss                                              0.00
4   Allowable 28% rate gain (sum of lines 1 thru 3) (if -0- or less, enter -0-)   0.00

SECTION 1250 GAIN COMPUTATION

1   Tentative Section 1250 gain (line 13 from worksheet)                     0.00
2   Tentative 28% rate gain                                   0.00
3   Net short-term capital loss                               0.00
4   Long-term capital loss carryover                          0.00
5   Sum of lines 2 thru 4 (if less than -0-, enter as positive amount) (if -0- or greater, enter -0-)   0.00
6   Allowable Section 1250 gain (line 1 less line 5) (if -0- or less, enter -0-)   0.00

Name of Taxpayer:  HARVEY BIRDMAN                                    02/16/2011
Identification Number: ███████████          Exhibit J                12.00.00

## 2004 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the amount from Form 1040, line 42 (Form 1040A, line 27) . . . . . . . **1.**      13,807,346.00
2. Enter the amount from Form 1040, line 9b (Form 1040A, line 9b) . . . . . . . **2.**            149.00
3. Are you filing Schedule D?
   ☑ **Yes.** Enter the **smaller** of line 15 or 16 of
       Schedule D, but do not enter less than -0-          **3.**            0.00
   ☐ **No.** Enter the amount from Form 1040, line 13 (Form 1040A, line10)
4. Add lines 2 and 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4.**            149.00
5. If you are claiming investment interest expense on Form
   4952, enter the amount from line 4g of that form.
   Otherwise, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5.**            0.00
6. Subtract line 5 from line 4. If zero or less, enter -0- . . . . . . . . . . . . . . . . **6.**            149.00
7. Subtract line 6 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . . **7.**      13,807,197.00
8. Enter the **smaller** of:
   • The amount on line 1, or 29,050.00
   • $29,050 if single or married filing separately,       . . . . . . . . **8.**         29,050.00
     $58,100 if married filing jointly or qualifying widow(er),
     $38,900 if head of household.
9. Is the amount on line 7 equal to or more than the amount on line 8?
   ☑ **Yes.** Skip lines 9 through 11; go to line 12 and check the "No" box.
   ☐ **No.** Enter the amount from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . **9.**
10. Subtract line 9 from line 8 . . . . . . . . . . . . . . . . . . . . . . . . **10.**
11. Multiply line 10 by 5% (.05) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11.**
12. Are the amounts on lines 6 and 10 the same?
    ☐ **Yes.** Skip lines 12 through 15; go to line 16.
    ☑ **No.** Enter the **smaller** of line 1 or line 6 . . . . . . . . . . . . . . . . . . . . **12.**            149.00
13. Enter the amount from line 10 (if line 10 is blank, enter -0-) . . . . . . . . . . . **13.**            0.00
14. Subtract line 13 from line 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14.**            149.00
15. Multiply line 14 by 15% (.15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15.**            22.00
16. Figure the tax on the amount on line 7. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16.**       4,819,840.00
17. Add lines 11, 15, and 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17.**       4,819,862.00
18. Figure the tax on the amount on line 1. Use the Tax Table or Tax Computation Worksheet,
    whichever applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18.**       4,819,893.00
19. **Tax on all taxable income. Enter the smaller of line 17 or line 18. Also include this amount on**
    Form 1040, line 43 (Form 1040A, line 28) . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19.**       4,819,862.00

Name of Taxpayer:    HARVEY BIRDMAN                                    02/16/2011
Identification Number: ▮▮▮▮▮▮▮            Exhibit J                      12,00,00

## 2005  -  SCHEDULE D - CAPITAL GAINS AND LOSSES

**Part I**    Short-Term Capital Gains and Losses—Assets Held One Year or Less

| | | |
|---|---|--:|
| 1 | Short-term capital gain or loss | (52,623.00) |
| 2 | Short-term capital loss carryover | 0.00 |
| 3 | Net Short-term Gain or Loss (Add line 1 and 2) | (52,623.00) |

**Part II**    Long-Term Capital Gains and Losses—Assets Held More Than One Year

| | | |
|---|---|--:|
| 4 | Long-term capital gain or loss | 697,562.00 |
| 5 | Long-term capital gain or loss carryover | 0.00 |
| 6 | Net long-term Gain or Loss (Add line 4 and 5) | 697,562.00 |

**Part III**    Summary

| | | |
|---|---|--:|
| 7 | Sum of lines 3 and 6 - Net Capital Gain or Loss | 644,939.00 |
| 8 | Capital loss limitation | 0.00 |
| 9 | Capital Gain or Loss - As Corrected | 644,939.00 |
| 10 | Capital Gain or Loss - Per Return | 0.00 |
| 11 | Line 9 less line 10 - Adjustment to Income | 644,939.00 |

CORRECTED CARRYOVER

| | | |
|---|---|--:|
| 12 | Short-term Carryover to Subsequent Year | 0.00 |
| 13 | Long-term Carryover to Subsequent Year | 0.00 |

28% RATE GAIN COMPUTATION

| | | |
|---|---|--:|
| 1 | Tentative 28% rate gain (total of lines 1 thru 4 from worksheet) | 0.00 |
| 2 | Long-term capital loss carryover | 0.00 |
| 3 | Net short-term capital loss | (52,623.00) |
| 4 | Allowable 28% rate gain (sum of lines 1 thru 3) (if -0- or less, enter -0-) | 0.00 |

SECTION 1250 GAIN COMPUTATION

| | | | |
|---|---|--:|--:|
| 1 | Tentative Section 1250 gain (line 13 from worksheet) | | 0.00 |
| 2 | Tentative 28% rate gain | 0.00 | |
| 3 | Net short-term capital loss | (52,623.00) | |
| 4 | Long-term capital loss carryover | 0.00 | |
| 5 | Sum of lines 2 thru 4 (if less than -0-, enter as positive amount) (if -0- or greater, enter -0-) | | 52,623.00 |
| 6 | Allowable Section 1250 gain (line 1 less line 5) (if -0- or less, enter -0-) | | 0.00 |

| Name of Taxpayer: HARVEY BIRDMAN | 02/16/2011 |
| Identification Number: | 12.00.00 |

Exhibit J

## 2005 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the amount from Form 1040, line 43 .......................... **1.** 26,262,063.00
2. Enter the amount from Form 1040, line 9b ......... **2.** 169.00
3. Are you filing Schedule D?
   - ☑ Yes. Enter the smaller of line 15 or 16 of Schedule D, but do not enter less than -0-  **3.** 644,939.00
   - ☐ No. Enter the amount from Form 1040, line 13
4. Add lines 2 and 3 .......................... **4.** 645,108.00
5. If you are claiming investment interest expense on Form 4952, enter the amount from line 4g of that form. Otherwise, enter -0- ......................... **5.** 0.00
6. Subtract line 5 from line 4. If zero or less, enter -0- ................ **6.** 645,108.00
7. Subtract line 6 from line 1. If zero or less, enter -0- ................ **7.** 25,616,955.00
8. Enter the smaller of:
   - The amount on line 1, or 29,700.00
   - $29,700 if single or married filing separately,  **8.** 29,700.00
   - $59,400 if married filing jointly or qualifying widow(er),
   - $39,800 if head of household.
9. Is the amount on line 7 equal to or more than the amount on line 8?
   - ☑ Yes. Skip lines 9 through 11; go to line 12 and check the "No" box.
   - ☐ No. Enter the amount from line 7 ........................... **9.**
10. Subtract line 9 from line 8 ................................... **10.**
11. Multiply line 10 by 5% (.05)................................. **11.**
12. Are the amounts on lines 6 and 10 the same?
    - ☐ Yes. Skip lines 12 through 15; go to line 16.
    - ☑ No. Enter the smaller of line 1 or line 6 .................. **12.** 645,108.00
13. Enter the amount from line 10 (if line 10 is blank, enter -0-) .......... **13.** 0.00
14. Subtract line 13 from line 12................................... **14.** 645,108.00
15. Multiply line 14 by 15% (.15)................................. **15.** 96,766.00
16. Figure the tax on the amount on line 7. Use the Tax Table or Tax Computation Worksheet, whichever applies ............................... **16.** 8,952,966.00
17. Add lines 11, 15, and 16.................................... **17.** 9,049,732.00
18. Figure the tax on the amount on line 1. Use the Tax Table or Tax Computation Worksheet, whichever applies ............................... **18.** 9,178,753.00
19. Tax on all taxable income. Enter the smaller of line 17 or line 18. Also include this amount on Form 1040, line 44 ................................... **19.** 9,049,732.00

Name of Taxpayer:    HARVEY BIRDMAN                                                    12/10/2010
Identification Number:                                    Total                          11,30.00

## HOW TO PAY YOUR TAXES

If you agree with our examination, pay now by sending a check or money order payable to United States Treasury and your signed agreement. The enclosed report does not reflect any balance currently due on your account.

Why it is to your advantage to pay now:

- Decreases future interest charges
- Prevents assessment of failure to pay penalty
- Reduces payment of nondeductible interest
- Eliminates further contact with us

If you agree with our examination and cannot pay now:

1) Can you pay the full amount within 120 days?  [ ] Yes   [ ] No
   - If yes, send in the signed agreement now and submit the balance due when you receive a bill. Checks should be made payable to United States Treasury.
   - If no, you may be eligible for a payment plan.

2) If you would like us to consider an installment agreement, submit your written request or check the box below and return this flyer with your signed agreement.

   [ ] I would like to pay $ _____ per month.

   (We encourage you to make your payments as large as possible to limit penalty and interest charges.)

   I would like my payment to be due on the _____ of the month.

   (Please indicate a date between the 1st and 28th of the month.)

   You will be charged a fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

   Please provide a telephone number where we can contact you regarding your request.

               Home: (    ) _____

               Work: (    ) _____

ALSO, if you agree with our examination, PLEASE SIGN PAGE 2 OF THE REPORT (Form 4549) and return pages 1 and 2 to us.

* Interest and applicable penalties will continue to accrue until your balance is paid in full.
* All checks or money orders for payment should be made payable to United States Treasury.

Apdnx-209

 **IRS**

Department of the Treasury
**Internal Revenue Service**

Notice 1214 (Rev. 1-2007)
Catalog Number 26162Z

# Helpful Contacts for Your
# "Notice of Deficiency"

Do you have questions/concerns about this *"Notice of Deficiency?"* **First, contact the person whose name and telephone number appear at the top of your letter.** This person can directly access your tax information and help you get answers.

Do you want assistance by a Taxpayer Advocate? The Taxpayer Advocate Service is an independent organization within the IRS whose employees assist taxpayers who are experiencing economic harm, who are seeking help in resolving tax problems that have not been resolved through normal channels, or who believe that an IRS system or procedure is not working as it should. You can reach TAS by calling their toll-free case intake line at 1-877-777-4778 or TTY/TTD 1-800-829-4059. You can also contact your Local Taxpayer Advocate, whose address and phone number are listed here.

## ALABAMA
**Birmingham Office**
Taxpayer Advocate
801 Tom Martin Dr., Room 151-PR
Birmingham, AL 35211
(205) 912-5631

## ALASKA
**Anchorage Office**
Taxpayer Advocate
949 East 36th Ave., Stop A-405
Anchorage, AK 99508
(907) 271-6877

## ARIZONA
**Phoenix Office**
Taxpayer Advocate
210 E. Earll Drive, Stop 1005-PHX
Phoenix, AZ 85012-2623
(602) 207-8240

## ARKANSAS
**Little Rock Office**
Taxpayer Advocate
700 West Capitol St., Stop 1005-LIT
Little Rock, AR 72201
(501) 396-5978

## CALIFORNIA
**Laguna Niguel Office**
Taxpayer Advocate
24000 Avila Road, Stop 2000
Laguna Niguel, CA 92677
(949) 389-4804

**Los Angeles Office**
Taxpayer Advocate
300 N. Los Angeles St.
Stop 6710LA
Los Angeles, CA 90012
(213) 576-3140

**Oakland Office**
Taxpayer Advocate
1301 Clay St., Suite 1540S
Oakland, CA 94612
(510) 637-2703

**Sacramento Office**
(LTA located in Oakland, CA)
4330 Watt Ave. Stop SA5043
Sacramento, CA 95821
(916) 974-5007

**San Jose Office**
(LTA located in Oakland)
55 S. Market St., Stop 0004
San Jose, CA 95113
(408) 817-6850

## COLORADO
**Denver Office**
Taxpayer Advocate
600 17th St., Stop 1005 DEN
Denver, CO 80202-2490
(303) 446-1012

## CONNECTICUT
**Hartford Office**
Taxpayer Advocate
135 High St., Stop 219
Hartford, CT 06103
(860) 756-4555

## DELAWARE
**Wilmington Office**
Taxpayer Advocate
1352 Marrows Rd., Suite 203
Newark, DE 19711-5445
302-286-1643

## DISTRICT OF COLUMBIA
**Washington, DC Office**
Taxpayer Advocate
500 N. Capitol St. NW, Suite 1301-A
Washington, DC 20221
202-622-4300

## FLORIDA
**Ft. Lauderdale Office**
Taxpayer Advocate
7850 SW 6th Court, Room 265
Plantation, FL 33324
(954) 423-7677

**Jacksonville Office**
Taxpayer Advocate
841 Prudential Dr., Suite 100
Stop: TA:Atlanta/Intl: JAX
Jacksonville, FL 32207
(904) 665-1000

## GEORGIA
**Atlanta Office**
Taxpayer Advocate
401 W. Peachtree St., NW
Summit Building
Room 510, Stop 202-D
Atlanta, GA 30308
(404) 338-8099

## HAWAII
**Honolulu Office**
Taxpayer Advocate
300 Ala Moana Blvd., #50089
Stop H-495 / Room 1-214
Honolulu, HI 96850
(808) 539-2870

## IDAHO
**Boise Office**
Taxpayer Advocate
550 West Fort St., Box 041
Boise, ID 83724
(208) 387-2827

## ILLINOIS
**Chicago Office**
Taxpayer Advocate
230 S. Dearborn St.
Room 2860 / Stop 1005-CHI
Chicago, IL 60604
(312) 566-3800

**Springfield Office**
Taxpayer Advocate
3101 Constitution Dr.
Stop 1005-SPD
Springfield, IL 62704
(217) 862-6382

## INDIANA
**Indianapolis Office**
Taxpayer Advocate
575 N. Pennsylvania St.
Room 581 / Stop TA770
Indianapolis, IN 46204
(317) 685-7840

## IOWA
**Des Moines Office**
Taxpayer Advocate
210 Walnut St., Room 483, Stop 1005-DSM
Des Moines, IA 50309
(515) 564-6888

## KANSAS
**Wichita Office**
Taxpayer Advocate
271 W. 3rd St., North
Stop 1005-WIC, Suite 2000
Wichita, KS 67202
(316) 352-7506

## KENTUCKY
**Louisville Office**
Taxpayer Advocate
600 MLK Jr. Place
Room 325
Louisville, KY 40202
(502) 582-6030

## LOUISIANA
**New Orleans Office**
Taxpayer Advocate
1555 Poydras St., Suite 220, Stop 2
New Orleans, LA 70112-3747
(504) 558-3001

## MAINE
**Augusta Office**
Taxpayer Advocate
68 Sewall St., Room 313
Augusta, ME 04330
(207) 622-8528

## MARYLAND
**Baltimore Office**
Taxpayer Advocate
31 Hopkins Plaza, Room 900
Baltimore, MD 21201
(410) 962-2082

## MASSACHUSETTS
**Boston Office**
Taxpayer Advocate
JKF Bldg, 15 New Sudbury St., Room 725
Boston, MA 02203
(617) 316-2690

## MICHIGAN
**Detroit Office**
Taxpayer Advocate
McNamara Federal Building
477 Michigan Ave., Room 1745, Stop 7
Detroit, MI 48226
(313) 628-3670

## MINNESOTA
**St. Paul Office**
Taxpayer Advocate
Wells Fargo Place
30 E. 7th St., Suite 817
Stop 1005 STP
St. Paul, MN 55101
(651) 312-7999

 **IRS**

| | Department of the Treasury **Internal Revenue Service** | Notice 1214 (Rev. 1-2007) Catalog Number 26162Z |

**MISSISSIPPI**
Jackson Office
Taxpayer Advocate
100 W. Capitol St., Stop 31
Jackson, MS 39269
(601) 292-4800

**MISSOURI**
St. Louis Office
Taxpayer Advocate
1222 Spruce Street,
Stop 1005-STL, Room 10-314
St. Louis, MO 63103
(314) 612-4610

**MONTANA**
Helena Office
Taxpayer Advocate
10 West 15th St., Suite 2319
Helena, MT 59626
(406) 441-1022

**NEBRASKA**
Omaha Office
Taxpayer Advocate
1313 Farnam St.
Stop 1005-OMA, Room 208
Omaha, NE 68102
(402) 221-4181

**NEVADA**
Las Vegas Office
Taxpayer Advocate
110 City Parkway
Stop 1005-LVG
Las Vegas, NV 89106
(702) 868-5179

**NEW HAMPSHIRE**
Portsmouth Office
Taxpayer Advocate
Thomas J. McIntyre Federal Bldg.
80 Daniel St., Room 403
Portsmouth, NH 03801
(603) 433-0571

**NEW JERSEY**
Springfield Office
Taxpayer Advocate
955 S. Springfield Ave., 1st Floor
Springfield, NJ 07081
(973) 921-4043

**NEW MEXICO**
Albuquerque Office
Taxpayer Advocate
5338 Montgomery Blvd. N.E.
Stop 1005 ALB
Albuquerque, NM 87109
(505) 837-5505

**NEW YORK**
Albany Office
Taxpayer Advocate
Leo O'Brien Federal Building
1 Clinton Square, Room 354
Albany, NY 12207
(518) 427-5413

Brooklyn Office
Taxpayer Advocate
10 Metro Tech Center
625 Fulton St.
Brooklyn, NY 11201
(718) 488-2080

Buffalo Office
Taxpayer Advocate
201 Como Park Blvd.
Buffalo, NY 14227-1416
(716) 686-4850

Manhattan Office
Taxpayer Advocate
290 Broadway, 5th Floor
New York, NY 10007
(212) 436-1011

**NORTH CAROLINA**
Greensboro Office
Taxpayer Advocate
320 Federal Place, Room 125
Greensboro, NC 27401
(336) 378-2180

**NORTH DAKOTA**
Fargo Office
Taxpayer Advocate
657 2nd Ave, N., Stop 1005 FAR
Fargo, ND 58102-4727
(701) 239-5141

**OHIO**
Cincinnati Office
Taxpayer Advocate
550 Main St., Room 3530
Cincinnati, OH 45202
(513) 263-3260

Cleveland Office
Taxpayer Advocate
1240 E. 9th St., Room 423
Cleveland, OH 44199
(216) 522-7134

**OKLAHOMA**
Oklahoma City Office
Taxpayer Advocate
55 N. Robinson, Stop 1005-OKC
Oklahoma City, OK 73102
(405) 297-4055

**OREGON**
Portland Office
Taxpayer Advocate
1220 S.W. 3rd Ave., Stop O-405
Portland, OR 97204
(503) 326-2333

**PENNSYLVANIA**
Philadelphia Office
Taxpayer Advocate
600 Arch St., Room 7426
Philadelphia, PA 19106
(215) 861-1304

Pittsburgh Office
Taxpayer Advocate
1000 Liberty Ave., Room 366
Pittsburgh, PA 15222
(412) 395-4769

**RHODE ISLAND**
Providence Office
Taxpayer Advocate
380 Westminster St.
Providence, RI 02903
(401) 525-4200

**SOUTH CAROLINA**
Columbia Office
Taxpayer Advocate
1835 Assembly St.
Room 466, MDP-03
Columbia, SC 29201
(803) 253-3029

**SOUTH DAKOTA**
Aberdeen Office
Taxpayer Advocate
115 4th Ave. Southeast
Stop 1005-ABE, Room 114
Aberdeen, SD 57401
(605) 226-7248

**TENNESSEE**
Nashville Office
Taxpayer Advocate
801 Broadway, Stop 22
Nashville, TN 37203
(615) 250-5000

**TEXAS**
Austin Office
Taxpayer Advocate
300 E. 8th St., Stop 1005-AUS
Austin, TX 78701
(512) 499-5875

Dallas Office
Taxpayer Advocate
1114 Commerce St
MC 1005DAL, Room 1004
Dallas, TX 75242
(214) 413-6500

Houston Office
Taxpayer Advocate
1919 Smith St., Stop 1005-HOU
Houston, TX 77002
(713) 209-3660

**UTAH**
Salt Lake City Office
Taxpayer Advocate
50 South 200 East, Stop 1005-SLC
Salt Lake City, UT 84111
(801) 799-6958

**VERMONT**
Burlington Office
Taxpayer Advocate
Courthouse Plaza
199 Main St.
Burlington, VT 05401-8309
(802) 859-1052

**VIRGINIA**
Richmond Office
Taxpayer Advocate
400 North 8th St., Room 916
Richmond, VA 23240
(804) 916-3501

**WASHINGTON**
Seattle Office
Taxpayer Advocate
915 2nd Ave., Stop W-405
Seattle, WA 98174
(206) 220-6037

**WEST VIRGINIA**
Parkersburg Office
Taxpayer Advocate
425 Juliana St., Room 3012
Parkersburg, WV 26101
(304) 420-8695

**WISCONSIN**
Milwaukee Office
Taxpayer Advocate
211 West Wisconsin Ave.
Room 507, Stop 1005 MIL
Milwaukee, WI 53203
(414) 231-2390

**WYOMING**
Cheyenne Office
Taxpayer Advocate
5353 Yellowstone Road
Cheyenne, WY 82009
(307) 633-0800

**TAXPAYERS LIVING
ABROAD OR IN U.S.
TERRITORIES**
International - Puerto Rico
Taxpayer Advocate
San Patricio Office Building
7 Tabonuco St.
Room 200
Guaynabo, PR, 00966
(787) 622-8930 (Spanish)
(787) 622-8940 (English)

**Campuses**
Andover
Taxpayer Advocate
310 Lowell St., Stop 120
Andover, MA 01810-9055
(978) 474-5549

Atlanta
Taxpayer Advocate
4800 Buford Hwy, Stop 29A
Chamblee, GA 30362
(770) 936-4500

Austin
Taxpayer Advocate
3651 S. Interregional Hwy, Stop 1005-AU
Austin, TX 78767
(512) 460-8300

Brookhaven
Taxpayer Advocate
1040 Waverly Ave, Stop 02
Holtsville, NY 11742
(631) 654-6686

Cincinnati
Taxpayer Advocate
201 Rivercenter Blvd., Stop 11-G
Covington, KY 41011
(859) 669-5316

Fresno
Taxpayer Advocate
5045 E. Butler Ave., Stop 1394
Fresno, CA 93888
(559) 442-6400

Kansas City
Taxpayer Advocate
333 W. Pershing
Stop 1005
Kansas City, MO 64108
(816) 291-9000

Memphis
Taxpayer Advocate
5333 Getwell Rd., Stop 13-M
Memphis, TN 38118
(901) 395-1900

Ogden
Taxpayer Advocate
1973 N. Rulon White Blvd.
Stop 1005
Ogden, UT 84404
(801) 620-7168

Philadelphia
Taxpayer Advocate
11601 Roosevelt Blvd., Stop SW-820
Philadelphia, PA 19154
(215) 516-2499

Apdnx-211

# United States Tax Court

Washington, DC 20217

HARVEY BIRDMAN & DIANE
BIRDMAN, ET AL.,

        Petitioners

        v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent

Docket Nos.  28897-10,
           5816-11,
           5817-11.

## <u>ORDER</u>

Before the Court are a motion for jury trial [Doc. 100[1]] and a motion for oral argument [Doc. 112], filed by petitioners Harvey Birdman and Diane Birdman.  We will deny the relief requested in each.

In their motion for jury trial, the Birdmans argue that the jury-trial right enshrined in the Seventh Amendment to the Constitution extends to Tax Court proceedings that involve fraud penalties, as here.  [Doc. 100 at 7–16.]  In support of this position, the Birdmans point to *Jarkesy v. SEC,* 34 F.4th 446, 453–57 (5th Cir. 2022), in which the U.S. Court of Appeals for the Fifth Circuit concluded that the jury-trial right applied to an SEC civil enforcement proceeding as such actions were analogous to traditional suits at common law to which the jury-trial right attached.  [*Id.* at 2–8.]

As the Fifth Circuit previously explained, however, "[s]ince there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States."  *Mathes v. Commissioner*, 576 F.2d 70, 71 (5th Cir. 1978), *aff'g* T.C. Memo. 1977-220.[2]  Thus, a "[p]etitioner has no right under the seventh amendment to the Constitution . . . to a trial by jury in the Tax Court."  *Swanson v. Commissioner*, 65 T.C. 1180, 1185 (1976); *see also, e.g.*, *Stephens v. Commissioner*, 565 F. App'x 795, 797 (11th

---

    [1] "Doc." references are to the filings in the lead case, Docket No. 28897-10, as numbered by the Clerk of this Court.

    [2] We note that the Fifth Circuit did not mention *Mathes* in its decision in *Jarkesy*, which strongly suggests that it did not intend to disturb its long-established holding that the jury-trial right does not apply to Tax Court proceedings.

**Served 10/11/22**

Apdnx-212

Cir. 2014); *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986); *Martin v. Commissioner*, 756 F.2d 38, 40 (6th Cir. 1985); *Funk v. Commissioner*, 687 F.2d 264, 266 (8th Cir.1982), *aff'g* T.C. Memo. 1981-506; *Olshausen v. Commissioner*, 273 F.2d 23, 27–28 (9th Cir. 1959), *aff'g* T.C. Memo. 1958-85. In short, Tax Court proceedings occupy wholly different ground than the enforcement action in *Jarkesy*, and that decision provides no support to revisit our consistent refrain (joined by the Courts of Appeals) that there is no right to a jury trial in the Tax Court.

Nor are we persuaded that a different result obtains because of the fraud penalty at issue. The Ninth Circuit has reflected on this point, determining that the existence of penalties in a Tax Court proceeding does not implicate the jury-trial right. *See Olshausen v. Commissioner*, 273 F.3d at 28.

> We have under consideration in the instant case a proceeding provided for by statute to test the validity of a penalty assessed pursuant to that statute. No such action existed at common law, and, therefore, no jury trial is required by the Seventh Amendment.

*Id.* We will accordingly deny the Birdmans' motion for jury trial.[3] Finding the law settled on this point, we see no need for oral argument and will deny that motion as well. It is therefore

ORDERED that petitioners' motion for jury trial, filed May 27, 2022, is denied. It is further

ORDERED that petitioners' motion for oral argument, filed August 18, 2022, is denied.

**(Signed) Patrick J. Urda**
**Judge**

---

[3] Of course, the Birdmans have the option to pay the deficiency asserted by the IRS and sue for a refund in federal district court, which would have entitled them to elect trial by jury. *See* 28 U.S.C. §§ 1346(a)(1) and 2402. Any deprivation of the jury-trial right "was due to his own act." *Swanson*, 65 T.C. at 1181; *Mathes v. Commissioner*, 576 F.2d at 71.

Received
07/09/24 03:35 pm

Filed
07/09/24

Harvey Birdman & Diane Birdman, et al.,

     Petitioners

     v.

Commissioner of Internal Revenue

     Respondent

Electronically Filed

Docket No. 28897-10 Document No. 168
Docket No. 5816-11 Document No. 164
Docket No. 5817-11 Document No. 164

# Motion for Reconsideration of Order

It is ORDERED as follows:

This motion is **DENIED**

---

**(Signed) Patrick J. Urda
Judge**

**Served 12/20/24**

Apdnx-214